UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

URSULA MILDE,                          :
              Plaintiff,                           CIVIL ACTION NO.
                                       :           3:00 CV 2423 (AVC)

3:00cv2423 (AVC). February 10, 2004. This is an action for damages and equitable relief alleging gender discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, among others. The plaintiff now moves to compel a non-party and chairperson of the Greenwich board of commissioners, Sue McClenachan, to testify at deposition concerning the board of commissioners' contracts and severance agreements with the defendant, Benjamin Little, and to disclose matters discussed in an executive session of the Greenwich board of commissioners concerning Little's employment. One day prior to Little's first deposition in this case, Little suddenly resigned from his position purportedly for medical reasons. The plaintiff seeks information concerning Little's resignation, and whether Little's resignation was actually an involuntary termination based on Little's poor performance, insubordination, and discriminatory conduct toward the plaintiff when he terminated her employment. In the plaintiff's view, such evidence would be relevant to her employment discrimination case because, if she "can demonstrate the defendant Little's actions in terminating her employment violated his own employment agreement, then she can establish pretext for discrimination based on age, gender, . . ." At McClenachan's deposition, counsel for the defendants instructed McClenachan not to answer questions concerning the board of commissioners' contracts and severance agreements with Little, or to disclose matters discussed in an executive session of the Greenwich board of commissioners. The plaintiff also seeks an order authorizing a new deposition of Little concerning his employment agreement, severance agreement, and the basis for his sudden resignation one day before his deposition concluded. Having reviewed the submissions of counsel, the court is persuaded that the contracts and severance agreements at issue are confidential materials. In order to gain access to such materials, the plaintiff must show that the requested information is sufficiently relevant and necessary to her case so as to outweigh any harm caused by disclosure. Centillion Data Systems, Inc v. Ameritech Corp., 193 F.R.D. 550 (S.D. Ind. 1999). Because the documents at issue may speak to Little's job performance and, in particular, misconduct involving the plaintiff, the court concludes that the plaintiff has demonstrated relevance. Further, the plaintiff has establish necessity. Accordingly, the court shall order disclosure. In order to avoid any harm, the court orders McClenachan and the board to furnish the information pursuant to the protective order in place. The court further orders that depositions be resumed on these issues at the Federal Building in Hartford prior to February 27, 2004. The motions to compel McClenachan and Little's deposition testimony and to disclose confidential materials are therefore GRANTED.
SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.