UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| URSULA MILDE, | X | CIV NO. 3:00CV2423(AVC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| THE HOUSING AUTHORITY OF | ) | |
| THE TOWN OF GREENWICH; THE | ) | |
| HOUSING AUTHORITY OF THE | ) | |
| TOWN OF GREENWICH BOARD | ) | |
| OF COMMISSIONERS; and | ) | |
| BENJAMIN LITTLE, CEO, | ) | JANUARY 16, 2003 |
| Defendants. | ) | |
| | X | |

## REVISED SIXTH AMENDED COMPLAINT

Ursula Milde (hereinafter referred to as "Milde"), by and through counsel, Carey & Associates, P.C., files this Revised Sixth Amended Complaint against the following Defendants: the Housing Authority of the Town of Greenwich, the Board of Commissioners for the Housing Authority of the Town of Greenwich, and Mr. Benjamin Little, Chief Executive Officer of the Housing Authority (hereinafter collectively referred to as the "Defendants", or individually as "Defendant Housing Authority", "Defendant Board of Commissioners" and "Little").

**I.    PRELIMINARY STATEMENT**

1.    This is Milde's Sixth Amended Complaint for violations of:

(1) Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII"), 42 U.S.C. Sec. 2000e et seq.; (2) Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq.; (3) 42 U.S.C. § 1983 for a violation of freedom of speech; and (4) a violation of Connecticut's Fair Employment Practices Act §46(a) et.seq. of the Connecticut General

Statutes. (FEPA).

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction of this case pursuant to: 28 U.S.C. §§ 451, 1331, 42 U.S.C. § 2000e et.seq., 42 U.S.C. § 1983 and 29 U.S.C. § 623 et.seq. This action is authorized and instituted pursuant to 42 U.S.C. § 1981a. Pendent jurisdiction is invoked pursuant to 28 U.S.C. § 1367. All administrative prerequisites have been satisfied. (See Exhibit A and B, attached hereto.)

3.    Venue is proper in the District of Connecticut under 28 U.S.C. § 1391.

## III.    PARTIES

4.    Milde currently resides at 257 Cherry Street, in Katonah, New York.

5.    The Defendants are located at 249 Milbank Avenue, Greenwich, Connecticut and operate the Parsonage Cottage for Senior Residents (PCSR) located at 88 Parsonage Road, Greenwich, Connecticut. The Defendants are state actors.

## IV.    STATEMENT OF FACTS

6.    Milde was hired by the Defendants on September 30, 1996 as the Administrator of PCSR. Her duties included, among others, writing all policies and procedures, job descriptions, contract negotiations and hiring and training of staff. Her immediate supervisor at the beginning of her employment was Thomas Crawford.

7.    Milde was at the time of her employment 60 years old female, and as such she is a member of protected classifications under the ADEA, Title VII and FEPA.

8.    During her tenure of employment and prior to May 30, 2000, Milde performed all of her job duties without a negative performance review.

2

9. Mr. Crawford retired as Executive Director of the Defendant Housing Authority in the spring of 1999. He was replaced by the Defendant Little, who reported to the Defendant Board of Commissioners, the governing body for the Housing Authority, which in turn reported to the Town of Greenwich Board of Selectman.

10. Under the state licensing requirements for a facility for the aged, Milde had the direct responsibility of ensuring complete compliance with all state and federal regulations. As part of the regulations, the PCSR was required to provide recreational services to its clients. The original plan approved by the Board of Commissioners for the facility was to hire a recreation coordinator. Milde wrote the job description for the position, which was approved by the Defendants. She later changed the description to meet the requirements of the job, in lieu of a lack of response to the job posting previously approved of by Mr. Crawford and the Defendants.

11. Ultimately, the Defendants outsourced the recreation services to a private company, CCI. Throughout Milde's tenure of employment, she continuously evaluated the recreation services provided by CCI. Her evaluations lead her to conclude that CCI was not providing recreation services as required by contract and state law. Accordingly, she advised the defendants of this fact and requested authority to hire a new contractor.

