UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

03 FEB -5 P 2 52

URSULA MILDE,

    Plaintiff

v.

THE TOWN OF GREENWICH;
HOUSING AUTHORITY OF THE
TOWN OF GREENWICH;
THE HOUSING AUTHORITY OF THE
TOWN OF GREENWICH BOARD OF
COMMISSIONERS; and
BENJAMIN LITTLE, CEO,

    Defendants.

CIV NO. 3:00CV2423 (AVC)

February 5, 2003

## DEFENDANT BENJAMIN LITTLE'S ANSWER TO REVISED SIXTH AMENDED COMPLAINT

Defendant Benjamin Little ("Defendant Little"), by and through his attorneys, Jackson Lewis LLP, for his Answer to the Revised Sixth Complaint dated January 16, 2003 ("the Complaint"), herein states as follows:

1. Denies the allegations in Paragraph 1 but admits that Plaintiff claims violations of the statutes referenced in Paragraph 1.

2. Denies the allegations in Paragraph 2 that all administrative prerequisites have been satisfied but admits that this Court has subject matter jurisdiction over the claims alleged.

3. Denies the allegations in Paragraph 3 but admits that venue is proper.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Denies the allegations in the first sentence of Paragraph 5 but admits that Defendant Housing Authority is located at 249 Milbank Avenue, Greenwich, Connecticut and operates the Parsonage Cottage for Senior Residents (PCSR) located at 88 Parsonage Road, Greenwich, Connecticut. Denies the allegations in the second sentence of Paragraph 5 at least in so far as it relates to Plaintiff's employment with Defendant Housing Authority.

6. Denies the allegations in Paragraph 6 but admits that Plaintiff was hired by Defendant Housing Authority on September 30, 1996 as Administrator of PCSR.

7. Admits the allegations in Paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Denies the allegations in Paragraph 8 but admits that Mr. Crawford retired as Executive Director of the Defendant Housing Authority in April 1999, was replaced by Defendant Little who was selected by the Board.

10. Denies the allegations in the first two sentences in Paragraph 10 but admits that PCSR is required to provide recreational services to

2

its clients. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 but admits that Defendant Housing Authority contracted with CCI to provide the recreational services for PCSR.

12. Denies the allegations in Paragraph 12 but admits that on May 22, 2000, Plaintiff appeared at a public meeting before the Defendant Board to discuss the recreation coordinator position.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 but admits that The Greenwich Time published articles quoting Plaintiff on May 23, 2000 and May 26, 2000 and the comments attributed to her expressed criticism of the manner in which recreation services were provided to PCSR residents.

14. Denies the allegations in Paragraph 14 but admits that Defendant Little provided Plaintiff two memos dated May 30, 2000 that gave Plaintiff 90 days to improve her performance and that failure to improve her performance and/or follow directives would result in further disciplinary action.

3

15. Denies the allegations in Paragraph 15 but admits that Defendant Little provided Plaintiff the June 7, 2000 memo a portion of which is quoted in Paragraph 15 and that Defendant Little also provided Plaintiff another memo dated June 21, 2000.

16. Denies the allegations in Paragraph 16 but admits that Plaintiff provided the Defendant Board with a letter dated June 26, 2000 stating that she refused to apologize to the Board.

17. Denies the allegations in Paragraph 17.

18. Denies each and every allegation in Paragraph 18 to the extent they are alleging that any of the actions referenced were taken because of Plaintiff's gender.

19. Admits the allegations in Paragraph 19.

20. Admits the allegations in the first sentence of Paragraph 20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 20.

21. Admits the allegations in Paragraph 21.

## COUNT ONE: TITLE VII GENDER DISCRIMINATION

22. Defendant Little incorporates his answers to Paragraphs 1 to 21 as his answer to Paragraph 22.

23. Admits the allegations in Paragraph 23.

4

24. Denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25.

## COUNT TWO: AGE DISCRIMINATION

26. Defendant Little incorporates his answers to Paragraphs 1 to 25 as his answers to Paragraph 26.

27. Denies the allegations in Paragraph 27 but admits that Plaintiff was age 60 at the time her employment with Defendant Housing Authority was terminated.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 but admits that Plaintiff's employment with Defendant Housing Authority was terminated on September 8, 2000.

