

## Parsonage Cottage Senior Residence

### MEMORANDUM

TO:     Benjamin W. Little, CEO – HATG
FROM:   Ursula Milde, Administrator – PCSR  *U. Milde*
RE:     Response to Memorandum dated July 6, 2000
DATE:   July 7, 2000

1. The memorandum I brought with me to the meeting could not have been presented to you or Barbara Nolan " days before the meeting ", since the notice about the meeting was only faxed to PCSR on Monday (7/3/00) late afternoon. I was also out sick that day. The next day was a holiday, at which neither you nor B. Nolan were available. Since I carried out recreational programs on the Fourth of July at PCSR, I had only one day to prepare for this meeting, together with all my other responsibilities. I therefore did not even have time to finish the memo, until the morning of the meeting. However I felt it necessary to make you and Barbara Nolan aware of some of the important issues which must be taken into consideration when developing a schedule of recreational activities for PCSR, as well as point out what must be changed in the contract, to meet the requirements we have through our license. If you had consulted me when developing the contract, and if CCI and you had accepted my previous verbal explanations why the proposed schedule did not work for us, none of this would have been necessary. Therefore, I hoped that outlining it in writing would help focus us, as indeed it did.

2. As for the second issue, you must know that Mr. Romeo is the state appointed ombudsman for PCSR. That means he functions as an advocate for residents, ensuring that their rights are upheld. He has attended a number of community meetings, has participated in a care plan meeting on the invitation of a resident, (in the absence of available family), has spent time with residents individually, and has been a dedicated and caring advocate for the residents at PCSR, fulfilling his role as ombudsman very ably.

3. More recently Mr. Romeo has been concerned about the availability of recreational services at PCSR based on his observations, his conversations with residents, and the newspaper articles. As you know, he attended last week's community meeting and he had asked me about the outcome of the decision whether to hire a recreation coordinator, or contract for these services. I introduced him to Andee Cantavero, but the schedule did not show any new programs. He told me that he has not yet opened a case file on this matter, but he indicated that if progress is not made, he would be forced to take it to the next level, in order to ensure that the recreational needs of the residents at PCSR are served. Under our mandate, as you know, recreational programming constitutes a basic right for residents in licensed homes, since it impacts the quality of their lives and influences their mental and emotional well being.

You certainly understand that the state appointed ombudsman has a right to request any pieces of documentation concerning residents' rights, and I, as the administrator, have an obligation to submit those. However, with the exception of the latest memorandum, which I copied to him, to show some progress in the matter, he has not yet seen other documentation.

4. As the administrator of PCSR I have demonstrated throughout my tenure that the welfare of residents and the operation are of primary concern to me. I have nothing to hide in the way I carried out my responsibilities or in what I have documented. Neither should you. As I stated before, PCSR is well regarded by residents, their families, professionals in the community, the CT State Ombudsman's office, the Department of Social Services, as well as the Health Department, which licenses us.
   I think we should keep it that way.

JLSK 0088