UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**ORIGINAL**

| | |
|---|---|
| URSULA MILDE, | : |
| Plaintiff | :     CIV NO. 3:00CV2423 (AVC) |
| | : |
| v. | : |
| | : |
| THE TOWN OF GREENWICH; | : |
| HOUSING AUTHORITY OF THE | : |
| TOWN OF GREENWICH; | : |
| THE HOUSING AUTHORITY OF THE | : |
| TOWN OF GREENWICH BOARD OF | : |
| COMMISSIONERS; and | :     June 18, 2004 |
| BENJAMIN LITTLE, CEO, | : |
| | : |
| Defendants. | : |



## DEFENDANTS' LOCAL RULE 56 (a)(2) STATEMENT AND RESPONSE TO PLAINTIFF'S LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED FACTS

A.    **Defendants' Local Rule 56(a)(2) Statement**

The following facts and/or mixed questions of law and fact are disputed and, given the absence of direct evidence of discrimination, preclude the granting of summary judgment in favor of Plaintiff:

1.    Whether Defendants ever considered Ursula Milde's gender when making any adverse decisions concerning her employment. (Little Tr. 281:4-6).

2.    Whether Defendants ever considered Ursula Milde's age when making any adverse decisions concerning her employment. (Little Tr. 281:7-10).

3.    Whether Defendants ever considered Ursula Milde's right or entitlement to protected free speech when making any adverse decisions concerning her employment. (Little Tr. 281:15-18).

4.    Whether Defendants ever considered Ursula Milde's participation in any protected activity, including but not limited to protests about protected free

speech, when making any adverse decisions concerning her employment. (Little Tr. 281:23-282:3).

5.    Whether Benjamin Little felt intimidated or threatened by older, more competent females? (Little Tr. 283:2-7).

**B.    Defendants' Response to Milde's Local Rule 56(a)(1) Statement[1]**

Milde interposes 386 allegedly undisputed facts in support of her motion for summary judgment. However, in opposition to *Defendants'* motion for summary judgment, Milde asserts that these very same 386 statements are "material facts that are in dispute." See Pl.'s Fed. R. Civ. P. 56(c) statement dated June 14, 2004. On the basis of this statement alone, and solely for purposes of responding to Milde's Local Rule 56(a)(1) statement, **Defendants deny each of Plaintiff's 386 statements of undisputed fact.**

However, in an effort to crystallize the factual and legal inadequacy of Plaintiff's claims, and to be of assistance to the Court as it evaluates whether a trial is needed in this case, Defendants have, for purposes of this motion only, provided further substantive responses to Plaintiff's Local Rule 56(a)(1) statement including, in some instances, averring that many statements are undisputed for purposes of this motion only. Defendants reserve the right to challenge the accuracy or admissibility of these factual allegations if a trial is deemed necessary in this action or the Court otherwise orders a more complete response.[2] In this context, and for purposes of this motion only, Defendants respond further as follows:

1.    Admit.

---

[1]    Milde refers to her statement as "Plaintiff's Fed. R. Civ. P. 56(c) and Local Civil Rule 9(c)(1) Statement in Support of Motion for Summary Judgment." We have referred to it throughout as Plaintiff's Local Rule 56(a)(1) statement to mirror the changes in the Local Civil Rules.

[2]    There are many other bases for disputing or opposing many of Plaintiff's 386 allegations. Defendants could cite to transcript testimony and/or prepare affidavits to dispute these factual assertions; Defendants could point out the fact that the allegations are conclusory, argumentative, and not presented to this Court in the form of admissible evidence; Defendants also could dispute whether deposition testimony of individuals such as Milde, Russell Kemp, Tom Crawford, Nancy Wisecup, and Sue McClenachan are party "admissions" (as they are framed in many paragraphs). Doing so, however, would require countless hours and be a pointless exercise given their patently immaterial nature.

