UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | CIV.NO. 3:00CV2423(AVC) |
| | : |
| THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH;<br>THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH BOARD OF<br>COMISSIONERS; BENJAMIN LITTLE,<br>CEO.<br>　　　　Defendants. | :<br>:<br>: JULY 2, 2004<br>:<br>:<br>:<br>: |

### PLAINTIFF'S REPLY BRIEF TO DEFENDANTS OPPOSITION TO HER MOTION FOR SUMMARY JUDGMENT

Plaintiff, Ursula Milde (hereinafter "Plaintiff") hereby files the instant reply brief to the Opposition Brief filed by the Defendants The Housing Authority for the Town of Greenwich, Inc., the Housing Authority of the Town of Greenwich Board of Commissioners, and Benjamin Little, CEO, pursuant to Fed.R.Civ.P. 56 and Local Civil Rule 9(g). Ms. Milde's arguments herein are filed in response to Defendants opposition papers.

**I.　ARGUMENT**

　　1.　Power Struggle Issue Unfounded

Ms. Milde ran the Parsonage Cottage Senior Residence on behalf of the Defendants during the period from 1996 to March 2002, without any complaints by Defendants.[1] Defendants have admitted that Ms. Sue McClenachan stated in her

---

[1] Except, Ms. Milde had a small innocuous dispute with former executive director Thomas Crawford in November 1997, that does not provide any strong inference of an alleged power struggle.

deposition that Ms. Milde was terminated because "she was trying to run Parsonage Cottage as her own little private care facility, without working within the framework of the Housing Authority of the Town of Greenwich and recognizing Mr. Benjamin Little as her immediate boss and supervisor." (Defendants Statement and Response ¶ 374). The Defendants assertion Ms. Milde had a power struggle with Defendant Little after March 2002 is ridiculous, because such a power struggle would have manifested prior to March 2002. Prior to March 2002, Ms. Milde operated the Parsonage Cottage Facility without complaints from the Defendants, including Defendant Little. In fact, the Defendants admitted she did good job.

According to Defendants theory of the case, Ms. Milde should have exhibited problems with Defendants for the years 1996 through March 2002. If she was trying to run her own little private care facility, Defendants cannot produce any evidence to support such a power struggle prior to March 2002. The theory is unfounded and should be rejected.

    2.    <u>Ms. Milde Proposed a Simple Solution to an Important Issue</u>

Ms. Milde's attempts to hire a recreation coordinator was a "simple solution" to an important issue, lack of adequate recreation services as provided by CCI. Defendants even admit, and aver statements that are undisputed, that she had the authority to hire a recreation coordinator. (Defendants Statement and Response ¶¶ 317, 321, 329, 331, 332, 340). However, the Defendants "re-actions" (discriminatory adverse actions) that followed were completely out of proportion to her proposed "simple solution".

2

3. <u>Defendants Objections Based on Conclusory and Hypothetical Opinions Are Unfounded</u>

Ms. Milde is allowed to submit admissible evidence in the form of deposition testimony from herself and fact witnesses. In order to defeat her Motion for Summary Judgment, Defendants claim that many of her material facts not in dispute should be excluded because they are based on conclusory opinions and hypothetical questions. Such objections are based on the Defendants subjective belief as to the import of the testimony included in Ms. Milde's Statement of Material Facts Not in Dispute. Ms. Milde is allowed to submit admissible evidence in the form of statements based on personal knowledge of material facts not in dispute, opinions regarding character, reputation and the establishment of knowledge. Ms. Milde is also allowed to submit Defendants "admissions" to hypothetical questions purely within the scope of the deponents personal knowledge and prior testimony, in order to derive the deponents knowledge of material facts.

In fact, the Defendants admitted to Plaintiff's material statements of fact based on Defendants own "conclusory opinions." For example, when Defendant Little was asked whether he discriminated against Ms. Milde and took any adverse employment action, he denied such accusations in a purely conclusory fashion. (Defendants Memo. In Opposition p. 6). Defendants objected (denied) Plaintiff's statements of material facts because the admissions contained within each one were damaging to their position. Defendants cannot have it both ways. When confronted with material admissions, the Defendants legal arguments would have been more persuasive if they had faced the admissions directly, instead of avoiding them. The Court will weigh the admissibility of the evidence in Ms. Milde's favor.

3

4. <u>Ms. Milde's Undisputed Facts Used in Support of Her Opposition to Defendants Cross Motion for Summary Judgment Are Proper</u>

The parties have filed cross-motions for Summary Judgment in this case. The Defendants assert a legally unsupported argument in Point I that Ms. Milde's motion should be denied because she allegedly admits the material undisputed facts are not in dispute for purposes of her opposition to Defendants motion. Defendants do not cite any legal authority, because the Courts acknowledge that its review of each cross motion for summary judgment, along with the parties' statements, are view independently.

"A party may argue that no issue exists in the hope that [her] legal theory will be accepted, but at the same time the movant may maintain that there is a genuine factual dispute in the event his theory is rejected or the opponent's is adopted. It should be remembered that a party moving for summary judgment concedes the absence of a factual issue and the truth of the nonmoving party's allegations only for the purposes of his own motion. It follows that the legal theories the movant advances in support of a Rule 56 motion and the assertion that there is no issue of material fact may not be used against the movant when the court rules on [her] adversary's motion." *Wright & Miller*, 10A Fed.Prac.& Proc.Civ.3d § 2720; <u>Zook v. Brown</u>, 748 F.2d 1161 (7th Cir.1984).

"The contention of one party that there are no issues of material fact preventing entry of judgment in its favor does not bar that party from asserting that there are issues of fact sufficient to prevent the entry of judgment as a matter of law against it. Thus, the fact that both sides have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other. Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all

4

reasonable inferences against the party whose motion is under consideration." Schwabenbauer v. Board of Ed. of City School Dist. of City of Olean, 667 F.2d 305, 313-314 (2d Cir. 1981).

On this basis, the Defendants argument must be rejected.

5. <u>Ms. Milde Satisfies Fourth Element of Her Prima Facie Case in Support of Gender and Age Discrimination</u>

Defendants assert in Point II that Ms. Milde has failed to satisfy her burden of proving the fourth element (causation) in her prima facie case of gender and age discrimination. Such an argument should be rejected. Ms. Milde is entitled to craft her legal arguments in a manner that aids this Court's review of her claims. It would have been redundant for Ms. Milde to state the same identical facts and argument twice. The Defendants argument is at best reaching, and does not provide a basis to reject Ms. Milde's argument.

JULY 2, 2004

PLAINTIFF,
URSULA MILDE

By /s/ Mark P. Carey
Mark P. Carey (CT17828)
Mark P. Carey & Associates
Attorneys At Law
71 Old Post Road, Suite One
Southport, CT 06490
(203) 255-4150 tel.
(203) 255-0380 fax
Attorney For Ursula Milde

5

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was delivered by courier, fee prepaid, on this the 2nd day of July, 2004 to:

Francis P. Alvarez
JACKSON LEWIS
One North Broadway
White Plains, NY 10601
Attorneys for Defendant

_____
Mark P. Carey