UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, | : |
| | : CIV NO. 3:00CV2423 (AVC) |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| THE TOWN OF GREENWICH; | : |
| HOUSING AUTHORITY OF THE | : |
| TOWN OF GREENWICH; | : |
| THE HOUSING AUTHORITY OF THE | : |
| TOWN OF GREENWICH BOARD OF | : |
| COMMISSIONERS; and | : July 1, 2004 |
| BENJAMIN LITTLE, CEO, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT[1]**

Milde's opposition to Defendants' motion for summary judgment confirms there is no dispute over the material facts in this case. In Milde's brief in support of her own motion for summary judgment, she claimed there were no material facts in dispute. Now, in essentially an identical brief, she claims those same 386 facts are disputed. Such a *post hoc* attempt to defeat Defendants' properly supported motion cannot be sustained.

Milde's opposition does not provide any evidence that change the determinative facts presented in Defendants' motion. The record still establishes that Milde's discharge

---

[1] To avoid burdening the Court with duplicative information and arguments contained within this brief, Defendants' principal brief in support of their motion for summary judgment, and in Defendants' opposition to Plaintiff's motion for summary judgment, Defendants limit their reply to any additional issues raised in Plaintiff's opposition papers. Where Defendants do not reply, they rely on their principal moving papers and their opposition papers in support of their motion, and in opposition to Plaintiff's motion.

resulted from her failure to comply with Little's directives - - issues which were addressed and presented to her in writing (i.e., the "Corrective Directives" memo and "Disciplinary Reprimand") and for which she was given a 3-month opportunity to improve. At the end of the 3-month period, it was evident Milde continued to maintain a reluctance, if not an outright refusal, to comply with Little's directives. The multiple memos exchanged during this 3-month period show that this impasse was real, not pretextual, and resulted in Milde's termination. Milde's opposition does not present the Court with any admissible evidence to refute the legitimate, nondiscriminatory reasons for Defendants' actions.[2]

What Milde presents to this Court are her own conclusory, unsupported "beliefs" and "assumptions" that she was discriminated against in *some* way - - be it her age, gender, or speech - - three very different, unrelated, and unsupportable "assumptions." Milde continues to focus on issues that are neither material nor relevant to the disposition of these motions. As set forth in detail in Defendants' principal and opposition briefs, Defendants have never disputed that Milde was qualified to perform the day to day tasks of Administrator. Her continued focus on the issue of her "qualifications" remains misplaced.

Milde's continued disparagement of Defendant Little and his purported shortcomings as CEO also does not establish a triable issue. Again, even assuming Milde's alleged "facts" about Little's performance were true, they provide no probative value on the determinative issues in this case - - whether Defendants discriminated or retaliated against Milde in violation of federal or state law.

As the Second Circuit has stated, Milde's conclusory beliefs and assumptions, no matter how deeply felt, are not evidence of unlawful discrimination or retaliation. They are insufficient to create a triable issue of fact to defeat Defendants' motion. If Milde presented this

---

[2]   See Def. Mem. Supp. Summ. J. at Point II (C); and Def. Mem. Opp. Summ. J. at Point II (B).

"evidence" to a jury, the Court would be compelled to grant Defendant's judgement, as a matter of law. Based on the facts and the legal precedent set forth herein and in Defendants' principal and opposition briefs, the Court should grant Defendants' Motion for Summary Judgment, and dismiss Milde's unsupported claims as a matter of law.

## POINT I

## THERE ARE NO MATERIAL FACTS IN DISPUTE.

Of the 135 facts set forth in Defendants' Local Rule 56(a)(1) Statement, Milde denied, *in part*, only 21 statements. Most of Milde's "denials", however, do *not* deny the *substance* of the fact statement and are not "*material*" to the disposition of these motions. (See Pl. Fed. R. Civ. P. 56(c) and Local Civil Rule 9(c)(2) "Admit/Deny Statement in Opposition To Defendants' Motion for Summary Judgment ¶¶ 12, 13, 14, 15, 18, 19, 20-23, 50, 53, 65, 66, 67, 68, 69, 127, 129, 131, 133 ). Other "denials" are based only on the unsupported, argumentative and conclusory beliefs of Milde and reference no admissible evidence in support of the purported "denial." For example, paragraph 10 of Defendants' 56(a)(1) Statement states:

> 10. While Milde claims Little's actions toward her were unlawfully motivated by gender and age animus, Milde only began to feel that Little was treating her differently at the end of March 2000. (Tr. 340:16-341:18).

