


D.Conn.
00 cv 2423
Covello, J.

**FILED**

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

2006 MAY 24

U.S.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 26th day of April, two thousand and six,

Present:

    Hon. John M. Walker, Jr.,
        *Chief Judge,*
    Hon. Amalya L. Kearse,
    Hon. J. Clifford Wallace,[*]
        *Circuit Judges.*



Ursula Milde,

    Plaintiff-Appellee,

v.

No. 05-4950-cv

The Housing Authority of the Town of Greenwich, *et al.*,

    Defendants-Appellants.

Appellee, through counsel, moves to dismiss the defendants-appellants' appeal for lack of appellate jurisdiction. Upon due consideration, it is ORDERED that the motion is GRANTED and that the appeal is DISMISSED. Given that the right of public employees to be free from punishment in retaliation for the content of their speech on matters of public concern 'has been clearly established since at least 1968,' *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 211 (2d Cir. 2002), it could not have been objectively reasonable as a matter of law for appellant Little to believe that such retaliation was permissible. The defendants-appellants' dispute as to whether Milde's speech was, in fact, a motivating factor in the decision to discharge her (Appellants' Mem. in Opposition to Mtn. to Dismiss Appeal at 4) is inextricably intertwined with Little's qualified-immunity defense. There being no dispositive question that is purely one of law, and the district court having found that there is a genuine issue of fact to be tried as to the immunity defense, we lack jurisdiction to review the challenged denial of summary judgment. *See, e.g., id.*; *Tolbert v. Queens Coll.*, 164 F.3d 132, 139 (2d Cir. 1999).

---

[*] The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

CERTIFIED: MAY 1 8 2006