# EXHIBIT Q

*[Stamp: DEFENDANT'S EXHIBIT #20 5/22/6, signed Milde]*

PARSONAGE COTTAGE SENIOR RESIDENCE

## MEMORANDUM

To: Benjamin Little, CEO
    HATG

From: Ursula Milde, Administrator  *[signature: Ursula Milde]*
      PCSR

Date: April 26, 2000

It is my responsibility both legally and ethically as administrator of this licensed home to safeguard the rights and well being of the residents who entrust themselves to our care. This is expressed in the code for licensed homes: "Section (C) Administration (1)"

(c) Administration

(1) The proprietor or licensee of the institution shall be responsible for operation of the institution in compliance with these regulations.

And

(4) Sufficient capable personnel of good character and suitable temperament shall be employed to provide satisfactory care for the residents.
(5) The management, personnel, equipment, facilities, sanitation and maintenance of the home shall be such as reasonably to ensure the health, comfort and safety of the residents at all times.

And

(g) Recreation

(1) Recreational activities shall be provided in homes for the aged. Space and equipment provided for recreational activities shall be approved by the state department of health.

Parsonage Cottage Senior Residence has been so successful in these first three years, and is so well regarded by residents' families, the professional community, as well as our licensor (i.e. the CT State Health Department), because I have taken this responsibility seriously and have found and trained staff who are like minded and dedicated to the same principles. Their loyalty and commitment to our standards have made Parsonage Cottage so special. I don't think it could be better expressed than by this note written to me by Reggie Benvenuto, whose father was a resident here: ("I have never felt such genuine interest and sense of family as I do when I walk through your doors. You have set extremely high standards for your staff, and they have achieved an even higher level than you specified  It has been my pleasure, and comfort, to have had my Dad in your care.").

JLSK 0026

Every decision regarding Parsonage Cottage Senior Residence has been well thought-out by myself, with **much** input from the staff, and has been informed by our responsibility for the well being and needs of the population we serve and the principles we uphold.

The decision to hire an in-house recreation coordinator (which was the original plan anyway) as well as the idea of hiring Agata Wilinski, was arrived at through careful deliberation and observation by our staff and myself, because we realized how much it would benefit the residents and meet their needs. As I explained in my previous memoranda, the position is "allowable" since we have a mandate for recreational programming.

I can only conclude that the way in which you and the Board proceeded regarding this matter, and the way the decision was "un-communicated" to me (I learned it first through the newspaper) showed a high disregard for me and for my staff. But, more importantly, it demonstrated a lack of concern for the needs of the residents whom we have, after all, pledged to serve.

I like to remind you, therefore, that what matters is not your, or my, authority nor, "who is in charge here" but what best serves the residents of Parsonage Cottage Senior Residence. All of us, including you as the CEO of the managing agent, as well as the Board of Commissioners, the Parsonage Cottage staff and I, must always be cognizant of this responsibility.

In my long experience as a manager, I have found that open communication and an honest dialogue can go a long way towards doing the right thing.


cc:   Sue McClenachan, Chairperson
      Barry Nova, Vice Chairman
      Allan H. Bernard, Treasurer
      Tom Barr, Assistant Treasurer
      Darlene Gerald, Secretary

JLSK 0027