**EXHIBIT DD-5**

*2006 U.S. App. LEXIS 16167, **

ANGELA R. GILDER-LUCAS, Plaintiff-Appellant, versus ELMORE COUNTY BOARD OF EDUCATION, ELMORE COUNTY SCHOOL BOARD, BRUCE FULMER, in his individual and official capacity as Superintendent of Education, CAROL MCGALLIARD, in her individual and official capacity as Assistant Superintendent of Education, JAMES MYERS, in his individual and official capacity as Assistant Superintendent of Education, et al., Defendants-Appellees.

No. 05-16561 Non-Argument Calendar

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

2006 U.S. App. LEXIS 16167

June 26, 2006, Decided
June 26, 2006, Filed

**NOTICE:** [*1] NOT FOR PUBLICATION

**PRIOR HISTORY:** Appeal from the United States District Court for the Middle District of Alabama. D. C. Docket No. 04-00825-CV-T-N. Gilder-Lucas v. Elmore County Bd. of Educ., 399 F. Supp. 2d 1267, 2005 U.S. Dist. LEXIS 27238 (M.D. Ala., 2005)

**DISPOSITION:** AFFIRMED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff teacher appealed from the United States District Court for the Middle District of Alabama, which granted summary judgment to defendants, a county board of education, a county school board, and school officials, on the teacher's claims under the First and Fourteenth Amendments of the United States Constitution.

**OVERVIEW:** The teacher was a nontenured public high school science teacher and junior varsity cheerleader sponsor who alleged that her contract was not renewed because she raised concerns about the fairness of cheerleader tryouts in response to an inquiry by the principal at the school. She argued that her speech was protected under the First Amendment because it concerned the educational quality of the school and did not further her private interests. She also asserted that she was denied her right of free speech without due process and had a property interest in reemployment. Affirming, the court held that the teacher's response to her principal's questionnaire was not protected by the First Amendment. The court also ruled that the school board did not violate the teacher's right of due process when it did not renew her contract. Because she was a nontenured teacher and the record revealed no other basis of entitlement to reemployment, the district court correctly granted summary judgment against the teacher's claims under the Fourteenth Amendment. Under Alabama law, she had no right, statutory or otherwise, to be reemployed.

**OUTCOME:** The court affirmed the judgment.

**CORE TERMS:** summary judgment, cheerleader, nontenured, tryouts, questionnaire, property interest, re-employment, public employee, junior varsity, sponsor, teacher, duty, science teacher, moving party, entitlement, correctly, renewed, responded, resign, renew

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Summary Judgment > Appellate Review > Standards of Review

Civil Procedure > Summary Judgment > Standards > General Overview

**HN1** The United States Court of Appeals for the Eleventh Circuit reviews a district court's grant of summary judgment de novo, applying the same legal standard that the district court employed in the first instance. A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When reviewing a grant of summary judgment, the court of appeals may affirm if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied. More Like This Headnote

Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Public Employees

Governments > State & Territorial Governments > General Overview

Governments > State & Territorial Governments > Employees & Officials

**HN2** A state may not demote or discharge a public employee in retaliation for speech protected by the First Amendment, but the U.S. Supreme Court has explained that a public employee who does not speak as a citizen on a matter of public concern has no First Amendment cause of action based on his or her employer's reaction to the speech. When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. More Like This Headnote

Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection

Constitutional Law > Bill of Rights > State Application

Governments > Legislation > Statutory Remedies & Rights

Governments > State & Territorial Governments > Employees & Officials

**HN3** The Fourteenth Amendment protects against the government's deprivation of liberty or property without procedural due process. State law determines whether a public employee has a property interest in his or her job. More Like This Headnote

Education Law > Faculty & Staff > Employment Contracts

Education Law > Faculty & Staff > Personnel Actions > Personnel Reductions

Governments > Legislation > Statutory Remedies & Rights

**HN4** Under Alabama law, a nontenured teacher has no right, statutory or otherwise, to be reemployed. More Like This Headnote

**COUNSEL:** For Angela R. Gilder-Lucas, Appellant: Roderick Dale Graham, Graham and Associates, BIRMINGHAM, AL.

For Elmore County Board of Education, Appellee: Jayne Leslie Harrell, Hill, Hill, Carter, Franco, Cole, & Cole, & Black, PC, MONTGOMERY, AL.

For Elmore County School Board, Bruce Fulmer, Carol McGalliard, Appellees: Elizabeth Brannen Carter, Hill, Hill, Carter, Franco, Cole & Black, MONTGOMERY, AL.

For James Myers, Appellee: Elizabeth Brannen Carter, Hill, Hill, Carter, Franco, Cole & Black, MONTGOMERY, AL; James R. Seale, Hill, Hill, Carter, Franco, Cole & Black, P.C., MONTGOMERY, AL.

