# EXHIBIT R



# The Housing Authority of the Town of Greenwich

*This pg 1*

**DEFENDANT'S EXHIBIT** 34 5/23/03

## MEMORANDUM

TO: Ursula Milde, Administrator

FROM: Benjamin W. Little, Chief Executive Officer

DATE: May 30, 2000

SUBJECT: Written Disciplinary Reprimand and 90-Day Opportunity to Improve

You are hereby notified that this "Written Disciplinary Reprimand" is being made part of your personnel file for the following causes:

1. Deceptive actions.

2. Acts of insubordination.

3. Failure to follow the policies and procedures of the Housing Authority of the Town of Greenwich (HATG).

4. Failure to communicate issues and problems relating to the Parsonage Cottage Senior Residence in timely manner to the CEO, Benjamin W. Little.

5. Failure to follow the recognized and mandated hiring procedures of HATG.

6. Short-circuiting the administrative chain of authority.

7. Improper influence of the hiring procedures (possible coercive activities and alteration of public documents).

The facts and circumstances relating to each of the above causes for this written "Written Disciplinary Reprimand" follow:

249 Milbank Avenue, Greenwich, Connecticut 06830 • Tel: 203-869-1138 • Fax: 203-869-2037

EQUAL OPPORTUNITY AGENCY

MILDE0482

1. Deceptive Actions

   A. On or about April 24, 2000, you forwarded a memo to Benjamin W. Little, CEO, entitled "Recreation Coordinator." You state in a pertinent part that "the position for Recreation Coordinator was approved prior to Parsonage Cottage Senior Residence's opening" and that we were mandated to provide recreational services to the residents of Parsonage Cottage Senior Residence.

   Finding

   A thorough search of the Housing Authority's records failed to substantiate the fact that this position was in fact approved. A job description was approved in October 1996, but the Housing Authority chose not to approve the position. The Housing Authority chose instead to contract a private non-profit company to provide the recreational services required by statute.

   B. This memo further states that you attempted to fill this position and that as a result of being unable to find a qualified individual, "you" contracted CCI to provide these services.

   Finding

   An extensive search of documents relating to this position was conducted and as a result, a contract dated 02/03/97 was discovered. This contract revealed that "you" did not contract with CCI to provide recreational services but it was Thomas Crawford, the former Executive Director of the Housing Authority.

   C. On or about March 24, 2000, during a staff meeting, Benjamin W. Little, CEO, was made aware that you were going to end the contract with CCI for recreational services and that you were going to hire a full-time person. Your statements at this meeting inferred that you had not terminated the recreational services of CCI at the time of this meeting.

   Finding

   An extensive review of this matter and an interview of Barbara Nolan, Executive Director of CCI, revealed that you terminated these services prior to this staff meeting.

   The interview with Barbara Nolan revealed that she was under the impression that the Housing Authority had authorized you to terminate this contract. You did not have the authority to terminate this contract nor were you authorized by the Housing Authority to do so.

2

D. In a report submitted by you to the Board of Commissioners some time in April, 2000 you stated "CCI was under contract to provide these services, <u>but for their own reasons is not able to continue</u>, (emphasis added) as we require it."

Finding

An interview with Barbara Nolan revealed that CCI's services were still being provided and that you indicated to her that you were going to terminate this contract.

E. During the March, 2000 staff meeting you indicated a need for a full-time position of Recreation Coordinator.

In addition, your March 25, 2000, memo to Benjamin Little, CEO, entitled "Response to your memo dated 3/24/00" you stated in pertinent part "We did not renew the contract in 1999, and at this point it is very clear that <u>we need</u> an in-house recreational activities therapist who has knowledge and interest in developing a therapeutic recreation and activity program for all the elderly residents at Parsonage Cottage, which addresses their needs. The coordinator <u>would be</u> on staff and would have to work some weekends and evening hours, as well as some holidays, like all our staff."

Finding

You give the impression that the position of "recreational activities therapist" was in the planning stages. Yet in a subsequent fax dated April 17, 2000, you state that you posted and interviewed two candidates in "early March." You did not report to Benjamin Little, CEO, that you had already posted for this position and offered it to a candidate (Agata Wilinski).

F. On April 17, 2000, you forwarded a fax to Benjamin Little, CEO, with an attached posting for the position of "Recreation Coordinator." This attachment is entitled "Housing Authority of the Town of Greenwich Announces Open Competitive Application for the Position of Recreation Coordinator at Parsonage Cottage Senior Residence." Per this document, the required qualifications for this position are "Previous recreation/activities or similar experience, preferably with the elderly and educational background in recreation (degree not necessary, but desirable)."

