UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,  :  <br>        Plaintiff  : <br> : <br> v.  : <br> : <br> THE TOWN OF GREENWICH;  : <br> HOUSING AUTHORITY OF THE  : <br> TOWN OF GREENWICH;  : <br> THE HOUSING AUTHORITY OF THE  : <br> TOWN OF GREENWICH BOARD OF  : <br> COMMISSIONERS; and  : <br> BENJAMIN LITTLE, CEO,  : <br> : <br>        Defendants.  : <br> : | CIV NO. 3:00CV2423 (AVC) <br><br> September 6, 2006 |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Defendants, The Housing Authority Of The Town Of Greenwich, The Housing Authority Of The Town Of Greenwich Board Of Commissioners, and Benjamin Little, ("Defendants"), by and through their attorneys, Jackson Lewis LLP, respectfully request that the Court include the following questions in its examination of prospective jurors pursuant to Rule 47(a) of the Federal Rules of Civil Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instances, to include an inquiry as to whether the particular fact or circumstance would affect the juror's ability to render a fair and impartial verdict, or influence the juror in favor of or against the Plaintiff or the Defendants.

## INTRODUCTION

Plaintiff Ursula Milde, a former employee of Defendant The Housing Authority Of The Town Of Greenwich, brings this action against The Housing Authority Of The Town Of Greenwich, its Board of Commissioners, and Benjamin Little, the former Chief Executive Officer, for alleged retaliation in violation of her First Amendment right of Free Speech. The Housing Authority, its Board of Commissioners, and Mr. Little deny these allegations and assert that Ms. Milde was terminated from her employment for legitimate business reasons.

The jury selection process is called "voir dire." It is very important that you follow your oath to tell the truth in answering my questions. Before we begin voir dire, I will explain certain things that may occur. As I direct questions to you, you may notice the parties taking notes on your responses. The parties may also have a chart with your names listed in the proper seating order; this is done so they can remember who you are. During the course of this process, the parties may excuse certain jurors.

In order to learn what experiences you have had that may affect your evaluation of the evidence, at times I may ask you questions that could seem offensive or prying. I am not trying to make you feel uncomfortable or embarrassed. Rather, I am trying to assist the parties to the case in finding out more about you as jurors.

If, in answer to any of my questions or otherwise, there is any matter you would prefer to discuss with me privately, please say so, and the attorneys and I will hear from you outside of the presence of the other jurors.

## RELATIONSHIP QUESTIONS

1.  Does any juror have any personal knowledge of the allegations of the Complaint as I have described them?

2. Does any juror know, or has he or she had any dealings, either directly or indirectly with, or has he or she heard of the Plaintiff, Ursula Milde, or any relatives, friends or associates of Ms. Milde? Does any juror have any relatives, friends, associates, employers or employees who have, or have had, any dealings with Ms. Milde? If so, what is the nature of the contact or relationship, or what have you heard about that contact or relationship?

3. Does any juror know, or has he or she had any dealings, either directly or indirectly with Defendant The Housing Authority Of The Town Of Greenwich? Does any juror have any relatives, friends, associates, employers or employees who have, or have had any dealings with The Housing Authority Of The Town Of Greenwich? If so, what is the nature of the contact or relationship, or what have you heard about that contact or relationship?

4. Does any juror know, or has he or she had any dealings, either directly or indirectly with the Board of Commissioners for The Housing Authority Of The Town Of Greenwich who, at the relevant time period, were: Sue McClenachan, Barry Nova, Darlene Gerald, Allan Bernard, and Tom Barr? Does any juror have any relatives, friends, associates, employers or employees who have, or have had any dealings with these individuals? If so, what is the nature of the contact or relationship, or what have you heard about that contact or relationship?

5. Does any juror know, or has he or she had any dealings, either directly or indirectly with Defendant Benjamin Little? Does any juror have any relatives, friends, associates, employers or employees who have, or have had any dealings with Mr. Little? If so, what is the nature of the contact or relationship, or what have you heard about that contact or relationship?

