UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **URSULA MILDE,** : | |
| : | **CIV NO. 3:00CV2423 (AVC)** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **THE TOWN OF GREENWICH;** : | |
| **HOUSING AUTHORITY OF THE** : | |
| **TOWN OF GREENWICH;** : | |
| **THE HOUSING AUTHORITY OF THE** : | **September 8, 2006** |
| **TOWN OF GREENWICH BOARD OF** : | |
| **COMMISSIONERS; and** : | |
| **BENJAMIN LITTLE, CEO,** : | |
| : | |
| **Defendants.** : | |

To:    Mark P. Carey, Esq.
       Carey & Associates P.C.
       71 Old Post Rd.
       Southport, CT 06490
       *Attorney for Plaintiff*

## DEFENDANTS' PROPOSED JURY CHARGES

Defendants, The Housing Authority Of The Town Of Greenwich, ("HATG"), The

Housing Authority Of The Town Of Greenwich Board Of Commissioners; and Benjamin Little,

("Defendants"), by and through their undersigned counsel, request that the jury in this matter be

charged in the form attached and marked as Defendants' Request to Charge Nos. 1 through 29,

inclusive, as if each paragraph were a separate request and a separate charge.  Defendants reserve

their rights to modify, amend or supplement their proposed jury charges in accordance with the

rules of the Court.

Respectfully submitted,

DEFENDANT HOUSING AUTHORITY OF THE
TOWN OF GREENWICH; THE HOUSING
AUTHORITY OF THE TOWN OF GREENWICH
BOARD OF COMMISSIONERS; AND BENJAMIN
LITTLE, CEO

By: _____

    Francis P. Alvarez (CT 10350)
    alvarezf@jacksonlewis.com

    Susanne Kantor (CT 19556)
    kantors@jacksonlewis.com

    JACKSON LEWIS LLP
    One North Broadway
    White Plains, NY 10601
    Phone: (914) 514-6149
    Fax:  (914) 328-1882
    Their Attorneys

Dated: September  8, 2006
      White Plains, New York

## DEFENDANTS' REQUEST TO CHARGE NO. 1
## PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DUTY OF JURORS

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the plaintiff. In this action the plaintiff is Ursula Milde ("Plaintiff" or "Ms. Milde"). The party against whom the suit is brought is called the Defendants. In this action the Defendants are the Housing Authority of the Town of Greenwich, its Board of Commissioners, and Mr. Benjamin Little.

Plaintiff has brought a claim against the Defendants upon which you will be asked to return a verdict. After all the evidence is presented during trial, you will be given specific instructions on the law relating to Plaintiff's claim which you must apply to the facts as you determine them. By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the matter in which you should determine the credibility or lack of credibility of each witness and the weight to be given to their testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable

law.  While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the parties.   It is the duty of the attorney, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.   You should not show prejudice against an attorney or his or her client because the attorney has made objections.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  If I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions about the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing in regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you and reach a just verdict, regardless of the consequences.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §101.01 (5th ed. 2000) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 2
## PRELIMINARY INSTRUCTIONS BEFORE TRIAL - THE ORDER OF THE CASE

The case will proceed in the following order:

First, Plaintiff will make an opening statement outlining her case. Immediately after Plaintiff's statement, Defendants will make opening statements outlining their respective case. None of the parties are required to make an opening statement. What is said in opening statements is not evidence, but is simply designed to provide you with an introduction as to the evidence that the parties intend to produce.

Second, Plaintiff will introduce evidence in support of her claim. At the conclusion of Plaintiff's case, Defendants may introduce evidence. Defendants, however, are not obligated to introduce any evidence or to call any witnesses. If Defendants introduce evidence, Plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences that they contend you should draw from the evidence. What is said in closing arguments, just as what is said in opening statements, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Because Plaintiff has the burden of proof, Plaintiff has the right to open and close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §101.02 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 3**
**PRELIMINARY INSTRUCTIONS BEFORE AND AFTER TRIAL – EVIDENCE IN THE**
**CASE**

Statements and arguments of counsel are not evidence in the case. While the attorneys may present explanations for their clients, these statements and arguments are not evidence. The attorneys are not witnesses in this case. Evidence is introduced by witnesses, not by attorneys.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consisted of the sworn testimony of the witnesses, regardless of which party may have called them; all exhibits received in evidence, regardless of who has produced them; all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §103.30 (5th ed. 2000) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 4
## PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS

MEMBERS OF THE JURY:

Ladies and gentlemen of the jury, now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by me and apply them to the evidence in this case. In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

