UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,                    : | |
|         **Plaintiff,** | |
|                          : | |
| v.                               : | CIV.NO. 3:00CV2423(AVC) |
|                          : | |
| THE HOUSING AUTHORITY OF THE   : | |
| TOWN OF GREENWICH; | |
| THE HOUSING AUTHORITY OF THE   : | SEPTEMBER 9, 2006 |
| TOWN OF GREENWICH BOARD OF | |
| COMISSIONERS; BENJAMIN LITTLE, : | |
| CEO. | |
|         **Defendants.**     : | |

**PLAINTIFF'S PROPOSED JURY CHARGE[1]**

**I.     INTRODUCTION**

You have now heard all of the evidence in this case. I shall now instruct you concerning the law applicable to the case. After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions. You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented

---

[1] Taken from jury charge delivered by Honorable Janet Bond Arterton in <u>Arlio v. Lively</u>, No. 3:03CV02013(JBA).

to you in this case. In deciding the facts, you must not be swayed by bias or prejudice for or against any party. All persons stand equal before the law and are to be dealt with as equals in a court of justice. You are also not to be swayed by sympathy. You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

II.     **ROLE OF THE JURY**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence. No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

### III.  CONDUCT OF COUNSEL

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence.

### IV.  WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations. It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question. Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict. Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such

evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen. The fact that the plaintiff has brought suit against the defendants does not mean that he has suffered the wrong that he claims. The plaintiff must prove his case, and you may not attach any weight to the mere fact that allegations of wrongdoing have been made.

V.     WITNESS CREDIBILITY- GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony. How do you determine truthfulness? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor- that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things

4

about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

## VI.     INTERESTED WITNESSES

In evaluating the credibility of the witness in this case, your should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely or inaccurately in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, you should bear that in mind when evaluating the credibility of his or her testimony, and accept it with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

## VII.    IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. You may find an apparent inconsistency justified or unjustified. It is

your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves. If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

## VIII.  DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses – something he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit. Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. There are no windows in the courtroom and therefore you cannot look outside. As you were sitting here assume someone walked in with an umbrella which was dripping wet. Then assume a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. You infer a fact from other facts using your reason and experience and common sense. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply

requires that your verdict must be based on a preponderance of all the evidence presented.

## IX.  INFERENCE DEFINED

Attorneys use the term "inference" and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw- but not required to draw- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. However, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

## X.  BURDENS OF PROOF

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of her claims by a preponderance of the evidence. I should point out that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence. To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true. It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor or the plaintiff, then her evidence preponderates, and she has sustained her burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then, obviously, the plaintiff has not sustained her burden of proof. Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the other, then the plaintiff has failed to meet her burden of proving her case by a preponderance of the evidence, and the defendant prevails.

**XI.    PLAINTIFF'S SECTION 1983 CLAIM**

Milde has brought this lawsuit to obtain a redress for what she contends was retaliation against her for her exercise of her First Amendment right to freedom of expression. The law under which plaintiff's claim arises, Title 42, Section 1983 of the United States Code provides that a plaintiff may seek money damages against a person or persons who under the authority of state law, deprived that plaintiff of any rights protected by the Constitution or laws of the United States. Title 42 of the United States Code § 1983 says:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

Action under color of law means "under pretense of law" and simply means acting in one's capacity as a public officer at the time of the acts complained of. In this case, Milde alleges the defendants, The Housing Authority of the Town of Greenwich, The Housing Authority of the Town of Greenwich Board of Commissioners and Benjamin Little, CEO, were acting in their capacity as a public housing authority at the time of the incidents that gave rise to this lawsuit. Milde alleges the State of Connecticut created the Housing Authority of the Town of Greenwich by state statute in order to perform a public function- public housing in the Town of Greenwich. Milde alleges the Board of Selectmen for the Town of Greenwich appointed the members of the Town of Greenwich Housing Authority Board of Commissioners, and gave the Board authority from which it could decide how to provide recreational services to the residents at Parsonage Cottage. Milde further alleges the Defendant Housing Authority and Board of Commissioners are

state actors. Also, she alleges Benjamin Little, as a CEO and supervisor of public employer, is a state actor. You must determine based on the evidence presented if defendants were acting under color of law.

## XII. INTENT

As you consider the evidence presented to you on the constitutional claims, I instruct you that it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of her constitutional rights. The plaintiff need only show that the defendants intended to commit the acts which resulted in a violation of the plaintiff's rights. Thus, in order to render a verdict in the plaintiff's favor, you need only find that the defendants intended their acts, not that they intended to violate constitutional rights.

