UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,<br>    Plaintiff,<br><br>v.<br><br>THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH; THE<br>HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH BOARD OF<br>COMMISSIONERS; and BENJAMIN<br>LITTLE, CEO,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil No. 3:00CV2423(AVC) |

VERDICT FORM

We the jury unanimously find as follows:

PART I: SECTION 1983 LIABILITY - FIRST AMENDMENT VIOLATION

1. Do you find that Ms. Milde spoke to the Greenwich Time reporter pursuant to her official duties?

    Yes ____
    No  __X__

If you answered YES with respect to the question above, you have completed your deliberations. Please ask the foreperson to sign the form at page 4. If you answered NO, please continue to the next question.

2. Do you find by a preponderance of the evidence that the plaintiff has proven that her comments to the Greenwich Time reporter were a substantial or motivating factor in any adverse employment action to which one or more of the defendants may have subjected her?

    Benjamin Little:          Yes _X_   No ____
    Board of Commissioners:   Yes _X_   No ____
    Housing Authority:        Yes _X_   No ____

If you answered NO to the question above with respect to a particular defendant, you have completed your deliberations with respect to that defendant. If you answered YES to any of the above, please continue to the next question.

3. Do you find by a preponderance of the evidence that one or more of the defendants has proven that he or it would have taken the same action even in the absence of Ms. Milde's

1

comments to the <u>Greenwich Time</u> reporter?

| | Yes | No |
|---|---|---|
| Benjamin Little: | | X |
| Board of Commissioners: | | X |
| Housing Authority: | | X |

If you answered YES to the question above with respect to a particular defendant, you have completed your deliberations with respect to that defendant. If you answered NO to any of the above, please continue to the next question.

4. Do you find by a preponderance of the evidence that the plaintiff has proven that the deprivation of Ms. Milde's rights by one or more of the defendants was the proximate cause, or legal cause, of any injuries or damages sustained by Ms. Milde?

| | Yes | No |
|---|---|---|
| Benjamin Little: | X | |
| Board of Commissioners: | X | |
| Housing Authority: | X | |

If you have found by a preponderance of the evidence that the plaintiff has failed to prove her claim with respect to all of the defendants, you have completed your deliberations. Please ask the foreperson to sign the form at page 4. If you have found by a preponderance of the evidence that the plaintiff has proven her claim against any one of the three defendants, please continue to Part II.

**PART II: DAMAGES**

Nominal Damages                                             $ N/A

Compensatory Damages                                        $ 325,000.00

Punitive Damages as to Benjamin Little only                 $ 1,000.00

Please continue to the Part III.

**Part III: SPECIAL INTERROGATORIES**

If you have NOT found by a preponderance of the evidence that the plaintiff has proven her claim with respect to any one of the three defendants, you have completed your deliberations. Please ask the foreperson to sign the form at page 4. If you have found that the plaintiff has proven her claim by a preponderance of the evidence with respect to any one of the three defendants, please proceed to the next question.

1. Do you find by a preponderance of the evidence that the plaintiff has proven that any or all of the defendants

2

intentionally subjected her to an adverse employment action in retaliation for her comments to the <u>Greenwich Time</u> reporter?

Yes  X     No ____

If you answered YES with respect to the question above, you have completed your deliberations. Please ask the foreperson to sign the form at page 4. If you answered NO, please continue and answer all of the remaining questions.

2. Do you find by a preponderance of the evidence that the defendants have proven that any one of the defendants subjected the plaintiff to an adverse employment action because they reasonably believed that the plaintiff's comments to the <u>Greenwich Time</u> reporter would interfere or disrupt the government activities carried out at the Parsonage Cottage or by Housing Authority?

   Yes ____   No ____

3. Do you find by a preponderance of the evidence that the defendants have proven that the plaintiff's comments to the <u>Greenwich Time</u> reporter impaired her superiors' ability to maintain discipline?

   Yes ____   No ____

4. Do you find by a preponderance of the evidence that the defendants have proven that the plaintiff's comments to the <u>Greenwich Time</u> reporter impaired harmony among co-workers at the Parsonage Cottage and Housing Authority?

   Yes ____   No ____

5. Do you find by a preponderance of the evidence that the defendants have proven that the plaintiff's comments to the <u>Greenwich Time</u> reporter had a detrimental impact on close working relationships within the Parsonage Cottage and Housing Authority?

   Yes ____   No ____

6. Do you find by a preponderance of the evidence that the defendants have proven that the plaintiff's comments to the <u>Greenwich Time</u> reporter impeded the performance of the plaintiff's duties?

   Yes ____   No ____

7. Do you find by a preponderance of the evidence that the defendants have proven that the plaintiff's comments to the

<u>Greenwich Time</u> reporter interfered with the regular operation of the Parsonage Cottage or Housing Authority?

Yes_____   No_____

You have now completed your deliberations. Please date and sign this form below.

Dated at Hartford, Connecticut this 18 day of September, 2006.

_____
Foreperson