Case 3:00-cv-02423-AVC   Document 195   Filed 09/26/2006   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| URSULA MILDE,<br>        Plaintiff, | : | |
| v. | : | CIV.NO. 3:00CV2423(AVC) |
| | : | |
| THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH;<br>THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH BOARD OF<br>COMISSIONERS; BENJAMIN LITTLE,<br>CEO. | :<br><br>:<br><br>: | SEPTEMBER 26, 2006 |
|         Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
POST TRIAL MOTIONS FOR PRE-JUDGMENT
AND POST-JUDGMENT INTERST**

Plaintiff Ursula Milde ("Milde") hereby files this memorandum of law in support of her motions for pre-judgment and post-judgment interest. On September 18, 2006, the jury rendered a verdict in the amount of $326,000 in favor of Milde. On September 19, 2006, the Court entered a judgment in the same amount. [Doc.#193].

Milde hereby respectfully requests the Court grant the instant motion for pre and post-judgment interest.

I.    **ARGUMENT**

    A.    **PREJUDGMENT INTEREST**

The Second Circuit Court of Appeals has held the following with regard to awarding pre-judgment interest:

> In a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court. . .which is to take into consideration '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court'

Gierlinger v. Gleason, 160 F.3d 858, 873 (2d Cir.1998)(internal citations omitted). The decision whether to award pre-judgment interest, "is within the sound discretion of the trial court whether or not to award prejudgment interest at all, and the same considerations that inform that decision should also inform the choice of interest rate." Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 314 F.Supp.2d 201, 202 (S.D.N.Y. 2003).

In a case such as this where Milde was awarded compensation for lost wages, "it is ordinarily an abuse of discretion not to include pre-judgment interest." Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 145 (2d Cir.1993)(emphasis in original, internal quotation marks omitted)(backpay award under Title VII). Awarding prejudgment interest in such cases prevents the defendants in this case from attempting to "enjoy an interest-free loan for as long as it can delay paying out back wages," (Id.) and helps to ensure that Milde is meaningfully made whole as the jury intended in this case. See e.g., Loeffler v. Frank, 486 U.S. 549, 558, (1988)("prejudgment interest, of course, is an element of complete compensation"). These principles apply with equal force in backpay awards pursuant to Section 1983. Gierlinger, 160 F.3d at 874.

On September 18, 2006, the jury in this case returned a verdict for Milde in the amount of $325,000 in compensatory damages and $1,000.00 in punitive damages. The

2

Case 3:00-cv-02423-AVC   Document 195   Filed 09/26/2006   Page 3 of 5

jury instructions did not instruct the jury on whether or not to award pre-judgment interest.

Milde was terminated from employment on September 8, 2006, at which point all benefits of employment ceased. Milde is entitled to recover pre-judgment interest for all compensatory damages from September 8, 2000 to September 18, 2006. In Saulpaugh, the Second Circuit held that the court must calculate pre-judgment interest based on a compound rate of interest. "Given that the purpose of back pay is to make the plaintiff whole, it can only be achieved if interest is compounded." Saulpaugh, 4 F.3d at 145.

There is no federal statute that controls the rate of pre-judgment interest. See, Jones v. UNUM Life Ins. Co. of America, 223 F.3d 130, 139 (2d Cir.2000). The Second Circuit has not expressly endorsed a particular interest rate. See, Worthington v. City of New Haven, 1999 WL 958627 at *2 (D.Conn.Oct.5, 1999). The courts in the Second Circuit have adopted a variety of approaches, including the post-judgment interest rate provided in 28 U.S.C. § 1961, state statutory interest rates, or market rates. See, e.g., Chandler v. Bombardier Capital, Inc., 44 F.3d 80, 84 (2d Cir.1994)(approving the trial court's use of the federal post-judgment rate of interest, 28 U.S.C. § 1961); EEOC v. County of Erie, 751 F.2d 79, 82 (2d Cir.1984)(applying the adjusted prime rate of interest as established by the Secretary of the Treasury in an employment discrimination case); Shaw v. Greenwich Anesthesiology Assocs., P.C., 200 F.Supp.2d 110, 119 (D.Conn.2002)(applying a pre-judgment interest rate of 7.5%, compounded semi-monthly, in an employment discrimination case); Malarkey v. Texaco, Inc., 794 F.Supp. 1237, 1243 (S.D.N.Y.1992)(applying New York statutory rate to an employment discrimination case), aff'd, 983 F.2d 1204 (2d Cir.1993).

The judgment entered by the Court should include an award of pre-judgment interest in accordance with this section for the entire monetary judgment.

### B.     POST-JUDGEMENT INTEREST

Milde is also entitled to an award of post-judgment interest under 28 U.S.C. § 1961(a) on the entire money judgment (i.e. back pay, compensatory and punitive damages). "Post-judgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment." Andrulonis v. United States, 26 F.3d 1224, 1230 (2d Cir.1994). Under Sec. 1961(a), post-judgment interest is calculated "from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The judgment entered by the Court should include an award of post-judgment interest in accordance with this section for the entire monetary judgment.

## II.    CONCLUSION

The Plaintiff respectfully requests that the Court grant the instant motions for pre and post-judgment interest.

        **PLAINTIFF,**
        **URSULA MILDE**

        By:/S/ Mark P. Carey
        Mark P. Carey (CT17828)
        Carey & Associates, P.C.
        71 Old Post Road, Suite One
        Southport, CT 06890
        (203) 255-4150 tel.
        (203) 255-0380 fax
        Mcarey@capclaw.com
        Her Attorney

## **CERTIFICATION OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was filed electronically with the court and by first class mail, fee prepaid, on this the 26th day of September, 2006 to:

Francis P. Alvarez
JACKSON LEWIS
One North Broadway
White Plains, NY 10601
Attorneys for Defendant

        /S/ Mark P. Carey
        Mark P. Carey