UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, | : |
|                Plaintiff, | :   CIV NO. 3:00CV2423 (AVC) |
| v. | : |
| THE TOWN OF GREENWICH; HOUSING AUTHORITY OF THE TOWN OF GREENWICH; THE HOUSING AUTHORITY OF THE TOWN OF GREENWICH BOARD OF COMMISSIONERS; and BENJAMIN LITTLE, CEO, | :   October 3, 2006 |
|                Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' FED. R. CIV. P. 59(e) MOTION FOR REMITTITUR OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ON COMPENSATORY ECONOMIC DAMAGES PURSUANT TO FED. R. CIV. P. 59(a), AND OPPOSITION TO PLAINTIFF'S SEPTEMBER 26, 2006 POST TRIAL MOTION FOR PRE-JUDGMENT INTEREST**

PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 59(e), Defendants Housing Authority of the Town of Greenwich, The Housing Authority of the Town of Greenwich Board of Commissioners and Benjamin Little ("Defendants"), respectfully move this Court for remittitur or in the alternative, for a new trial on compensatory economic damages pursuant to Fed. R. Civ. P. 59(a). Defendants' further submit these papers in opposition to Plaintiff's September 26, 2006 Post Trial Motion For Pre-Judgment Interest.

## **STATEMENT OF FACTS**

On September 18, 2006, a jury verdict was returned in favor of Plaintiff. The jury awarded Plaintiff $325,000.00 in compensatory damages, (with an additional award of $1,000.00 in punitive damages against individual Defendant Benjamin Little, only.) Prior to instructing the jury, the Court denied Plaintiff's request to instruct the jury with respect to damages for any pain and suffering. Therefore, Plaintiff's compensatory damages were limited to back pay and benefits.

Plaintiff's evidence of economic damages included her tax returns for the years 1999 through 2005 (Plaintiff's trial exhibits 60, 61, 73, 74, 75, 76, and 77), and her final pay stub and calculation of compensatory time (Plaintiff's trial exhibits 58 and 59, respectively). See Alvarez Aff. Exhibits A and B. Based on the evidence produced by Plaintiff as to her economic damages, Plaintiff's final annual salary with HATG was, at most, $65,101.40 based on her final pay stub of $35.77 per hour for 35 hours per week. (Plaintiff's trial exhibit 58). Based on Plaintiff's tax returns, her lost earnings for the years 2000 through 2005 (when she retired) amounted to $77,512.40, calculated as follows:

(a) $11,887.40 for the year 2000 ($65,101.40 less $53,214 in reported wages) (Plaintiff's trial exhibit 60); see Alvarez Aff. Exhibit C;

(b) $26,556.40 for the year 2001 ($65,101.40 less $38,545 in reported wages) (Plaintiff's trial exhibit 61); see Alvarez Aff. Exhibit D;

(c) $11,718.40 for the year 2002 ($65,101.40 less $53,383 in reported wages) (Plaintiff's trial exhibit 73); see Alvarez Aff. Exhibit E;

(d) $11,432.40 for the year 2003 ($65,101.40 less $53,669 in reported wages) (Plaintiff's trial exhibit 74); see Alvarez Aff. Exhibit F;

(e) $7,774.40 for the year 2004 ($65,101.40 less $57,327 in reported wages) (Plaintiff's trial exhibit 75); see Alvarez Aff. Exhibit G; and

(f) $8,143.40 for the year 2005 ($65,101.40 less $56,958 in reported wages) (Plaintiff's trial exhibit 77). See Alvarez Aff. Exhibit H.

During closing arguments, Counsel for Plaintiff stated to the jury that Plaintiff's economic damages were as follows:

(a)   $ 188,460.00 in back pay;

(b)   $ 47,431 in unpaid compensatory time (1326 hours);

(c)   $ 26,775.00 in unpaid pension contributions.

The sum of Plaintiff's actual lost wages ($77,512.40), and the amount of Plaintiff's lost compensatory time ($47,431.00) and pension benefits ($26,775.00) argued by Plaintiff, total $151,718. Notwithstanding the evidence, even considering Counsel for Plaintiff's (Attorney Carey's) representations to the jury during his closing argument as to what Plaintiff's back pay damages were (purportedly $188,460.00), Ms. Milde's damages were, at most, $ 262,235.00 by Mr. Carey's calculation.