12. On May 23, 2000, Milde complained to the Defendant Board of Commissioners, during an open public meeting, about the need for a recreation coordinator for the PCSR residents.

13. On May 23, 2000 and again on May 26, 2000, Milde was interviewed by the Greenwich Times regarding the lack of recreation services at PCSR. In those interviews,

3

she expressed criticism of the defendants for the manner in which recreation services were provided to PCSR residents.

14. On May 30, 2000, Little delivered a false, misleading and adverse disciplinary report and reprimand to Milde. Such report was not prepared by Little, but through a consultant, CFI Associates. This negative performance review threatened Milde with termination. On information and belief, Little's adverse employment action was taken on account of Milde's age, gender and freedom of speech, in the manner in which she performed her job.

15. On June 7, 2000 Little delivered a written letter to Milde demanding that she make a written apology to the Board of Commissioners demanding that she apologize, which stated in pertinent part: "[f]rom our discussion on Friday, June 2, 2000, of your behavior and actions at the board meeting on Monday, May 22, 2000, you are hereby directed to write a written apology to the Chairperson, Sue McClenahan and to the remaining board members for your actions. I expect this type of behavior will not happen again." Little wrote a similar letter on June 21, 2000. Both letters were in fact letters of reprimand, and each constituted an adverse employment action.

16. On June 26, 2000, Milde delivered a letter of complaint to the Defendant Board of Commissioners regarding the "apology" issue. In such letter, Milde refused to apologize about exercising her first amendment right to freedom of speech regarding a matter of vital public concern.

17. At all relevant times in question and on information and belief, Little made false accusations to the Defendant Board of Commissioners regarding Milde's performance and operation of the facility. On information and belief, such adverse

4

actions were motivated by Little's discriminatory gender and age bias, and in retaliation for Milde's exercise of her first amendment rights.

18. At all relevant times in question and on information and belief, Little took Milde's gender into account when making decisions regarding the terms, conditions and privileges of her employment. For example, the Defendants employed at least four other senior managers who were all male, and all on the same level as Milde. On information and belief, each male manager was regularly asked to report on their activities during the Board of Commissioners' meetings. However, Little prevented Milde from providing information directly to the Defendant Board of Commissioners. Further, Milde was denied payment for all "comp time" she had accrued while working for the Defendants. The Defendants continued to pay comp time to other male managers working for the Defendants. Still further, Milde was the only manager under Little's supervision who was the subject of false accusations provided by Little to the Board of Commissioners.

19. On September 8, 2000, the Defendant Housing Authority terminated Milde.

20. On information and belief, after Milde was terminated, she was replaced by a temporary employee to administer the PCSR. Thereafter, the Defendants hired a full-time administrator who was below the age of forty (40).

21. On September 11, 2000, Milde delivered a letter to Little requesting reinstatement to her former position, which request was denied by Little

5

## V.     COUNT ONE: TITLE VII GENDER DISCRIMINATION

22. Paragraphs 1-21 are incorporated herein by reference the same as if fully pleaded in this First Count.

23. As previously set forth in this complaint, Milde was a female employee of the Defendants.

24. Milde was discriminated against in the terms, conditions and privileges of her employment on account of her gender, in that she was denied the opportunity to address the Board of Commissioners; she was denied "comp time" extended to male employees: she was subject to false disciplinary reports by Little, who did not subject male employees to the same such treatment; and she was reprimanded, disciplined and discharged on account of her gender.

25. The Defendants, but not including Defendant Little, should be held liable for discrimination against Milde on account of her gender, in violation of Title VII.

## VI.     COUNT TWO: AGE DISCRIMINATION

26. Paragraphs 1-25 are incorporated herein by reference the same as if fully pleaded in this Second Count.

27. Milde, age 60 at the time of her termination, was at all relevant times in question a highly qualified and respected management employee of the Defendants.

28. Milde was subject to adverse employment actions as described herein, including termination on September 8, 2000.

29. Milde was replaced by a younger, less qualified employee after she was terminated.

6

30. The Defendants, but not including Defendant Little, should be held liable for discriminating against Milde on account of her age, in violation of the ADEA.