29. Denies the allegations in Paragraph 29.

30. Denies the allegations in Paragraph 30.

## COUNT THREE: TITLE VII AND ADEA RETALIATION CLAIMS

31. Defendant Little incorporates his answers to Paragraphs 1 to 30 as his answers to Paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

5

33. Denies the allegations in Paragraph 33 but admits that on September 6, 2000, Plaintiff attended a disciplinary hearing and Defendant Little was responsible for overseeing and directing the meeting.

34. Denies the allegations in Paragraph 34.

## COUNT FOUR: SECTION 1983 CLAIM FOR VIOLATION OF MILDE'S FIRST AMENDMENT RIGHTS

35. Defendant Little incorporates his answers to Paragraphs 1 to 34 as his answers to Paragraph 35.

36. Denies the allegations in Paragraph 36 as they are legal assertions to which Defendant Little leaves Plaintiff to her proof.

37. Denies the allegations in Paragraph 37.

38. Denies the allegations in Paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 but admits that The Greenwich Time published articles quoting Plaintiff on May 23, 2000 and May 26, 2000 regarding recreation services at PCSR.

40. Denies the allegations in Paragraph 40 but admits that on June 7 and 21, 2000, Defendant Little directed Plaintiff to provide Defendant Board a written apology for her behavior and actions at the Board meeting on May 22, 2000.

6

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Denies the allegations in Paragraph 42 but admits Defendant Housing Authority maintained the policy quoted in Paragraph 42.

43. Denies the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44.

**COUNT FIVE: VIOLATION OF CONNECTICUT'S FAIR EMPLOYMENT PRACTICES ACT (FEPA)**

45. Defendant Little incorporates his answers to Paragraphs 1 to 44 as his answers to Paragraph 45.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47.

**AFFIRMATIVE DEFENSES**

48. The Complaint, in whole or part, fails to state a claim upon which relief may be granted.

49. Defendant Little is entitled to qualified immunity insofar as his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

7

50. Plaintiff's claims fail, in whole or part, because she did not engage in speech which involved a matter of public concern.

51. Plaintiff's claims fail, in whole or part, because Defendants' actions against Plaintiff were not taken under color of state law.

52. Plaintiff's claims fail, in whole or part, because the actions Plaintiff complains of were not adverse employment actions.

53. Plaintiff's claims fail, in whole or in part, because, even if Plaintiff could prove that her protected speech was a factor in any employment decision, which it was not, Defendant(s) would have made the same decisions with respect to Plaintiff's employment in the absence of such allegedly protected speech.

54. Plaintiff has failed to mitigate her damages, if any.

55. Plaintiff's claim for punitive damages fail because Defendants did not engage in a discriminatory practice or practices with malice or with reckless indifference to Plaintiff's federally protected rights.

56. Plaintiff's claims are barred, in part, by the statute of limitations.

8

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety, with prejudice;

b. Deny each and every demand for relief set forth in the Complaint;

c. Award Defendant reasonable attorneys' fees and costs; and

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANT BENJAMIN LITTLE

By: _____
Francis P. Alvarez (CT 10350)
alvarezf@jacksonlewis.com
JACKSON LEWIS LLP
One North Broadway
White Plains, New York 10601
Phone: (914) 514-6149
Fax: (914) 328-1882

David P. Powilatis (CT 21766)
powilatd@jacksonlewis.com
JACKSON LEWIS LLP
177 Broad Street, P.O. Box 251
Stamford, CT 06904-0251
Phone: (203) 961-0404
Fax: (203) 324-4704
His Attorneys

9

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 5th day of February, 2003, to counsel of record listed below:

Mark P. Carey, Esq.
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890

_____
Francis P. Alvarez

10