2.    Admit.

3.    Admit.

4.    Admit.

5.    Deny.  (Little Tr. 281:4-282:7).

6.    Admit.

7.    Admit.

8.    Admit.

9.    Admit.

10.    Admit.

11.    Admit.

12.    Admit.

13.    Admit.

14.    Admit.

15.    Admit.

16.    Admit.

17.    Admit.

18.    Admit.

19.    Aver that this statement is undisputed for purposes of this motion.

20.    Aver that this statement is undisputed for purposes of this motion.

21.    Aver that this statement is undisputed for purposes of this motion.

22.    Aver that this statement is undisputed for purposes of this motion.

23.    Aver that this statement is undisputed for purposes of this motion.

24.    Aver that this statement is undisputed for purposes of this motion.

25.    Aver that this statement is undisputed for purposes of this motion.

26.    Aver that this statement is undisputed for purposes of this motion.

27.    Admit.

28.    Aver that this statement is undisputed for purposes of this motion.

29.    Aver that this statement is undisputed for purposes of this motion.

30.    Admit.

31.    Admit.

32.    Aver that this statement is undisputed for purposes of this motion.

33.    Aver that this statement is undisputed for purposes of this motion.

34.    Aver that this statement is undisputed for purposes of this motion.

35.    Aver that this statement is undisputed for purposes of this motion.

36.    Aver that this statement is undisputed for purposes of this motion.

37.    Aver that this statement is undisputed for purposes of this motion.

38.    Aver that this statement is undisputed for purposes of this motion.

39.    Aver that this statement is undisputed for purposes of this motion.

40.    Aver that this statement is undisputed for purposes of this motion.

41.    Aver that this statement is undisputed for purposes of this motion.

42.    Aver that this statement is undisputed for purposes of this motion.

43.    Aver that this statement is undisputed for purposes of this motion.

44.    Aver that this statement is undisputed for purposes of this motion.

45.    Aver that this statement is undisputed for purposes of this motion.

46.    Aver that this statement is undisputed for purposes of this motion.

47.    Aver that this statement is undisputed for purposes of this motion.

48.  Aver that this statement is undisputed for purposes of this motion.

49.  Aver that this statement is undisputed for purposes of this motion.

50.  Aver that this statement is undisputed for purposes of this motion.

51.  Aver that this statement is undisputed for purposes of this motion.

52.  Admit.

53.  Aver that this statement is undisputed for purposes of this motion.

54.  Aver that this statement is undisputed for purposes of this motion.

55.  Aver that this statement is undisputed for purposes of this motion.

56.  Aver that this statement is undisputed for purposes of this motion.

57.  Aver that this statement is undisputed for purposes of this motion.

58.  Aver that this statement is undisputed for purposes of this motion.

59.  Aver that this statement is undisputed for purposes of this motion.

60.  Aver that this statement is undisputed for purposes of this motion.

61.  Aver that this statement is undisputed for purposes of this motion.

62.  Aver that this statement is undisputed for purposes of this motion.

63.  Aver that this statement is undisputed for purposes of this motion.

64.  Aver that this statement is undisputed for purposes of this motion.

65.  Aver that this statement is undisputed for purposes of this motion.

66.  Aver that this statement is undisputed for purposes of this motion.

67.  Aver that this statement is undisputed for purposes of this motion.

68.  Aver that this statement is undisputed for purposes of this motion.

69.  Aver that this statement is undisputed for purposes of this motion.

70.  Aver that this statement is undisputed for purposes of this motion.

71.    Aver that this statement is undisputed for purposes of this motion.

72.    Aver that this statement is undisputed for purposes of this motion.

73.    Aver that this statement is undisputed for purposes of this motion.

74.    Aver that this statement is undisputed for purposes of this motion.

75.    Aver that this statement is undisputed for purposes of this motion.

76.    Aver that this statement is undisputed for purposes of this motion.

77.    Aver that this statement is undisputed for purposes of this motion.

78.    Aver that this statement is undisputed for purposes of this motion.

79.    Deny.  Mischaracterizes the cited testimony by McClenachan.  (McClenachan Tr. 356:9-13).

80.    Deny.  Mischaracterizes the testimony by McClenachan.  (McClenachan Tr. 356:17-19).

81.    Admit.

82.    Admit.

83.    Deny.   The cited testimony by McClenachan was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval).  Little testified that it was not necessary to get Board approval for the contract and that the contract was not for $68,000.  (See Little Tr.140:21-141:3).