Milde's response:

> 10. "Admit in part, deny in part. Admit the testimony speaks for itself. *Deny in part, because Ms. Milde believed age, gender, freedom of speech and retaliation formed his unlawful motivations.*[3]

---

[3] (See Pl. Fed. R. Civ. P. 56(c) and Local Civil Rule 9(c)(2) "Admit/Deny Statement at ¶ 10 (emphasis added).

3

>Likewise, paragraph 29 of Defendants' 56(a)(1) Statement states:
>
>>29. On March 24, 2000, Little wrote Milde a memo referencing a number of concerns Little had about Milde's conversation about the recreation coordinator. (Tr. 92:17-93:17) (Milde Dep. Ex. 6).

Milde's response:

>>29. Admit that Milde Dep. Ex. 6 is a document dated March 24, 2000 and the document speaks for itself, and not as to the truth of any matter. *Deny the truthfulness of the contents of the document,* specifically, "you made mention that you would be ending the contract with CCI for the recreation services."[4]

>Similarly, paragraph 33 of Defendants' 56(a)(1) Statement states:
>
>>33. The following day, Little presented the Board's Personnel Committee with a memo outlining his concerns about the hiring of full-time Recreation Coordinator. (Milde Dep. Ex. 11).

Milde's response:

>>33. Admit Milde Dep. Ex. 11 is a memo from Defendant Little to the Defendants' personnel committee. *Deny the accuracy and truthfulness of the contents of the statements made therein.*[5]

Merely denying the "accuracy and truthfulness" of the facts set forth in Defendants' 56(a)(1) Statement without setting forth any admissible evidentiary support, does not change the undisputed nature of these facts. (See also Plaintiff's response to ¶¶ 32, 54, 55, 59). Because she bears the burden of persuasion, Milde's subjective feelings of discrimination and disagreements with the written opinions of her supervisor are not enough, as a matter of law, to defeat Defendants' motion. See Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998). Milde has clearly not met her burden and summary judgment is warranted for Defendants.

---

[4] (See Pl. Fed. R. Civ. P. 56(c) and Local Civil Rule 9(c)(2) "Admit/Deny Statement at ¶ 29 (emphasis added).

[5] (See Pl. Fed. R. Civ. P. 56(c) and Local Civil Rule 9(c)(2) "Admit/Deny Statement at ¶ 33 (emphasis added).

## POINT II

## PLAINTIFF FAILS TO PRESENT ANY ADDITIONAL EVIDENCE OR LAW TO SUSTAIN HER BURDEN OF PROVING DISCRIMINATION.

Milde's opposition brief fails to raise any new factual issues in support of her claim of intentional discrimination. Therefore, Defendants' respectfully refer the Court to their Memorandum of Law in Support of their Motion for Summary Judgment at Point II, and their Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment at Point II on this issue.

Quotes from case law taken totally out of context, as cited by Milde in her opposition brief, equally fail to advance Milde's cause. For example, Milde quotes (on page 13 of her brief) a statement from Furnco Construction Corp v. Waters, 438 U.S. 567, 577 (1978) which discusses the *prima facie* case and burden shifting analysis articulated in McDonnell Douglas. The statement quoted by Milde relating to the adverse inference of a *prima facie* case is directly followed by: "When the *prima facie* case is understood in the light of the opinion in McDonnell Douglas, it is apparent that the burden which shifts to the employer is merely that of proving that he based his employment decision on a legitimate consideration, and not an illegitimate one such as race. . . . . *To dispel the adverse inference from a prima facie showing under McDonnell Douglas, the employer need only articulate some legitimate, nondiscriminatory reason for the employee's rejection*." Id. (emphasis added). Therefore, even if Milde was able to establish a *prima facie* case of age or gender discrimination, any adverse inference has been dispelled by Defendants' legitimate reasons for her discharge, as well as Milde's inability to prove pretext.[6]

---

[6]   See Def. Mem. Supp. Summ. J. at Point II; and Def. Mem. Opp. Summ. J. at Point II.