**JUDGES:** Before MARCUS, WILSON and PRYOR, Circuit Judges.

**OPINION:**

PER CURIAM:

Angela Gilder-Lucas appeals the grant of summary judgment against her claims under the First and Fourteenth Amendments of the United States Constitution. Gilder-Lucas was a nontenured public high school science teacher and junior varsity cheerleader sponsor who alleges that her contract was not renewed because she raised concerns about the fairness of cheerleader [*2] tryouts in response to an inquiry by the principal at the school. We apply **Garcetti v. Ceballos, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (U.S. 2006)**, and conclude that Gilder-Lucas's speech was not protected by the First Amendment because she spoke "pursuant to [her] official duties," **id. slip op. at 9**. We also conclude that Gilder-Lucas had no protectable property interest under the Fourteenth Amendment because she was not entitled to re-employment under state law. We affirm.

## I. BACKGROUND

The Elmore County Board of Education hired Angela Gilder-Lucas as a nontenured science teacher at Stanhope Elmore High School in January 2003. Gilder-Lucas also was a junior varsity cheerleading sponsor. Two parents complained about unfairness in the cheerleader tryouts that were held in March 2004. The school principal, Louie Fryer, conducted an investigation into those complaints and asked Gilder-Lucas to complete a questionnaire that included several questions about the tryouts. On April 19, 2004, Gilder-Lucas responded to the questionnaire and raised several concerns about the tryouts. On May 12, 2004, Fryer told Gilder-Lucas he would not renew her contract. Fryer offered to permit Gilder-Lucas to resign, [*3] but Gilder-Lucas did not resign and her contract was not renewed.

Gilder-Lucas filed a complaint that alleged she was fired because she expressed concerns about the cheerleader tryouts. The district court granted summary judgment against Gilder-Lucas's claims under the First and Fourteenth Amendments because it concluded that Gilder-Lucas's "response to Fryer's [questionnaire] did not address issues of public concern" and "is rightly considered speech made primarily in her role as an employee that does not trigger First Amendment protection." The district court also concluded that Gilder-Lucas did not have a cognizable property interest because nontenured teachers are not entitled to re-employment under the laws of Alabama.

## II. STANDARD OF REVIEW

HN1 "This court reviews the district court's grant of summary judgment de novo, applying the same legal standard that the district court employed in the first instance." Yang v. Government Emples. Ins. Co., 146 F.3d 1320, 1322 (11th Cir.1998). "[A] moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [*4] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting Fed. R. Civ. P. 56(c)). "When reviewing a grant of summary judgment, the court of appeals may affirm if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied." Id. at 1117.

## III. DISCUSSION

Gilder-Lucas argues that her speech was protected under the First Amendment because it concerned the educational quality of the school and did not further her private interests. Gilder-Lucas also argues that she was denied her right of free speech without due process and had a property interest

in re-employment. We discuss each issue in turn.

First, Gilder-Lucas's response to Fryer's questionnaire is not protected by the First Amendment. HN2 ✥"A state may not demote or discharge a public employee in retaliation for [] speech" protected by the First Amendment, Morgan v. Ford, 6 F.3d 750, 754 (11th Cir. 1993), but the Supreme Court has [*5] explained that a public employee who does not speak as a citizen on a matter of public concern "has no First Amendment cause of action based on his or her employer's reaction to the speech," Ceballos, 126 S. Ct. 1951, 164 L. Ed. 2d 689, slip op. 1, at 6. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. 126 S. Ct. 1951, 164 L. Ed. 2d 689, slip op. at 9. Because the record reveals no genuine question about whether Gilder-Lucas responded to Fryer's questionnaire pursuant to her duty as a junior varsity cheerleader sponsor rather than as a citizen, the district court correctly granted summary judgment against Gilder-Lucas's claim under the First Amendment.

Second, the school board did not violate Gilder-Lucas's right of due process when it did not renew her contract. HN3✥"The Fourteenth Amendment protects against the government's deprivation of liberty or property without procedural due process." Warren v. Crawford, 927 F.2d 559, 562 (11th Cir. 1991). "State law determines whether a public employee has a property interest in his or her job." [*6] Id. HN4✥"Under Alabama law . . . [,] a nontenured teacher has no right, statutory or otherwise, to be re-employed." Foster v. Blount County Bd. of Educ., 340 So. 2d 751, 752 (Ala. 1976). Because Gilder-Lucas was a nontenured teacher and the record reveals no other basis of entitlement to re-employment, e.g., Perry v. Sindermann, 408 U.S. 593, 601, 92 S. Ct. 2694, 2699, 33 L. Ed. 2d 570 (1972) (stating that "mutually explicit understandings" can "support [a] claim of entitlement to the benefit" for the purpose of due process), the district court correctly granted summary judgment against Gilder-Lucas's claims under the Fourteenth Amendment.

## IV. CONCLUSION

Gilder-Lucas's arguments fail.

**AFFIRMED.**

Service: Get by LEXSEE®
Citation: 2006 U.S. App. LEXIS 16167
View: Full
Date/Time: Wednesday, July 26, 2006 - 3:22 PM EDT

* Signal Legend:
● -  Warning: Negative treatment is indicated
[Q] -  Questioned: Validity questioned by citing refs
⚠ -  Caution: Possible negative treatment
◆ -  Positive treatment is indicated
ⓐ -  Citing Refs. With Analysis Available
ⓘ -  Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.



About LexisNexis | Terms & Conditions
LexisNexis® Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.