3

### Finding

A comparison of the approved job description dated October, 1996 to the faxed job posting, revealed that you altered the description of the job to meet the qualifications and experience of your candidate Agata Wilinski. The 1996 job description states the qualifications to be an Associates degree in Recreation Therapy or Leisure studies plus one year of related experience working with elderly people, or equivalent. No review or approval was given to alter the Recreation Coordinator job description.

G. On April 17, 2000 a memo entitled "Recreational Coordinator" was sent to you by Benjamin Little, CEO, advising you that the position was not approved. You were further told that you were not to take any further action regarding this position. Subsequently, you filed a request for a grievance hearing by the Board of Commissioners and forwarded an altered job posting that purportedly was used for the position of Recreational Coordinator.

### Finding

Again you attempted to mislead the Board of Commissioners by trying to convey that this position was not filled. The words "Closing date for final application: April 28, 2000, were added to the job posting faxed to Benjamin Little, CEO, as referred to in Section F. These words suggest others would have the opportunity to apply. In fact, you had already promised the job to Agata Wilinski.

H. After being advised that this position was not authorized, you then contacted Barbara Nolan, Executive Director of CCI, and tried to coerce her into hiring Ms. Wilinski and assign her to Parsonage Cottage Senior Residence with the promise that you would sign a new contract with CCI.

### Finding

Your endeavors were inappropriate and not authorized, nor was Benjamin Little, CEO aware of your actions. Furthermore, you had been advised in a memo from Mr. Little dated March 24, 2000 that "all contracts must be approved by the Board of Commissioners and signed by me."

I. On May 23, 2000, you represented to Kurt Gottschalk, a reporter for the Greenwich Times, that the residents at Parsonage Cottage are experiencing level of neglect and abuse that are in violation of state standards because of the vacancy of a Recreational Coordinator. You further inferred that the residents were not receiving an adequate level of nursing.

4

### Finding

Again, you failed to provide a truthful representation. CCI is presently providing recreational activities pursuant to state statute. In addition, Nancy R. Wisecup, R.N. is providing nursing services.

J. Your report to the Greenwich Times further stated that the Board of Commissioners had approved the hiring of a staff recreation director.

### Finding

This again was not true. You had been advised that this staff position was not authorized.

2. Acts of Insubordination (6 counts)

- See Section D in this reprimand. The posting and selecting a candidate for the position of Recreational Coordinator was not authorized or approved.
- See Section E in this reprimand. You terminated the contract with CCI without the authority, approval and/or permission of the Board of Commissioners and Benjamin Little, CEO.
- See Section F of this reprimand. You changed the qualifications for the position of Recreational Coordinator without the permission, authorization, or approval of the Board of Commissioners and Benjamin Little, CEO.
- See Section G in this reprimand. You were advised by Benjamin Little, CEO, not to take any further action regarding the filling of the position of Recreational Coordinator. However, you willfully and intentionally disregarded this directive and contacted Barbara Nolan and tried to coerce her into hiring Agata Wilinski.
- You failed to recognize the chain of authority and follow the policies and procedures of the Housing Authority.
- You disregarded the Board of Commissioners' decision not to hear your grievance.

3. Failure to follow the policies and procedures of the Housing Authority of the Town of Greenwich (HATG) (1 count).

You failed to follow the proper procedure as required by the Housing Authority for filling employment positions.

5

4. Failure to communicate issues and problems relating to the Parsonage Cottage Senior Residence in a timely manner to Benjamin Little, CEO (continuing Pattern).

   See Sections A through I.

   You have shown a consistent pattern of failing to communicate your actions with Benjamin Little, CEO, of the Housing Authority.

5. Failure to follow the recognized and mandated hiring procedures of HATG.

   See Sections B through F of this written reprimand.

   Your actions in the unauthorized posting for the position of Recreational Coordinator were not in compliance with the Housing Authorities procedures.

6. Short-circuiting the administrative chain of authority.

   See Sections A through J.

   Your pattern of behavior in all instances related to employment responsibilities shows a willful and intentional disregard of the Housing Authority's chain of authority. Your own statements that you are the Administrator of Parsonage and the most qualified individual to run same evidences your total disregard of the management policies and procedures of the Housing Authority.

7. Improper influence of the hiring procedures (possible coercive activities and alteration of public documents).

   See Section H.

Signed: _Benjamin W. Little_  Date: 6/2/00

Employee Signature: _Ursula Milde_  Date: 6/2/00

Notice to Employee: I do **not** agree with many of the statements noted above and will

By signing this reprimand you are not agreeing or admitting to any of the facts and circumstances provided. Your signature is to evidence that you have been made aware of this written reprimand and have been afforded the opportunity to discuss it.

respond to them in writing, as I already responded verbally in this meeting. U. Milde
I consider many of the statements as not being factual.