6. The plaintiff is represented here by attorney Mark P. Carey, Esq. from Southport, Connecticut. Does any juror know, or has he or she had any dealings, either directly or indirectly with, or has he or she heard of Mr. Carey, or any relatives, friends, or associates of Mr. Carey? If so, what is the nature of the contact or relationship, or what have you heard about him?

7. Defendants are represented here by attorneys Francis P. Alvarez and Susanne Kantor, who are with the law firm Jackson Lewis LLP. Does any juror know Mr. Alvarez or Ms. Kantor? Has any juror had any dealings, either directly or indirectly, with Mr. Alvarez or Ms. Kantor, their relatives or any attorneys or employees of their law firm? If so, what is the nature of the contact or relationship, or what have you heard about them?

8. Does any juror know, or has he or she had any dealings, either directly or indirectly with, or has he or she heard of, any of the following individuals who may be witnesses in this case, or who may be mentioned during this trial, or members of their families?

    a. Plaintiff Ursula Milde
    b. Benjamin Little
    c. Sue McClenachan
    d. Barry Nova
    e. Alan Bernard
    f. Tom Barr
    g. Darlene Gerald
    h. Louis Pittoco
    i. Maria Morris
    j. Kurt Gottschalk
    k. Sim Bernstein
    l. Agata Wilinski
    m. Penny Lore
    n. Felix Andreoni
    o. Nancy Wisecup
    p. Thomas Crawford
    q. Barbara Nolan
    r. Dorrante Saccente
    s. Betsy Unger
    t. Leroy Franz

    u. Sam Romeo
    v. Andee Cantavero
    w. Lori Nuremberg

  If so, what is the nature of the contact or relationship, or what have you heard about them?

  9. Have you, or any member of your family, or any close friend, ever been involved as a plaintiff or defendant in litigation? If yes, please state the circumstances of the litigation.

  10. Has any juror, or any member of his or her family, or someone he or she knows, ever been employed by The Housing Authority Of The Town Of Greenwich or Parsonage Cottage Senior Residence? If so, what kind of work did/does that person do? Has that person ever expressed any opinion about The Housing Authority Of The Town Of Greenwich or Parsonage Cottage Senior Residence? Would this affect your ability to decide this case in an impartial manner?

  11. Have you, or any member of your family, or any close friend, ever had any kind of problem with The Housing Authority Of The Town Of Greenwich or Parsonage Cottage Senior Residence, or any other similar Agency? If yes, what kind of problem?

  12. Do you, or any member of your family, or any close friend, know anyone who has resided at The Housing Authority Of The Town Of Greenwich or Parsonage Cottage Senior Residence? Who? How do you know him or her?

  13. Do you have any opinion about the reputation of The Housing Authority Of The Town Of Greenwich or the Parsonage Cottage Senior Residence or their operations?? If yes, please explain.

  14. Has any juror, or any member of his or her family, or any close friend,

ever been involved as a witness or a party in a lawsuit where The Housing Authority Of The Town Of Greenwich or Parsonage Cottage Senior Residence or any other similar Agency or entity was a party? If yes, please state the circumstances of the litigation.

15. Has any juror ever read anything about The Housing Authority Of The Town Of Greenwich in a newspaper or watched anything about them or Parsonage Cottage Senior Residence on television? If so, would this affect your ability to decide this case in an impartial manner?

## **PERSONAL HISTORY QUESTIONS**

16. Where do you live?

17. Who are the members of your household?

18. Have you ever served as a juror before?

   a. If so, when?

   b. What kind of case was it?

   c. Did the jury reach a verdict in that case?

19. What is your educational background?

20. What do you do in your leisure time?

21. Do you belong to any political, community or other organizations or associations? If so, please describe.

22. Do you now or have you ever worked as a lawyer or worked for a lawyer? What kind of legal practice do you/did you work in? Have you ever handled or worked on an employment discrimination case? Please explain.

23. Do you have any friends or relatives who are lawyers or who work for lawyers? Do any of these people work on employment discrimination cases or claims? Please explain.