My instructions to you will consist of three sections. First, I will give you some general instructions applicable in every case. Second, I will instruct you regarding the specific issues that will need to be decided by you in this case relating to alleged retaliation in violation of the First Amendment and damages. Finally, I will give you some instructions regarding the conduct of your deliberations. A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

DUTIES OF THE JURY

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer. You must answer these

questions by applying the facts as you find them to be.  I shall give to you the rules of the law that apply to these questions.  You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole.  Nor are you to be concerned with the wisdom of any rule of law stated by me.  You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that I have any opinion, one way or the other, about the facts of the case.  It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party.  You must follow the law as I give it to you, whether you agree with it or not.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §103.01 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 5**
**ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. An employer like the Housing Authority of the Town of Greenwich or a Board like the Board of Commissioners, are entitled to the same fair trial as a private individual, like Ms. Milde. All persons, including an employer like the Housing Authority of the Town of Greenwich or Board, like the Board of Commissioners, stand equal before the law, and are to be dealt with as equals in a Court of justice. You should not decide that the Housing Authority of the Town of Greenwich engaged in any wrongdoing because it is an agency, instead of an individual like Ms. Milde, or decide that monetary damages should be awarded because "employers can afford them" or because people believe that businesses or employers or boards act in a certain way. Ms. Milde must prove her case. The Housing Authority of the Town of Greenwich and Mr. Little, as well as Ms. Milde, are entitled to a fair trial.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §103.12 (5th ed. 2000) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 6
## STATEMENTS BY THE COURT DO NOT CONSTITUTE EVIDENCE

The law permits judges to comment to the jury on the evidence in the case. Such comments are only the expression of the judge's opinion as to the facts. They are not evidence. You may disregard them entirely, because you as jurors are the sole judges of the facts and are not bound by my comments or opinions.


Source:       O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §103.33 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 7**
**RULINGS ON OBJECTIONS TO EVIDENCE**

During the trial I have been called upon to make rulings from time to time. I have sustained some objections, I have overruled others. In this connection you should also remember that it is the answer to a question that is evidence – not the question itself.

It is equally important that you not draw inferences against either side because of any objections that counsel may have made during the trial, or any arguments that counsel may have made, or the fact that it may have been necessary from time to time to engage in conferences at the side bar or to exclude you from the courtroom altogether.

Under our system of justice it is the function and duty of counsel to object to anything that they think is legally improper, and they would be remiss in their duty if they failed to do so. But it is my function and duty to rule on these questions of law, and I also would be remiss in my duty, too, if I failed to make such rulings, even though sometimes they may not have been to the liking of counsel for either side.

If during the course of the trial from my rulings or facial expressions or questions that I put to the witnesses you got the impression that I personally have any views on the credibility of any witnesses, or on the weight to be given to their testimony, or to the proof, or to the merits of the case, please disregard it. It is not my intention to imply or express any opinion or any views to you with respect to the facts in the case, or the merits, or the credibility of any witness. That is your sole and exclusive function.

Any questions which I may have put to witnesses during the course of the trial have been put to those witnesses in an attempt to clarify issues that you might ultimately decide. It was not to give you the impression that I was siding one way or another. Whatever my

feelings may be in this matter with respect to the issues you will decide are completely immaterial and irrelevant.

Source:        Mathes, <u>Jury Instructions and Forms for Federal Rules</u>, 28 F.R.D. 401 § 9.04 (1961).

**DEFENDANTS' REQUEST TO CHARGE NO. 8**
**CAUSATION AND PREPONDERANCE OF THE EVIDENCE**

In this case, the burden of proving the case is on the Plaintiff, Ms. Milde. She must prove each and every essential element of each of her claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. Plaintiff cannot almost prove her claim. She must prove every element by a preponderance of the evidence. Sympathy or assumptions cannot replace proof of evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. A "preponderance of the evidence" means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase "preponderance of the evidence" refers to the quality of evidence - - the weight and effect it has on your mind.

If the proof does not establish any essential element of Plaintiff's claim by a preponderance of the evidence in this case, you should find for the Defendants. If you find that the evidence weighs so evenly that you are unable to say that there is a preponderance of evidence on either side, then Plaintiff has not proven her case by a preponderance of the evidence and you must find for the Defendants.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 168.40; 168.41(5th ed. 2001) (modified).

## <u>DEFENDANTS' REQUEST TO CHARGE NO. 9</u>
## <u>"IF YOU FIND" OR "IF YOU DECIDE"</u>

When I say in these instructions that a party has the burden of proof on any proposition, or use of the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §104.04 (5th ed. 2000).