## XIII. FIRST AMENDMENT RETALIATION CLAIM

The plaintiff, Ursula Milde, claims that the defendants retaliated against her for engaging in activity protected by the First Amendment, which guarantees the rights to freedom of expression. Specifically, Milde alleges she was retaliated against for making comments that appeared in the Greenwich Times newspaper on May 23, 2000 based on an interview at the conclusion of an open board meeting before the Defendant Board of Commissioners on May 22, 2000, and after she was denied a grievance regarding the Parsonage Cottage recreation services issue. She also alleges she was retaliated against because for making comments that appeared in the Greenwich Times newspaper on May 26, 2000 regarding the lack of recreation services at the Parsonage Cottage. Milde alleges that the defendants actions were motivated in whole or in part by a desire to punish her

for her criticism of the Defendants handling of the Parsonage Cottage recreation services issue.

To prove her claim that she was unlawfully subjected to discipline and adverse actions in retaliation for First Amendment-protected activity, she must demonstrate:

1. That she engaged in speech which is protected under the First Amendment;

2. That she suffered an adverse employment action; and

3. That her protected activity was at least a substantial motivating factor in the adverse employment actions taken by defendants.[2]

**First Element: Protected Activity**

Speech is protected by the constitution if it touches on a matter of legitimate public concern. Specifically, when speech addresses issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government, it falls squarely within the boundaries of public concern.[3]

Whether the speech Milde engaged in, and which she alleges motivated the defendants to take adverse action against her, is constitutionally protected is a matter of fact for you to determine. You are required to factually determine if Milde's speech to the Greenwich Times on May 22 and May 26, 2000 were actions taken or not taken within the scope of her employment.[4] If you find that such actions were not taken pursuant to her employment duties, then you must next factually determine whether or not Milde's speech to the Greenwich Times newspaper caused disruption to the activities of the

---

[2] Johnson v. Ganim, 342 F.3d 105 (2d Cir.2003)
[3] Weeks v. Bayer, 246 F.3d 1231, 1234 (9th Cir.2001).
[4] Garcetti v. Ceballos, 126 S.Ct. 1951 (2006)

Defendants.[5]  If you determine that neither Milde's speech fell within her expected job duties nor a disruption of the Defendants operations occurred, then Milde has proved that she engaged in constitutionally protected speech.  If you determine that Milde's speech to the Greenwich Times on May 22 and May 26, 2000 did fall within the scope of her employment, and such speech did cause a disruption, then Milde has not proved she engaged in constitutionally protected speech.

**Second Element: Adverse Employment Action**

The second element of the First Amendment claim requires proof that plaintiff suffered an adverse employment action. Adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.[6]  Absent one of these actions, adverse employment actions may exist if Milde can objectively demonstrate that the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared with the typical or normal, not ideal or model, workplace.[7]

**Third Element: Motivating Factor**

In deciding whether the adverse actions were motivated by Milde protected activity, you must keep in mind the following legal principles and definitions. A motivating factor is a factor which plays a substantial role in a person's decision to undertake a certain action. A motivating factor need not be the sole factor which drives a defendant's conduct. The defendant may have taken action for many reasons, so an

---

[5] Pickering v. Bd. Of Educ., 391 U.S. 563 (1968)
[6] Morris v. Lindau, 196 F.3d 102, 110 (2d Cir.1999).
[7] Philips v. Bowen, 278 F.3d 103, 109 (2d Cir.2002)

improper motivating factor can be one of several factors and can be joined with a lawful factor. You may find that more than one factor played a role in the defendant's conduct. If so, then you must determine whether one of the motivating reasons was the plaintiff's protected activity as defined in the First Element. If you find that plaintiff's protected activity was a substantial factor in the defendants decision to first discipline and then terminate her employment, then the plaintiff will have proved this element. If you find that the plaintiff has not proved that his protected activity was a motivating factor in defendant's decision to suspend the plaintiff, then you must find for the defendant on this count. You may find, for example, based on the evidence, that the defendants were indeed motivated to discipline and then terminate Milde for what the Defendants viewed as Milde's insubordination. Such a finding, however, does not dispose of the claim. You may still find that but for Milde's protected activity, the plaintiff would not have been subjected to the same level of discipline and termination, or to any discipline and termination at all.

**Defense: Same Decision- All Defendants**

The defendants deny any improper motivation in this regard and claim that they disciplined and terminated Milde for her insubordination based on her behavior surrounding the recreation services at Parsonage Cottage. Milde on the other hand, claims that the defendants' stated reasons are a pretext, that is, that the defendants' reasons are a cover for what was in reality an impermissible desire to retaliate against and punish Milde because of her protected speech on May 22 and May 26, 2000 set forth in the two Greenwich Times articles regarding the recreation services at Parsonage Cottage. What the defendants actual motivations were is for you and you alone to determine using

13

the criteria for evaluating the witnesses that I have already described to you earlier in this instruction.