During his closing argument, Plaintiff's counsel also argued in favor of the jury awarding 4% interest over the approximate 6 years between Plaintiff's discharge and trial. Applying simple interest of 4% for 6 years on the inflated amount of $262,235 would have equaled a total award of $325,171.40.

As noted above, the jury awarded $325,000.00 in economic damages. After the jury verdict was read on September 18, 2006, the undersigned counsel for Defendants orally moved for remittitur of the $325,000 compensatory award because the amount of the award far exceeded the evidence of back pay and benefits Plaintiff presented at trial.

## ARGUMENT

### POINT I

### THE COMPENSATORY AWARD OF $325,000 FAR EXCEEDS PLAINTIFF'S PRESENTATION OF EVIDENCE AT TRIAL AND MUST BE REDUCED PURSUANT TO FED. R. CIV. P. 59(e) OR A NEW TRIAL ON COMPENSATORY ECONOMIC DAMAGES MUST BE ORDERED PURSUANT TO FED. R. CIV. P. 59 (a).

A court should grant a new trial under Fed. R. Civ. P. 59(a) when "the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. A new trial is appropriate, for instance, when the verdict is against the weight of the evidence, the damages awarded are excessive, or the trial was unfair to one party for some reason." Schutts v. Feldman, 1997 U.S. Dist. LEXIS 3428 (D. Conn. Feb. 18, 1997) (internal citations omitted) (ordering a new trial unless the plaintiff agreed to remittitur of the jury's award of compensatory damages in a 42 U.S.C. §1983 First Amendment case). See also Mihalick v. Cavanaugh, 26 F. Supp. 2d 391 (D. Conn. 1998), recon. denied, 37 F. Supp. 2d 125 (D. Conn. 1999) (conditionally granting the defendant's motion for remittitur in First Amendment case contingent upon plaintiff's acceptance of a reduced award, otherwise ordering a new trial on damages).

"When a court is confronted with a grossly excessive jury award, it may give the plaintiff a choice between remitting part of the award or retrying the case." Schutts, 1997 U.S. Dist. LEXIS 3428. Moreover, remittitur is appropriate even "where the award is 'intrinsically excessive' in the sense of being greater than the amount a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error." Id. (citing Shu-Tao Lin v. McDonnell Douglas Corp., 742 F.2d 45, 49 (2d Cir. 1984)). In deciding a motion for

remittitur and/or a new trial, the Court "is free to weigh the evidence, and need not view it in the light most favorable to the non-movant." Id. (citing Bevevino v. Saydjari, 574 F. 2d 676, 683 (2d Cir. 1978).

Here, the jury's economic award of $325,000 is clearly excessive and against the weight of the evidence of economic damages presented by Plaintiff at trial. There is no evidence to support a compensatory economic damages award of $325,000. Based on the Court's rulings prior to charging the jury, the only damages available to Plaintiff against HATG and the Board were economic damages for wages and benefits. As set forth above, Plaintiff's evidence of economic damages based on her tax returns for the years 2000 through 2005 and her final pay stubs from HATG amount to $151,718. This amount includes an award for the alleged unpaid compensatory time and pension benefits.

Moreover, based on the statements of Plaintiff's counsel during closing as to the calculation of Plaintiff's damages, including the inflated sum of $188,460 in wages and the request for 4% interest, it is clear that the jury based its economic award on *counsel's arguments during closing rather than on the evidence presented by Plaintiff at trial.* Therefore, the verdict is clearly against the weight of the evidence, the damages awarded are grossly excessive, and the Court should grant Defendants' motion for remittitur of the $325,000 jury award. In the alternative, Defendants should, at a minimum, be granted a new trial on Plaintiff's claim for compensatory economic damages.

## POINT II

### PLAINTIFF'S MOTION FOR PRE-JUDGMENT INTEREST SHOULD BE DENIED.[1]

Trial courts have discretion over whether to award prejudgment interest and the same considerations that inform that decision should also inform the choice of interest rate. Shorter v. Hartford Financial Services Group, Inc., 3:03 CV 0149 (WIG), 2005 U.S. Dist. Lexis 19902, *21 (D. Conn. May 31, 2005) (citing Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 314 F. Supp. 2d 201, 202 (S.D.N.Y. 2003)). See also Conner v. Ulrich, 153 F. Supp. 2d 199, 204 (E.D.N.Y. 2004) (awarding prejudgment interest in a section 1983 case is in the trial court's discretion). Courts generally review cases individually to:

> determine the fairness of an award of prejudgment interest in a particular case, taking into consideration: (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.