## VII.    COUNT THREE: TITLE VII AND ADEA RETALIATION CLAIMS

31. Paragraphs 1-30 are incorporated herein by reference the same as if fully pleaded in this Third Count.

32. Milde filed her charge of employment discrimination with the EEOC on or about July 25, 2000. The Defendant Housing Authority was provided with sufficient notice of the charge that same day by facsimile.

33. On September 6, 2000, Milde attended a due process hearing (disciplinary hearing) conducted by Little.

34. On September 8, 2000, the Defendant Housing Authority through Little wrongfully terminated Milde's employment. These adverse employment actions were taken in direct response to her charge of employment discrimination filed with the EEOC.

## VIII.    COUNT FOUR: SECTION 1983 CLAIM FOR VIOLATION OF MILDE'S FIRST AMENDMENT RIGHTS

35. Paragraphs 1-34 are incorporated herein by reference the same as if fully pleaded in this Fourth Count.

36. At all times relevant hereto, the Defendants acted under color of state law, both collectively and individually.

37. When Milde complained to Little about the state licensing necessity for a recreation coordinator to provide recreation services for the PCSR residents, she was speaking on a matter of vital public concern.

38. On May 23, 2000, Milde complained to the Defendant Board of

7

Commissioners, during an open public meeting, about the need for a recreation coordinator for the PCSR residents. As such, she was engaged in speech concerning a matter of vital public concern.

39. On May 23, 2000, and again on May 26, 2000, Milde was interviewed by the Greenwich Times regarding the lack of recreation services at PCSR and she expressed her views on the subject.

40. On June 7 and 21, 2000, Little ordered Milde to write a written apology to Chairperson, Sue McClenahan and to the remaining board members for her comments about the recreation coordinator position. The June 7 and 21, 2000 letters were in fact letters of reprimand.

41. On May 30, 2000, Little issued a memo to Milde entitled that again prohibited Milde from publicly speaking about the recreation coordinator position.

42. The Defendants' maintained a blanket policy on prior approval of speech that restricted expression by a large number of potential speakers, including plaintiff. The policy stated in pertinent part:

"[t]he Media/Public Relations Policy goal is to enhance the image and public perception of the Housing Authority of the Town of Greenwich ("HATG" hereafter), its programs and residents. It is the responsibility of all HATG's staff and Commissioners to implement this policy... It is the policy of HATG that, before any contact is made with the media on information, data and/or HATG policies that affect the above strategies, there must be communication with Commissioners and appropriate Staff. This can be accomplished through Board Committees, via telephone and FAX if necessary." (HATG and Site Development Agency Administrative Policies, Resolution #87, Adopted April 2, 1988, revised February 1993).

43. The defendants reprimanded, retaliated and discharged Milde, and their substantial motivation for so doing was the Plaintiff's engagement in protected speech.

8

44. The Defendants, including Defendant Little, should be held liable for violating Ms. Milde's constitutional right to freedom of speech and her right to be free from retaliation for engaging in such a protective activity.

IX. **COUNT FIVE: VIOLATION OF CONNECTICUT'S FAIR EMPLOYMENT PRACTICES ACT (FEPA)**

45. Paragraphs 1-44 are incorporated herein by reference the same as if fully pleaded in this Fifth Count.

46. Milde experienced unlawful employment actions, at the hands of the Defendants, not including Defendant Little, which violated Connecticut General Statutes § 46a et.seq., specifically for retaliation and discrimination based on Milde's age and gender.

47. The Defendants should be held liable for its violation of Milde's employment rights under FEPA.

**WHEREFORE:** Milde respectfully requests relief in the form of the following:

1. Compensatory (front and back pay), punitive and liquidated damages for all claims asserted herein;

2. Declaratory relief that the Defendants discriminated against her in the terms, conditions and privileges of her employment on account of her gender, age, and protected activity;

3. Enjoin the Defendants and reinstate Milde to her former position;

4. Declaratory relief that the Defendants violated Milde's right to freedom of speech;

5.  Declaratory relief that the Defendants retaliated against Milde for engaging in protective activities (i.e. protesting age, gender, and free speech violations);

6.  Declaratory relief that the Defendants violated Milde's employment rights under FEPA;

7.  Award attorneys' fees, interests and costs;

8.  Award such other and further relief in law or in equity as this Court may deem appropriate, including pre-judgment and post-judgment interest.