84.    Aver that this statement is undisputed for purposes of this motion.

85.    Deny.  Mischaracterizes the testimony by Little.  (See Little Tr.140:21-141:3).

86.    Aver that this statement is undisputed for purposes of this motion.

87.    Aver that this statement is undisputed for purposes of this motion.

88.    Deny.  Mischaracterizes the testimony by Little concerning the value of the ProGas contact.  (See Little Tr.140:21-141:3).  Aver that the remaining portion of this statement is undisputed for purposes of this motion.

89.    Aver that this statement is undisputed for purposes of this motion.

90.    Aver that this statement is undisputed for purposes of this motion.

91.    Aver that this statement is undisputed for purposes of this motion.

92.    Aver that this statement is undisputed for purposes of this motion.

93.    Deny.  Mischaracterizes the cited testimony.

94.    Aver that this statement is undisputed for purposes of this motion.

95.    Aver that this statement is undisputed for purposes of this motion.

96.    Aver that this statement is undisputed for purposes of this motion.

97.    Aver that this statement is undisputed for purposes of this motion.

98.    Deny.  Ignores the testimony by Little concerning the value of the ProGas contract.  (See Little Tr.140:21-141:3).

99.    Deny.  Ignores the testimony by Little concerning the value of the ProGas contract.  (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval).

100.    Deny.  Ignores the testimony by Little concerning the value of the ProGas contract.  (See Little Tr.140:21-141:3). Aver that the remaining portion of this statement is undisputed for purposes of this motion.

101.    Deny.  Mischaracterizes the testimony by Little concerning the value of the ProGas contract.  (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

102.    Deny.  Ignores the testimony by Little concerning the value of the ProGas contract.  (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

103.    Aver that this statement is undisputed for purposes of this motion.

104.    Aver that this statement is undisputed for purposes of this motion.

105.  Deny. The cited testimony plainly reveals the question posed was hypothetical and McClenachan was not admitting any personal knowledge of the contract or a failure by Little to follow procedures.

106.  Deny. The cited testimony plainly reveals the question posed was hypothetical and McClenachan was not admitting any personal knowledge of the contract or a failure by Little to follow procedures.

107.  Deny. The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

108.  Aver that this statement is undisputed for purposes of this motion.

109.  Deny. Ignores the testimony by Little concerning the value of the ProGas contract. (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

110.  Deny. Ignores the testimony by Little concerning the value of the ProGas contract. (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

111.  Aver that this statement is undisputed for purposes of this motion.

112.  Deny. Ignores the testimony by Little concerning the value of the ProGas contract. (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

113.  Deny. Ignores the testimony by Little concerning the value of the ProGas contract. (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

114.  Aver that this statement is undisputed for purposes of this motion.

115.  Aver that this statement is undisputed for purposes of this motion.

116.  Deny.  Ignores the testimony by Little concerning the value of the ProGas contract.  (See Little Tr.140:21-141:3). The cited testimony by McClenachan also was given in response to hypothetical questions by counsel (i.e., that the ProGas contract was in an amount that required Board approval and that Little believed that Board approval was required).

117.  Admit.

118.  Admit.

119.  Admit.

120.  Admit.

121.  Aver that this statement is undisputed for purposes of this motion.

122.  Aver that this statement is undisputed for purposes of this motion.

123.  Deny.  Ignores testimony that Little had good communications with the two managers who replaced Milde, both of whom are females. (Vlyman Tr. 67:22-24; Lore Tr. 113:6-15).

124.  Deny.  Ignores testimony that Little had good supervisory skills with the two managers who replaced Milde, both of whom are females. (Vlyman Tr. 67:12-14; Lore Tr. 112:21-113:3).