Carlton v. Mystic Transportation, Inc., 202 F.3d 129 (2d Cir. 2000) (referenced on pages 3, 12 and 27 of Plaintiff's Brief) also does not support Milde's claims. In Carlton, the plaintiff worked for the employer for over seven years. Upon his termination, he was replaced by two younger employees. In response to the plaintiff's charge of age discrimination with the EEOC, the company cited budgetary reasons for the plaintiff's termination. The company affirmatively stated to the EEOC that plaintiff's job performance was *not* a factor in his discharge. Id. at 133. In the subsequent federal lawsuit, however, the company claimed plaintiff was terminated for poor performance. Id. The Court found the company's hiring of replacements in the face of its downsizing argument, as well as its inconsistent explanations to the EEOC for the termination "raised a genuine issue of material fact" necessitating a trial. Id. at 137.

In contrast to Carlton, Milde has conceded "[t]he asserted justification [for her termination] was the same as that contained in the May 30, 2000 letter of reprimand." (See Pl. Mem. Supp. Summ. J. at 5). As set for in Defendants' principal and opposition briefs, Defendants have not offered inconsistent explanations for their decisions. Plaintiff's unsupported and conclusory belief that Defendants' reasons are not "true and accurate," without more, cannot defeat Defendants' motion.

**POINT III**

**PLAINTIFF'S RETALIATION CLAIM FAILS AS A MATTER OF LAW.**

Plaintiff's brief in support of her motion for summary judgment is virtually identical to her opposition brief on this point. (Compare Pl. Mem. Supp. Summ. J. at pp. 21-25 with Pl. Mem. Opp. Summ. J. at pp. 28-32). As in her principal moving brief, Milde cites the purported falsity of Little's explanation for the May 30, 2000 Disciplinary Reprimand as support

for an alleged inference of retaliation. As explained in Defendants' opposition brief, Milde's belated theory makes no sense because the Reprimand in question was issued *two months before* Milde filed her charge. In addition, Milde's "power struggle" with Little started at least five months before she filed her charge with the EEOC. As in her principal brief, Milde offers no admissible evidence of a causal connection between the filing of her charge with the EEOC in July 2000 and her termination in September 2000. Contrary to Milde's assertion, "temporal proximity," without more, is not sufficient to establish the requisite "casual connection" for a claim of retaliation. See Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff ever engaged in any protected activity, an inference of retaliation does not arise.").

## POINT IV

## PLAINTIFF'S "SPEECH" INVOLVED AN INTERNAL, OPERATIONAL ISSUE.

Milde's entire case is built around her disagreement with her supervisor over who should provide a particular number of hours of recreation services to the residents of Parsonage Cottage - - the existing outside vendor, CCI, or an in-house, newly created staff position entitled "recreation coordinator." Such an issue relates to the internal, operational, and personnel matters of Parsonage Cottage. (See Def. Mem. Supp. Summ. J. at Point IV (B)). Milde admits Connecticut law does not require any particular number of hours of recreation services and there was no violation of the law at the time of this dispute (Milde Tr. 132:15-133:11). It also is undisputed that the outside recreation vendor has continued to provide 15 hours of recreation services for Parsonage Cottage as it did when Milde was Administrator (Lore Tr. 88:1-3; 88:25-89) and both Mary Ann Vlymen and Penny Lore, the two succeeding Administrators, believed

that the 15 hours of recreation services provided by the vendor was a sufficient level of service. (Vlyman Tr. 33:19-25; Lore Tr. 89:3-5).

Milde further attempts to buttress her claim by referring to Parsonage Cottage throughout her brief as a "long term care" facility, and its residents as "frail and elderly." Her reference to stories in the news of "abuse and neglect" in nursing homes is not only irrelevant and inflammatory, it is misleading to the Court. Parsonage Cottage is not a "long term care" facility and its residents are far from "frail." (See Vlyman Tr. 72:24-73:19). Milde's mischaracterization of facts cannot raise her claim to one of constitutional proportions.[7]