24. Have you ever been subject to any professional disciplinary proceedings?

25. Have you or has any family member or close friend ever resided in a nursing home, assisted living facility or home for the aged?

    a. If so, who resided in the home, when did this occur, and were you satisfied with the care you or they received?

    b. Would anything about those experiences potentially impact your ability to be fair and impartial in this case?

    c. Do you have any opinions (good or bad) about the operations of nursing homes, assisted living facilities or homes for the aged?

26. Have you ever served in any branch of the military or armed services?

    a. If so, when and in what capacity?

27. Have you ever served in any form of law enforcement?

    a. If so, when and in what capacity?

## EMPLOYMENT QUESTIONS

28. Are you employed?

29. Have you ever experienced a period of unemployment during the past five (5) years?

30. Where do you work now (or at your last job)?

31. How long have you been (were you) employed there?

32. What is (was) your title?

33. What are (were) your job duties?

34. If self-employed, what is the nature of your business?

35. Have you ever belonged to a labor union or been involved in any union activities?

36. Have you ever been employed by any agency of the local, state or federal

government?

37. Do you have any background in personnel staffing or human resources?

38. Do you, or have you ever, supervised other employees?

   a. If so, have you ever had strong disagreements with those employees?

   b. If so, were you able to work through those disagreements?

   c. Would you hold it against either party because they were not able to resolve their dispute?

39. Have you ever disciplined or terminated another individual's employment?

   a. If so, how many times?

   b. Please describe generally the circumstances surrounding the discipline, including the type of discipline imposed.

   c. Would those experiences make it difficult for you to be fair and impartial to the parties?

40. Have you, or has any member of your family or any close friend, ever been disciplined, suspended, laid off or fired? If yes, please describe the circumstances and how you/they feel about it.

41. Have you, or has any member of your family or close personal friend, to your knowledge, ever encountered difficulties on the job with a coworker or supervisor? If yes, please describe the circumstances and how you/they feel about it.

42. Have you, or has any member of your family or close personal friend, to your knowledge, ever filed any claim or lawsuit against your or their employer? If yes, please describe the circumstances.

43. Have you ever thought about suing an employer for any reason?

44. Have you, or has any member of your family or a close personal friend, ever felt or believed that you or they were discriminated against either on the job or elsewhere? Do you know anybody who has been discriminated or retaliated against on his or her job or elsewhere? If yes, please explain.

45. Have you ever been a witness or provided testimony about any informal or formal complaint of discrimination or retaliation? If yes, please describe.

46. Has your job ever required you to make any unpleasant decisions that affected others?

47. Have you ever terminated another person's employment or effectively recommended that an individual's employment be terminated?

## ABILITY TO FOLLOW THE PROCEEDINGS

48. Do you have any problem hearing or seeing, or any problem reading, speaking or understanding the English language?

49. Do you have any medical, physical or psychological condition that would make it difficult for you to serve as a juror?

50. Do you have any specific problems at home or at work that might interfere with your ability to concentrate on the case during trial?

## ABILITY TO RENDER FAIR VERDICT GENERALLY

51. Do you have any personal prior knowledge of this lawsuit?

52. Would you entertain any prejudice against The Housing Authority Of The Town Of Greenwich, its Board of Commissioners, or Mr. Little, or sympathize with Plaintiff Ursula Milde, because she claims she was retaliated against in violation of her First Amendment right to free speech?

53. Have you read, heard or witnessed anything in the mass media concerning allegations of First Amendment violations in or out of the workplace that might cause you to sympathize with or entertain prejudice against either party?

54. Do you have any preconceived opinions about municipalities or public agencies and whether they unlawfully restrict employees' speech?

55. Is there any reason why you would tend to give a plaintiff's testimony more or less weight than a defendant's testimony on the same subject?

56. Do you think that supervisors who are being accused of unlawful conduct are less trustworthy witnesses because of the nature of the charges or because they want to protect their jobs or reputations?

57. Do you feel that you can set aside any opinion you might have now about this case and decide the case on the evidence presented in court?

58. Will you have any difficulty keeping an open mind until hearing all the evidence, the arguments of both sides and the instructions on the law I will give you?

59. Do you believe The Housing Authority Of The Town Of Greenwich, its Board, and Mr. Little are entitled to the same fair and impartial treatment by you as a juror as the Plaintiff, Ms. Milde, is entitled to in this case?