**DEFENDANTS' REQUEST TO CHARGE NO. 10**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence: the proof of a chain of circumstances from which another fact may be inferred.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day. In the courtroom, however, the shades are drawn, and you cannot see outside. As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas. From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you. But you may consider only what has been admitted as evidence in this trial – things that I have ruled inadmissible may not be considered. And, of course, it is for you to interpret the evidence.

Source:    4 L. Sand, *et al*, <u>Modern Federal Jury Instructions</u>, §74-2 (2001) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 11
## EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness as much weight, if any, as you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.01 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 12**
**IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §105.04 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 13**
**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce, as exhibits, all papers and things in the evidence in the case.


Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.11 (5th ed. 2000).

**DEFENDANTS' REQUEST TO CHARGE NO. 14**
**ISSUES - IN GENERAL**

I am going to briefly state the contentions of the respective parties. In stating these contentions, I express no opinion of the facts, because you are the sole judges of the facts. If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts. You will consider all the facts, the testimony from the stand, the physical facts and all legitimate inferences.

In this case, Plaintiff has asserted one claim against Defendants. Plaintiff fails to prove her claim if she fails to prove any element or part thereof.

You must answer the special questions, which will be provided to you at the conclusion of these instructions, as to Plaintiff's claim. Those questions ask whether Plaintiff actually has proven her claim by a preponderance of the evidence.

The Plaintiff, Ursula Milde, claims that the Defendants, while acting under color of state law, intentionally deprived her of her rights under the First Amendment to the U.S. Constitution. Specifically, Plaintiff claims Defendants discharged her from her position as the Administrator of Parsonage Cottage Senior Residence because of statements she made after a Housing Authority Board of Commissioners meeting that were published in the Greenwich Time newspaper. The statements Plaintiff made related to the hiring of an in-house, full-time recreation coordinator to provide recreational services to the residents of Parsonage Cottage.

Defendants deny violating Plaintiff's First Amendment rights in any way. Defendants maintain that Plaintiff was not engaged in any constitutionally protected conduct when she made her statements to the Greenwich Time. Defendants also deny that Plaintiff was terminated in retaliation for any statements Plaintiff made to the Greenwich Time newspaper and

assert that Plaintiff was discharged from employment for poor performance, specifically, failing
to recognize Defendant Benjamin Little's authority and failure to follow Mr. Little's directives.

None of these issues require you to consider whether the actions of the various
Defendants were right or wrong, or fair or unfair.  So far as you are concerned in this case, a
public employer is entitled to make any employment decision, including the decision to
terminate an employee,  for a good reason, a bad reason or for no reason at all so long as the
decision is not motivated by unlawful retaliation for engaging in constitutionally protected
conduct.


Source:      Plaintiff's Revised Sixth Amended Complaint; Defendants' Answers; O'Malley,
             Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 168.01; 168.20 (5th ed.
             2000) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 15
## STATUTES

Under the First Amendment to the Constitution, every public employee has the right to freedom of speech to speak as a citizen addressing an issue of public concern. 42 U.S.C. § 1983 provides that a person may sue for an award of money damages against anyone who, acting "under color" of law, intentionally violates the plaintiff's right to speak in their capacity as a citizen on a matter of public concern. When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 168.10 (5th Ed.) (modified); <u>Garcetti v. Ceballos</u>, __U.S.__, 126 S. Ct. 1951, 1960 (2006).

**DEFENDANTS' REQUEST TO CHARGE NO. 16**
**SPEECH CONCERNING SUBJECT OF PUBLIC CONCERN**

In order to prevail on her First Amendment claim, Plaintiff Ursula Milde must prove all the following facts by a preponderance of the evidence:

First:  That Plaintiff Ursula Milde engaged in speech as a citizen and not pursuant to her duties as Administrator;

Second: That Plaintiff's speech concerned a matter of public concern;

Third:  That Plaintiff's speech to the Greenwich Time was a substantial or motivating factor in Defendants' decision to discharge Plaintiff from employment;

Fourth:  That Defendants' action was "under color" of the authority of state law or custom; and

Fifth:  That Defendants' actions were the proximate or legal cause of damages sustained by Plaintiff.

The applicable law requires only that a public employer refrain from taking action against a public employee because of the employee's exercise, as a citizen, of protected First Amendment rights.  So far as you are concerned in this case, a public employer may discharge a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Defendants, even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find that Plaintiff has proved by a preponderance of the evidence that she spoke as a citizen to the Greenwich Time on a matter of public concern and her statements to the Greenwich Time were a substantial factor or a motivating factor in Defendants' decision to

- 24 -

terminate her employment, you must then determine whether Defendants have established by a preponderance of the evidence that they would have reached the same decision even in the absence of Plaintiff's statements to the Greenwich Time.