If you find that the defendants in taking action against Milde, was motivated by Milde's protected activity, then you must consider the defendants affirmative defense that they would have made the same decision and taken the same action against Milde even if Milde had not engaged in protected activity. On this affirmative defense, the defendants, not the plaintiff, bears the burden of proof. The defendants are required to prove by a preponderance of the evidence that they would have taken action against Milde even without considering Milde's protected activity. This defense is not proved merely by showing that the defendants had other valid reasons for disciplining and terminating Milde. It is a defense only if the defendant would have acted for those other reasons in the absence of Milde's protected activity.  Therefore, if the defendants offer other, valid reasons for taking action against Milde, the defendants must further show that they would have acted on those reasons in the same way. If the defendants show by a preponderance of the evidence that they would have reached the same decision without considering plaintiff's protected activity, then you must find in favor of the defendants. If the defendants fail to meet their burden of proof on this affirmative defense, you must find for the plaintiff on this count.

**Defense: Qualified Immunity- Defendant Little Only**

In the present case, Defendant Little claims that, even if you find that the plaintiff's rights under the First Amendment have been violated, he is entitled to qualified immunity for his actions in disciplining and terminating plaintiff.

To establish qualified immunity, Little must demonstrate that his conduct did not violate any of the plaintiff's clearly established rights that would have been known to a reasonable person at the time, or in the alternative, that it was objectively reasonable for him to believe that his actions did not violate any of those clearly established rights.[8]

Should you find that Little violated the plaintiff's rights under the First Amendment, Little is still entitled to immunity if you also find that it was objectively reasonable for him to believe that, in disciplining and terminating plaintiff, he was not violating the plaintiff's constitutional rights to free speech.

## XIV.  COMPENSATORY DAMAGES

I shall now instruct you on the issue of damages. If you find for the plaintiff on liability on her claim, then you must decide how much, if any, damages to award. The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendants should in fact be held liable. If you find the defendants liable, it is for you, in the exercise of your best judgment, to say what is just and fair compensation for the injuries or consequences you found proved to have resulted. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. It is the plaintiff's burden to prove each element and item of damage. It is not the defendants burden to disprove them. The

---

[8] Lennon v. Miller, 66 F.3d 416, 422 (2d Cir.1995)

plaintiff must prove each element of damages by a preponderance of the evidence. Plaintiff Milde is entitled to be compensated for those damages, if any, that he has proved by a preponderance of the evidence were proximately caused by a defendant's unlawful actions. "Compensatory Damages" means what the plain meaning of the two words suggest—namely the damages necessary to compensate the plaintiff for the injury proved to have been inflicted by the defendant. They are meant to compensate both for economic and non-economic losses. In other words, the purpose of a compensatory damage award is to place the injured plaintiff in as good a condition or position as she would have been if the employment actions had not occurred. You may include within this figure compensation for the emotional harm to plaintiff, including emotional distress or pain, humiliation, personal indignity, embarrassment, professional reputational injury, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty by expected to suffer in the future. In your determination of the damages to be awarded to the plaintiff, you must first determine that there is a causal connection between the actions of defendants and the actual injuries you find. The defendants actions must have been a substantial factor in bringing about the harm Milde says she suffered. Therefore, if you find that anything else caused the plaintiff's injuries, then you must conclude that the plaintiff has failed to satisfy her burden of proof of damages.

XV.     **NOMINAL DAMAGES**

If you find that the defendant violated Milde's First Amendment rights by retaliation, but you find that the plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of ten dollars.

**XVI.  PUNITIVE DAMAGES**

In addition to damages compensating Milde for her injuries, you may, but need not, assess punitive damages against the defendant. You may award punitive damages if the plaintiff proves that the defendants conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the action on the safety and rights of others. The purposes of punitive damages are to punish a defendant for malicious, intentional or shocking conduct and to set an example in order to deter him and others form committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. Awarding punitive damages is within your discretion; you are not required to award them. If you decide to award punitive damages, you must use sound reason in setting the amount; it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purposes of punitive damages. Even if you determine that the plaintiff has suffered no actual injury, you may, but need not, award her punitive damages over and above nominal damages.

**CONCLUSION**

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to be each juror, it is not a unanimous verdict. In the course of your deliberations, do not hesitate to re-examine

your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case. Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave your jury room without first notifying the marshal, who will escort you. No deliberation may take place without all jurors being present.

**EXPLANATION OF VERDICT FORM**

You will take this verdict form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the marshal that you have reached a verdict. You are about to go into the jury room to begin your deliberations. You will have exhibits with you. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request. Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally. I must also caution you that in your communications with the

court you should never specify your numerical division at any time. It is proper to add a final caution. Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Thank you.

                                        RESPECTFULLY SUBMITTED:

                                        PLAINTIFF,
                                        URSULA MILDE

                                        By:/S/ Mark P. Carey
                                        Mark P. Carey (CT17828)
                                        Carey & Associates, P.C.
                                        71 Old Post Road, Suite One
                                        Southport, CT 06890
                                        (203) 255-4150 tel.
                                        (203) 255-0380 fax
                                        mcarey@capclaw.com
                                        Her Attorney

## **CERTIFICATION OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was filed electronically with the court and via first class mail, postage prepaid, on this the 9th day of September, 2006 to:

Francis P. Alvarez
Jackson Lewis
One North Broadway
White Plains, NY 10601

Attorneys for Defendants

/S/ Mark P. Carey