Shorter, 2005 U.S. Dist. LEXIS 19902 at *25 (citing Jones v. UNUM Life Ins. Co. of America, 223 F.3d 139 (2d Cir. 2000)); Worthington v. City of New Haven, 3:94-CV-00609 (EBB), 1999 U.S. Dist. LEXIS 16104, *51 (D. Conn. Oct. 5, 1999).

Given the already inflated compensatory damages award, the Court should exercise its discretion and deny Plaintiff's motion for pre-judgment interest. As noted above, the jury appears to have awarded the 4% interest Plaintiff's counsel argued for during his closing. Granting Plaintiff pre-judgment interest twice would be unfair and inequitable.

---

[1] Defendants are opposing Plaintiff's motion for pre-judgment interest herein because many of the arguments supporting its opposition are closely connected to their Rule 59(e) motion for remittitur. For the Court's convenience, Defendants thought it was preferable to present these argument together. Defendants' response to Plaintiff's motion for pre-judgment and post-judgment interest is due to be filed on or before October 17, 2006. Defendants are not responding to Plaintiff's motion for *post*-judgment interest in this document and will present such arguments in a separate filing within the time deadlines provided by the Court.

If the Court were inclined to award pre-judgment interest, it should calculate interest in accordance with the standard set forth in 28 U.S.C. § 1961(a). It is true that no federal statute controls the rate of prejudgment interest and the Second Circuit has not expressly endorsed a particular interest rate. Shorter, 2005 U.S. Dist. LEXIS 19902 at *23. However, "the majority of courts appear to favor the post-judgment statutory rate of 28 U.S.C. § 1961 'because it takes into account the effects of inflation, but it does not overly compensate the plaintiff.'" Shorter, 2005 U.S. Dist. LEXIS 19902 at *23 (citing Worthington, 1999 U.S. Dist. LEXIS 16104 at *17). See also Fisher v. Town of Windsor, 1997 U.S. Dist. LEXIS 23542, No. 3:94CV02050, 1997 WL 76669, at *6 (D. Conn. Feb. 7, 1997); Association against Discrimination in Employment, Inc. v. Bridgeport, 572 F. Supp. 494, 495 (D. Conn. 1983).

Many courts using 28 U.S.C. § 1961(a) to determine the prejudgment interest rate in Section 1983 cases have used the "average of annual interest paid on the one-year United States Treasury bill during the applicable period." Conner v. Ulrich, 155 F. Supp. 2d 199, 204 (E.D.N.Y. 2001); See also Perdue v. City University of New York, 13 F. Supp. 2d 326, 342 (E.D.N.Y. 1998). Using this method, the average annual interest rate for nominal, one year Treasury Constant Maturities for the years 2000 through September 2006 is 3.32 %. (See Alvarez Affirmation ¶ 21-40 and accompanying Exhibits I & J).

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their motion for remittitur or, in the alternative, grant Defendants a new trial on the issue of Plaintiff's compensatory economic damages. Defendants further request the Court deny Plaintiff's request for Pre-Judgment Interest in its entirety.

_____
Francis P. Alvarez (CT 10350)
alvarezf@jacksonlewis.com
Susanne Kantor (CT 19556)
kantors@jacksonlewis.com
JACKSON LEWIS LLP
One North Broadway
White Plains, NY 10601
Phone: (914) 514-6149
Fax: (914) 328-1882

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,  :  Plaintiff,  :  v.  :  THE TOWN OF GREENWICH;  :  HOUSING AUTHORITY OF THE  :  TOWN OF GREENWICH;  :  THE HOUSING AUTHORITY OF THE :  TOWN OF GREENWICH BOARD OF  :  COMMISSIONERS; and  :  BENJAMIN LITTLE, CEO,  :  Defendants.  : | CIV NO. 3:00CV2423 (AVC) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Law was filed via ECF and served via First Class U.S. Mail, postage pre-paid, this 3rd day of October, 2006, on counsel for Plaintiff at the address listed below:

>Mark P. Carey, Esq.
>Carey & Associates P.C.
>71 Old Post Rd.
>Southport, CT 06490

_____
Francis P. Alvarez