## JURY TRIAL DEMANDED

Milde respectfully requests a jury trial on all questions of fact and law raised by this complaint.

URSULA MILDE,
PLAINTIFF,

By: _____
Mark P. Carey (ct 17828)
Carey & Associates, P.C.
Attorneys At Law
71 Old Post Road, Suite One
Southport, CT 06490
(203) 255-4150 tel.
(203) 255-0380 fax.
Mcareyesq@MPCAssoc.com

Her Attorney

10

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that the foregoing Revised Sixth Amended Complaint was delivered by first class mail, postage prepaid, this the 16th day of January, 2003 to:

Francis P. Alvarez.
Jackson, Lewis LLP
One North Broadway
White Plains, NY 10601

David P. Powilatis
Jackson, Lewis LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251

Mark P. Carey

11

# DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Ursula Milde
c/o Mark P. Carey, Esc.
205 Main Street
Westport, CT 06880

From: Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Bldg., Room 475
Boston, MA 02203

[ ]    On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 1-A0-0611 | Rance A. O'Quinn, Supervisor | 617-565-3192 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders, Area Director

(Date Mailed)

Enclosure(s)

Respondent:

RECEIVED

OCT 16 2000

RECEIVED

OCT 19 2000

MARK P. CAREY
ATTORNEY AT LAW

COMMISSION ᴏ HUMAN RIGHTS AND OPPᴏRTUNITIES

FORM 500(3)

RELEASE OF JURISDICTION



MARK P. CAREY
ATTORNEY AT LAW

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, ex rel.

Date: June 11, 2001

Ursula Milde
Complainant

vs.

Housing Authority of the
Town of Greenwich
Respondent

CCHRO CASE NO.: 0120182
EEOC CASE NO.: N/A

RELEASE OF JURISDICTION

Pursuant to Complainant's and/or Complainant's attorney(s) request dated June 4, 2001 the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint in accordance with Section 46a-101 of the Connecticut General Statutes. Also, in accordance with Section 46a-102, C.G.S. Complainant is hereby authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

In granting this release, the Commission expressly finds, in accordance with Sections 46a-100 and 46a-101(b) of the C.G.S., that all conditions precedent to the issuance of the release of jurisdiction have been complied with inasmuch as: (a) the complaint was timely filed within 180 days from the date of alleged incident, in accordance with 46a-82 of the C.G.S.; (b) the complaint alleges a violation under 46a-60 C.G.S.; and (c) the complaint has been pending for a period of not less than 210 days, inasmuch as it was filed on November 8, 2000 and is still pending on June 11, 2001 a period in excess of two hundred and ten (210) days.

Rev. 5/29/98

- 2 -

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from June 4, 2001, the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission.  Upon commencing the Superior Court action, the Complainant, or his/her attorney, shall serve a copy of the complaint on the Commission for the purpose of providing legal notice.  However, in accordance with 46a-103, of C.G.S., service of the complaint on the Commission does not make it a necessary party although the Commission may opt to intervene.

The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

Cynthia Watts Elder
Executive Director

By: _____
Donald E. Newton
Chief of Field Operations Designee

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this 11th day of June, 2001.

cc:  Complainant: Ursula Milde
     Complainant's Attorney:  Attorney Mark P. Carey
     Receipt for Certified Mail 7099 3400 0009 0404 2854
     Respondent(s): Housing Authority of the Town of Greenwich
                     Lillian Lavton, Consultech, Stamford, CT
     Respondent's Attorney: Ruth J. Olivo, Legal Assistant
     Regional Manager: Tanya A. Hughes, Regional Manager,
        Southwest Regional Office

Rev. 5/29/98