125.  Admit.

126.  Admit.

127.  Deny.  Mischaracterizes cited testimony.

128.  Deny.  Mischaracterizes cited testimony.

129.  Aver that this statement is undisputed for purposes of this motion.

130.  Aver that this statement is undisputed for purposes of this motion.

131.  Aver that this statement is undisputed for purposes of this motion.

132.  Aver that this statement is undisputed for purposes of this motion.

133.  Aver that this statement is undisputed for purposes of this motion.

134.  Deny.  Mischaracterizes cited testimony.

135.   Aver that this statement is undisputed for purposes of this motion.

136.   Deny conclusion asserted but admit the testimony cited.

137.   Aver that this statement is undisputed for purposes of this motion.

138.   Aver that this statement is undisputed for purposes of this motion.

139.   Deny. Mischaracterizes cited testeimony.

140.   Deny. McClenachan did not testify that Little "allegedly" resigned. Aver that the remainder of this statement is undisputed for purposes of this motion.

141.   Admit.

142.   Admit.

143.   Admit.

144.   Admit.

145.   Admit.

146.   Aver that this statement is undisputed for purposes of this motion.

147.   Deny. Mischaracterizes McClenachan's cited testimony.

148.   Deny. Mischaracterizes McClenachan's cited testimony. On page 462, McClenachan was asked if she ever in 15 years hired a private eye to investigate an employee like Ms. Milde. (McClenachan Dep. 462).

149.   Deny. Mischaracterizes testimony of Kemp. (See also Little Dep. 281:7-10).

150.   Deny. Mischaracterizes cited testimony.

151.   Admit.

152.   Admit.

153.   Admit.

154.   Admit.

155.   Admit.

156.   Admit.

157.    Plaintiff does not cite testimony or other evidence for this statement.

158.    Admit.

159.    Admit.

160.    Admit.

161.    Admit.

162.    Admit.

163.    Admit.

164.    Deny. Conclusory opinion testimony. Not admissible evidence. No response required. (See also Little Dep. 281:4 - 282:7).

165.    Admit.

166.    Aver that this statement is undisputed for purposes of this motion.

167.    Admit.

168.    Admit.

169.    Admit.

170.    Admit.

171.    Admit.

172.    Deny. Mischaracterizes cited testimony. Aver Lore testified Little never told her she would be reprimanded if she spoke to the press before speaking to him. (Lore Tr. 121:19-22).

173.    Deny. Mischaracterizes cited testimony. Aver Lore testified the Board never told her she would be reprimanded if she spoke to the press before speaking to them. (Lore Tr. 121:23-122:1).

174.    Aver that this statement is undisputed for purposes of this motion but note that Milde's subjective beliefs are not evidence.

175.    Admit.

176.    Deny. Conclusory opinion testimony. Not admissible evidence. No response required.

177.    Aver that this statement is undisputed for purposes of this motion.

178.    Deny.  Conclusory opinion testimony.  Not admissible evidence.  No response required.  (See also Little Tr. 281:4-282:7).

179.    Admit.

180.    Deny.  Mischaracterizes the cited testimony.  McClenachan testified that managers had to be invited to participate in committee meetings.  McClenachan testified that it was not an issue of being "allowed" to participate.

181.    Deny.  Mischaracterizes the testimony.  (See McClenachan 225:3-7; 444:14-445:1).

182.    Deny.  Mischaracterizes the testimony.  (See McClenachan 225:3-7; 444:14-445:1).

183.    Deny.  Conclusory opinion testimony.  Not admissible evidence.  No response required.  (See also Little Tr. 276:22-25).

184.    Deny.  Mischaracterizes the cited testimony.

185.    Deny.  (Little Tr. 276:22-25).

186.    Deny.  Conclusory opinion testimony.  Not admissible evidence.  No response required.

187.    Deny.  Conclusory opinion testimony.  Not admissible evidence.  No response required.

188.    Deny.  Conclusory opinion testimony.  Not admissible evidence.  No response required.

189.    Admit insofar as it refers to a formal written performance review.  With respect to the remainder of the statement, Defendants admit that Milde testified to this but it is conclusory opinion testimony, not admissible evidence.  No response required.  (See also McClenachan Tr. 337 regarding the Board's instruction to Little to conduct "staff evaluations annually" not just Mildes).