## POINT V

## PLAINTIFF'S "PRIOR RESTRAINT' THEORY FAILS.

Milde claims that "Defendants' Media and Public Relations Policy was an unconstitutional prior restraint." (See Pl. Mem. Opp. Summ. J. at 45). As discussed in detail in Defendants' opposition brief, Milde does not present any evidence to suggest that Defendants even applied the Media and Public Relations Policy to her. Milde cannot support her claim by alleging that her rights were violated by the *mere existence* of the policy. (Milde Tr. 254:24-255:2). As succinctly stated in a case cited in Milde's opposition brief (at page 45), "the mere subjective sense that one's speech is chilled, without evidence of actual chilling, is not enough to survive summary judgment." Dauber v. The Board of Education of the City of New York, 99 Civ. 3931, 2001 U.S. Dist. LEXIS 16768 (S.D.N.Y. Oct. 18, 2001). Additionally, there is no

---

[7] Moreover, as discussed in Defendants' opposition brief, Plaintiff has failed to establish that Defendants are "state actors" with respect to their employment decisions, and has failed to distinguish or even address Johnson v. City of New York, 99 Civ. 0165, 2000 U.S. Dist. LEXIS 4698 (S.D.N.Y. April 12, 2000) cited by Defendants for this proposition. (See Def. Mem. Supp. Summ. J. at 32-33). Plaintiff's opposition papers do not challenge the holding in Johnson. (See Pl.'s Opp. Brief at 33-35). In the face of Johnson, Plaintiff has not met her burden of proving that Defendants acted under color of state law in making the personnel decisions upon which Plaintiff is now suing.

claim that the policy, as written, even applies to Milde's comments to the Board at the Board meeting. Where a media policy only proscribes public employees from making public statements in a manner that makes it appear as though the statements have official backing, but leaves public employees free to make public statements as a private citizen, such a policy does not infringe upon the public employee's First Amendment rights. See Belch v. Jefferson County, 108 F. Supp. 2d 143, 149 (N.D.N.Y. 2000).

Moreover, Milde's "waiver" argument and citation to Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) for this proposition is disingenuous at best. Saks is not a First Amendment case but rather a pregnancy discrimination and benefits case dealing with a denial of insurance coverage for an employee's infertility treatment. The "waiver" issue in that case specifically related to whether the claim of "ERISA preemption" in a benefits-due action is a waivable defense. The case has absolutely *nothing* to do with First Amendment jurisprudence. See id. The inappropriateness of Milde's argument is heightened by the fact that on page 350 of the decision, the pin point cite in Milde's brief, the Court specifically states that its "analysis here is limited to ERISA preemption of benefits-due actions." Id. Milde's fabrication of alleged legal arguments in opposition to Defendants' motion borders on desperation.

## **CONCLUSION**

As discussed more fully in Defendants' principal and opposition breifs, Milde's claims fail because she has not produced admissible evidence to establish that the reason given by Defendants for her discharge was false, and that the real reasons were: (1) her age; (2) her gender; (3) her charge of discrimination with the EEOC; and/or (4) her opinion that Parsonage Cottage should hire an in-house recreation coordinator rather than continue to out-source those services to a vendor. Nothing contained in Plaintiff's opposition papers adds to or changes the

analysis of the determinative issues in this case. Given the complete lack of admissible evidence presented by Plaintiff on her myriad of claims, Defendants respectfully request this Court to deny Plaintiff's motion for summary judgment, grant Defendants' motion for summary judgment, and dismiss this action as a matter of law.

        Respectfully submitted,

        DEFENDANT HOUSING AUTHORITY OF THE TOWN OF GREENWICH; THE HOUSING AUTHORITY OF THE TOWN OF GREENWICH BOARD OF COMMISSIONERS; AND BENJAMIN LITTLE, CEO

By:_____
    Francis P. Alvarez (CT 10350)
    alvarezf@jacksonlewis.com
    JACKSON LEWIS LLP
    One North Broadway
    White Plains, NY 10601
    Phone: (914) 514-6149
    Fax:  (914) 328-1882
    Their Attorneys

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendants' Reply Memorandum of Law In Support of Their Motion for Summary Judgment was served via First Class Mail, this 1st day of July 2004, on counsel for Plaintiff at the address listed below:

Mark P. Carey, Esq.
Carey & Associates P.C.
71 Old Post Rd.
Southport, CT 06490

_____
Francis P. Alvarez (CT 10350)

H:\AlvarezF\client work\HATG\Milde\Pleadings\Reply Papers\SJ Reply Brief.doc