60. If, after hearing all the evidence in this case, you felt sorry for the plaintiff but you also found that she had not been retaliated against in violation of her First Amendment rights, would you be prepared to deny the Plaintiff any damages?

61. If Plaintiff Ursula Milde fails to prove that she was retaliated against in violation of her First Amendment rights, would you be able to find in favor of the Defendants even if you disagree with the Defendants' reasons for terminating Ms. Milde's employment?

62. As a result of any of your life experiences, do you believe there is anything that would cause you to lean in favor of either the Plaintiff or the Defendants in this case?

63. Do you have any concern about your ability to serve as a fair and impartial juror on a case involving a public agency?

### ABILITY TO APPLY THE LAW AS GIVEN BY THE COURT

64. Under our system of justice, decisions concerning the facts of the case are the responsibility of the jury, and decisions concerning the law are the responsibility of the Court. Those responsibilities are separate and distinct, and just as the Court may not intrude upon your area of responsibility, you may not intrude upon the Court's. At the close of this trial, I will instruct you as to the law that you are to apply in your deliberations. When I give you the law, you are required to accept it as stated. With this in mind, do you feel that for any reason you may not be willing or may not be able to apply the law as given by the Court?

65. Do you feel that you would be able to follow the Court's instructions regarding the law to be applied to this case even if you disagreed with the Court's instructions or felt that the law ought to be something different from what the Court tells you?

66. Will you be able to accept the Court's legal instruction that sympathy must not enter into the deliberations of the jurors, and that only the evidence presented here in court may be considered in your deliberations?

67. If you are selected as a juror, could you find against Plaintiff Ursula Milde if the evidence shows she has not proven her claim, even if you personally liked her?

## **CONCLUDING QUESTIONS**

68.  Is there any matter not covered by my questions that should be brought to my attention because it would affect your ability to sit as a juror in this case and to render a fair and impartial verdict?

69.  Do you know of any reason why you should not be a juror in this case? If yes, please explain.

## **INSTRUCTIONS FOLLOWING IMPANELING OF THE JURY**

70.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. It is your duty not to discuss this case among yourselves or with others, or to permit others to speak to you about this case. This rule about not discussing the case with others includes even with members of your own family or friends. In fact, the Plaintiff, her attorney, and the defendants and their attorneys have all been instructed not to speak with you at all, not even to offer a friendly greeting. So don't be surprised if they fail to acknowledge your presence if you should see them at times when the trial is not in progress. They are not being rude to you. They are simply following my instructions. Should you find yourselves in the presence of other persons who are discussing the case, it is your duty to remove yourself from that discussion.

71.  If any person should attempt to communicate with you about this case at any time throughout the trial, you must immediately report that to the Judge, and to no one else. When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

* * * * *

Respectfully submitted,

DEFENDANT HOUSING AUTHORITY OF THE TOWN OF GREENWICH; THE HOUSING AUTHORITY OF THE TOWN OF GREENWICH BOARD OF COMMISSIONERS; AND BENJAMIN LITTLE, CEO

By: _____
Francis P. Alvarez (CT 10350)
alvarezf@jacksonlewis.com
Susanne Kantor (CT 19556)
kantors@jacksonlewis.com
JACKSON LEWIS LLP
One North Broadway
White Plains, NY 10601
Phone: (914) 514-6149
Fax: (914) 328-1882
Their Attorneys

Dated: September 6, 2006
       White Plains, New York

- 13 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,<br><br>          Plaintiff<br><br>v.<br><br>THE TOWN OF GREENWICH;<br>HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH;<br>THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH BOARD OF<br>COMMISSIONERS; and<br>BENJAMIN LITTLE, CEO,<br><br>          Defendants. | CIV NO. 3:00CV2423 (AVC) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Proposed Voir Dire has been served via First Class Regular Mail, on September 6, 2006, on counsel of record for Plaintiff at the address listed below:

Mark P. Carey, Esq.
Carey & Associates P.C.
71 Old Post Rd.
Southport, CT 06490
*Attorneys for Plaintiff*

_____
Susanne Kantor