Plaintiff is not required to produce direct proof of unlawful motive, intent, or design. A motive, intent, or design to violate a person's constitutional rights, if it exists, is seldom admitted directly and, if it exists, must be shown from the existence of other facts.

However, your verdict must be for the Defendants if any of the above elements of Plaintiff's claim have not been proven by a preponderance of the evidence, or if it has been proved by a preponderance of the evidence that Defendants would have discharged Ms. Milde regardless of her statements to the Greenwich Time.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §168.20 (5th ed. 2000) (modified); <u>Garcetti v. Ceballos</u>, __ U.S. __, 126 S. Ct. .1951 (2006).

**DEFENDANTS' REQUEST TO CHARGE NO. 17**
**CUSTOM, POLICY, ORDINANCE, REGULATION OR DECISION**

Plaintiff claims that the Housing Authority of the Town of Greenwich is liable to Plaintiff for the denial of her First Amendment rights. Defendant Housing Authority may be liable where you find that Plaintiff has been deprived of her constitutional rights and such deprivation was pursuant to a governmental custom, policy, ordinance, regulation or decision.

When a person is injured as the result of a government's policy, custom, regulation or decision, whether made by its lawmakers or by those officials whose statements or acts may fairly be said to represent official policy, the public employer is responsible for the injury that it caused.

Defendant Housing Authority may be liable to Plaintiff if you find that the deprivation was done pursuant to a custom, policy, ordinance, regulation, or decision of the Housing Authority that was the proximate cause of the deprivation of Plaintiff's constitutional rights. Whether a custom or policy exists is a question of fact for you to determine.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §168.22 (5th ed. 2000) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 18
## PLAINTIFF'S SUBJECTIVE BELIEF

Plaintiff's personal, subjective belief that she was retaliated against is not sufficient to meet her burden of proof. It is not enough for Plaintiff to show her subjective belief, feelings, suspicions, or speculation that the legitimate non-discriminatory reasons stated by Defendants were not genuine.

The burden in this case is always on Plaintiff to prove by a preponderance of the evidence that the Defendants intentionally retaliated against her because of her speech to the Greenwich Time. If Plaintiff fails to meet her burden, you must find for the Defendants.

Source:     St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S. Ct. 2734 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 101 S. Ct. 1089 (1981); Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert. denied, 474 U.S. 829, 106 S. Ct. 91 (1985); Thermidor v. Beth Israel Med. Ctr., 683 F. Supp. 403 (S.D.N.Y 1988); Howard v. Holmes, 656 F. Supp. 1144, 1149 (S.D.N.Y. 1987).

## DEFENDANTS' REQUEST TO CHARGE NO. 19
## CHARGES ON DAMAGES GENERALLY - COURT EXPRESSES NO OPINION

I will next instruct you regarding the law of damages available for the claims raised in this case. The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case. I am instructing you on all aspects of the law at this time.

If you find for Plaintiff on her claim against Defendants, then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for all loss resulting from the injuries Plaintiff sustained in accordance with the rules of law as I will describe them for you. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions. If, therefore, you find that Plaintiff has not proven her case by a preponderance of the evidence, you must find for the Defendants. If you find for Defendants, you do not need to consider the instructions I give on damages.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.02 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 20**
**CAUSATION**

Plaintiff Ursula Milde has the burden of proving each and every element of her claim by a preponderance of the evidence. If you find that Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the Defendants.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 168.40;
               168.42 (5th ed. 2001) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 21**
**PROXIMATE CAUSE**

An injury or damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of that act. In other words, in order for you to award Plaintiff damages in this case, Plaintiff must prove by a preponderance of the evidence that she suffered an injury or damages as a direct result or as a reasonable consequence of the actions by Defendants.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 168.40; 168.42 (5th ed. 2001) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 22**
**DEFENSES**

If you find that Plaintiff Ursuala Milde has met her burden of proof, then you must determine whether the Defendants have shown by a preponderance of the evidence that Plaintiff would have been discharged from her employment even if Plaintiff's statements to the Greenwich Time had not been considered, because of the Plaintiff's insubordination and performance issues.

If the Defendants have shown by a preponderance of the evidence that Plaintiff would have been terminated in any event, then you must find for the Defendants.


Source:       O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 168.50; (5th ed. 2001) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 23
## SPECULATIVE DAMAGES

In awarding damages, you may not speculate on damages. It is only actual damages that the law speaks of. The amount of your verdict must be based upon the evidence presented. You are not to award to Plaintiff speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.