190.    Deny that private investigator wrote Milde performance review/disciplinary reprimand.  (Little Tr. 222:14-21).  Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence.  No response required.

191.    Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required. (See also Little Tr. 281:4-282:3).

192.    Deny. Mischaracterizes cited testimony.

193.    Deny insofar as it suggests that Milde was entitled to be paid comp time upon termination. Cited testimony does not stand for that proposition. In fact, Kemp's testimony suggests he does not have knowledge of others who were paid comp time upon termination and Kemp did not believe he received comp time upon termination. (Kemp Dep. 249:9-25:1).

194.    Aver that this statement is undisputed for purposes of this motion.

195.    Aver that this statement is undisputed for purposes of this motion.

196.    Aver that this statement is undisputed for purposes of this motion.

197.    Aver that this statement is undisputed for purposes of this motion.

198.    Aver that this statement is undisputed for purposes of this motion.

199.    Aver that this statement is undisputed for purposes of this motion.

200.    Aver that this statement is undisputed for purposes of this motion.

201.    Aver that this statement is undisputed for purposes of this motion.

202.    Aver that this statement is undisputed for purposes of this motion.

203.    Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

204.    Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

205.    Admit Crawford testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

206.    Admit Kemp testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

207.    Admit McClenachan testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

208.    Aver that this statement is undisputed for purposes of this motion.

209. Admit.

210. Admit Lore testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

211. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

212. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

213. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

214. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

215. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

216. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

217. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

218. Deny. (See Vlyman Tr. 33:19-25 and Lore Tr. 89:6-90:12, where both testified that recreation services were satisfactory). Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

219. Aver that this statement is undisputed for purposes of this motion.

220. Aver that this statement is undisputed for purposes of this motion.

221. Admit.

222. Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required. Nevertheless, Defendants aver that this statement is undisputed for purposes of this motion.

223. Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required. Nevertheless, Defendants aver that this statement is undisputed for purposes of this motion.

224. Admit Wisecup testified to this but it is conclusory opinion testimony, not admissible evidence. No response required. Nevertheless, Defendants aver that this statement is undisputed for purposes of this motion.

225. Aver that this statement is undisputed for purposes of this motion.

226. Aver that this statement is undisputed for purposes of this motion.

227. Aver that this statement is undisputed for purposes of this motion.

228. Aver that this statement is undisputed for purposes of this motion.

229. Deny. (Little Tr. 316:13-23).

230. Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

231. Admit insofar as the cited testimony states that Milde told this to Little during a March 24, 2000 staff meeting.

232. Deny. As discussed in more detail in Defendants' Brief, at p. 11, this testimony was procured through counsel's use of a document that never existed. Milde admitted this during her deposition. (Compare Little Tr. 316:13-318:4 with Milde's Tr. 137:12-142:4).

233. Admit.

234. Admit.

235. Aver that this statement is undisputed for purposes of this motion.

236. Aver that this statement is undisputed for purposes of this motion.

237. Admit.

238.  Deny.  Mischaracterizes the cited testimony.  (See Little Tr. 322:6-13).

239.  Admit.

240.  Admit.

241.  Admit.

242.  Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence.  No response required.

243.  Admit.

244.  Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence.  No response required.

245.  Admit.

246.  Admit.

247.  Admit.

248.  Admit Little received the document referenced.

249.  Admit insofar as Little admitted that the words read to him by counsel during the deposition were the words in the letter.

250.  Admit insofar as Little admitted that the words read to him by counsel during the deposition were the words in the letter.

251.  Admit.

252.  Admit insofar as the document and testimony relate to such services not be provided at all.

253.  Deny.  Mischaracterizes the cited testimony.

254.  Admit.

255.  Admit.

256.  Denies insofar as it ignores cited testimony by McClenachan that Milde was complaining about a "personnel issue" (McClenachan Tr. 236) but admits that McClenachan testified that Milde was deeply concerned about the health, safety, and welfare issues of the residents.

257.   Admit Milde testified to this but it is conclusory opinion testimony, not admissible evidence. No response required.