Source:     Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1257 (2d Cir. 1987).

## DEFENDANTS' REQUEST TO CHARGE NO. 24
## ACTUAL DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendants' violation of a plaintiff's rights. If you should find in favor of Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of her termination from employment.

Compensatory damages seek to make the plaintiff whole -- that is, to compensate her for the damage she has suffered. Compensatory damages include medical and other expenses that Plaintiff may have borne, as well as past and future loss of wages. A prevailing plaintiff is entitled to compensatory damage for "non-economic loss" which encompasses physical injuries as well as emotional or psychological impacts that the plaintiff has suffered because of the Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves by a preponderance of the evidence were caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award Plaintiff only that amount of compensatory damage which will fairly and reasonably compensate her for the injuries she sustained as a result of Defendants' conduct.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements of damage. You have heard the Plaintiff's testimony about the losses Plaintiff claims to have sustained because of Defendants' conduct. You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make her whole or

compensate her for the damage, if any, she proves she sustained as a consequence of the unlawful acts that violated her rights.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Throughout your deliberations you must not engage in any speculation, guess or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

In calculating damages, you should not consider the issue of lost wages and benefits.  If you find liability, the Court will calculate and determine any damages for lost wages and benefits.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 168.60; §171.90 (5th ed. 2001) (modified); <u>Broadnax v. City of New Haven</u>, 415 F.3d 265 (2d Cir. 2005) (confirming lost wages award is an equitable remedy).

## DEFENDANTS' REQUEST TO CHARGE NO. 25
## PUNITIVE DAMAGES

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.  Under the law, however, punitive damages cannot be assessed against a public entity.

If you find in favor of Plaintiff Milde and against the individual Defendant, Ben Little, and if you find by the preponderance of the evidence that Plaintiff's Milde's discharge from employment was motivated by evil motive or interest on the part of Defendant Little, or that Defendant Little was  callously indifferent to the Plaintiff's rights, then in addition to any damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages against Defendant Little if you find it is appropriate to punish Defendant Little or to deter Defendant Little and others from like conduct in the future. Whether to award Plaintiff punitive damages, and the amount of those damages, are within your discretion.  Factors which may be considered include, but are not limited to:

- the nature of  Defendant Little's conduct;

- the impact of Defendant Little's conduct on the Plaintiff;

- the relationship between the Plaintiff and the Defendant Little;

- the likelihood that Defendant Little would repeat the conduct if a punitive award is not made;

- the financial condition of Defendant Little; and

- other circumstances shown by the evidence, including the circumstances of mitigation, that bear on the question of the size of the punitive award.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 168.62 (5th ed. 2001) (modified)., 42 U.S.C. § 1981a (b)(1); <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981); <u>Gemerek v. Buffalo Sewer Authority</u>, 2001 U.S. Dist. LEXIS 7167 (W.D.N.Y. 2001).

## DEFENDANTS' REQUEST TO CHARGE NO. 26
## COURT HAS NO OPINION

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.07 (5th ed. 2000).

## DEFENDANTS' REQUEST TO CHARGE NO. 27
## QUESTIONS FROM JURY

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury. The courtroom deputies should be given the note and he or she will deliver it to me. No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

You will note from the oath about to be taken by the courtroom deputies that they too as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §106.08 (5th ed. 2000) (modified).

## DEFENDANTS' REQUEST TO CHARGE NO. 28
## UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §106.01 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 29**
**JURY INTERROGATORIES AND SPECIAL VERDICT FORMS**

Jury interrogatories and a form of special verdict have been prepared for your convenience. You will take these forms with you to the jury room. I direct your attention first to the form of interrogatories that must be completed before the special verdict form.

[Read Interrogatories And Special Verdict Form.]

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question, and will date and sign the jury interrogatories and special verdict, when completed.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.07 (5th ed. 2000). (Modified.)

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, | : |
| **Plaintiff** | : **CIV NO. 3:00CV2423 (AVC)** |
| v. | : |
| THE TOWN OF GREENWICH;<br>HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH;<br>THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH BOARD OF<br>COMMISSIONERS; and<br>BENJAMIN LITTLE, CEO, | : |
| **Defendants.** | : |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants'
Proposed Charges to the Jury has been served via First Class Mail, on September 8, 2006, on
counsel of record for Plaintiff at the address listed below:

Mark P. Carey, Esq.
Carey & Associates P.C.
71 Old Post Rd.
Southport, CT 06490
*Attorneys for Plaintiff*

_____
Susanne Kantor