258.   Admit.

259.   Admit that Wisecup so testified.

260.   Admit that Wisecup so testified.

261.   Admit that Wisecup so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

262.   Admit that Milde so testified.

263.   Deny. Mischaracterizes Kemp's cited testimony. Also, this is a conclusory statement, not admissible evidence. No response required.

264.   Admit that Little so testified, deny Milde was exercising protected free speech.

265.   Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

266.   Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

267.   Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

268.   Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

269.   Admit.

270.   Deny. Mischaracterizes the statements in the "Corrective Directives" Memo.

271.   Admit.

272.   Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

273.   Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

274.    Deny.   Mischaracterizes Milde's testimony wherein she acknowledged that there might be a power struggle between her and Little; Milde just claimed that Little created the power struggle.

275.    Admit.

276.    Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

277.    Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

278.    Admit.

279.    Admit that McClenachan testified as quoted, but deny the conclusion/inference argued counsel.

280.    Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

281.    Aver that this statement is undisputed for purposes of this motion.

282.    Admit that Crawford so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

283.    Admit.

284.    Admit.

285.    Admit.

286.    Admit.

287.    Admit.

288.    Aver that this statement is undisputed for purposes of this motion.

289.    Aver that this statement is undisputed for purposes of this motion.

290.    Aver that this statement is undisputed for purposes of this motion.

291.    Aver that this statement is undisputed for purposes of this motion.

292.    Admit.

293.    Admit.

294.  Admit.

295.  Admit.

296.  Admit.

297.  Admit.

298.  Admit.

299.  Admit.

300.  Aver that this statement is undisputed for purposes of this motion.

301.  Deny.  Mischaracterizes McClenachan's cited testimony by deleting the introductory phrase "it would seem to me" which confirms that the testimony was offered as McClenachan's personal opinion, not a statement of the Housing Authority's policy.

302.  Aver that this statement is undisputed for purposes of this motion.

303.  Aver that this statement is undisputed for purposes of this motion.

304.  Admit that McClenachan so testified as to her personal belief of the rationale for the policy.

305.  Admit.

306.  Deny.  Mischaracterizes Milde's testimony.  Milde testified that Little told her in writing that she was reprimanded for violating the Media Relations Policy but the May 30, 2000 Disciplinary Reprimand does not contain such a statement.  (See Milde Dep. Ex. 34).  Milde's testimony confirms that she considered a directive to have "press releases" issued through Little to be a "prior restraint".  (See Milde Tr. 254:5-18 and Milde Dep. Ex. 33, at 3).

307.  Deny.  Mischaracterizes Milde's testimony.  Milde testified that Little told her in writing that she was reprimanded for violating the Media Relations Policy but the May 30, 2000 Disciplinary Reprimand does not contain such a statement.  (See Milde Dep. Ex. 34).  Milde's testimony confirms that she considered a directive to have "press releases" issued through Little to be a "prior restraint".  (See Milde Tr. 254:5-18 and Milde Dep. Ex. 33, at 3).

308.  Deny.  Mischaracterizes the cited testimony.

309.  Deny.  Mischaracterizes the cited testimony.

310.  Deny.  Mischaracterizes the cited testimony.

311.  Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

312.  Admit.

313.  Aver that this statement is undisputed for purposes of this motion.

314.  Aver that this statement is undisputed for purposes of this motion.

315.  Aver that this statement is undisputed for purposes of this motion.

316.  Aver that this statement is undisputed for purposes of this motion.

317.  Aver that this statement is undisputed for purposes of this motion.

318.  Aver that this statement is undisputed for purposes of this motion.

319.  Aver that this statement is undisputed for purposes of this motion.

320.  Aver that this statement is undisputed for purposes of this motion.

321.  Aver that this statement is undisputed for purposes of this motion.

322.  Aver that this statement is undisputed for purposes of this motion but further note that there is a distinction between "writing" job descriptions and "approving" them.

323.  Aver that this statement is undisputed for purposes of this motion but further note that there is a distinction between "writing" policies and "approving" them.

324.  Aver that this statement is undisputed for purposes of this motion.

325.  Aver that this statement is undisputed for purposes of this motion.

326.  Aver that this statement is undisputed for purposes of this motion.

327.  Aver that this statement is undisputed for purposes of this motion.

328.  Aver that this statement is undisputed for purposes of this motion.

329.  Aver that this statement is undisputed for purposes of this motion but further note that there is a distinction between hiring employees for an approved

position and hiring employees for a new position not previously approved by Little and/or the Board.

330. Aver that this statement is undisputed for purposes of this motion.

331. Aver that this statement is undisputed for purposes of this motion.

332. Aver that this statement is undisputed for purposes of this motion but further note that there is a distinction between engaging in these activities for approved positions and engaging in them for new positions not previously approved by Little and/or the Board.

333. Aver that this statement is undisputed for purposes of this motion.

334. Aver that this statement is undisputed for purposes of this motion.

335. Aver that this statement is undisputed for purposes of this motion.

336. Aver that this statement is undisputed for purposes of this motion.

337. Aver that this statement is undisputed for purposes of this motion.

338. Aver that this statement is undisputed for purposes of this motion.

339. Aver that this statement is undisputed for purposes of this motion.

340. Aver that this statement is undisputed for purposes of this motion.

341. Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence. No response required.

342. Aver that this statement is undisputed for purposes of this motion but note that there is a distinction between Milde having signed these contracts without obtaining Little's consent and whether she should have obtained Little's consent.

343. Deny. Mischaracterizes cited testimony.

344. Deny. Mischaracterizes cited testimony and ignores additional testimony on following transcript pages.

345. Admit.

346. Aver that this statement is undisputed for purposes of this motion.

347. Deny. Mischaracterizes cited testimony.

348.  Deny.  Mischaracterizes cited testimony.

349.  Admit.

350.  Deny.  Mischaracterizes cited testimony.

351.  Deny.  Mischaracterizes cited testimony.

352.  Aver that this statement is undisputed for purposes of this motion.

353.  Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

354.  Aver that this statement is undisputed for purposes of this motion.

355.  Aver that this statement is undisputed for purposes of this motion.

356.  Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

357.  Aver that this statement is undisputed for purposes of this motion.

358.  Aver that this statement is undisputed for purposes of this motion.

359.  Admit that Milde so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

360.  Admit that Kemp so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

361.  Aver that this statement is undisputed for purposes of this motion.

362.  Aver that this statement is undisputed for purposes of this motion.

363.  Aver that this statement is undisputed for purposes of this motion.

364.  Aver that this statement is undisputed for purposes of this motion.

365.  Aver that this statement is undisputed for purposes of this motion.

366.  Admit that Wisecup so testified but it is conclusory opinion testimony, not admissible evidence.  No response required.

367.  Deny.  See Milde's Responses to May 30th Disciplinary Reprimand, Corrective Directive Memo and the many other memos Milde wrote to Little (all attached

to Defendants' motion for summary judgment), which illustrate the problems Milde had following Little's direction.

368. Aver that this statement is undisputed for purposes of this motion.

369. Admit.

370. Admit.

371. Admit.

372. Aver that this statement is undisputed for purposes of this motion.

373. Aver that this statement is undisputed for purposes of this motion.

374. Admit.

375. Admit.

376. Admit.

377. Aver that this statement is undisputed for purposes of this motion.

378. Admit insofar as Little admitted that the words read to him by counsel during the deposition were the words in the petition.

379. Admit.

380. Admit.

381. Admit.

382. Admit the memo was sent to Little, but deny Milde's allegation in the memo of unprofessional conduct by Little.

383. Admit.

384. Admit.

385. Admit.

386. Admit.

Respectfully submitted,

DEFENDANT HOUSING AUTHORITY OF THE
TOWN OF GREENWICH; THE HOUSING
AUTHORITY OF THE TOWN OF GREENWICH
BOARD OF COMMISSIONERS; AND BENJAMIN
LITTLE, CEO

By:_____

  Francis P. Alvarez (CT 10350)
  alvarezf@jacksonlewis.com
  JACKSON LEWIS LLP
  One North Broadway
  White Plains, NY 10601
  Phone: (914) 514-6149
  Fax: (914) 328-1882
  Their Attorneys