UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, : <br> : CIV NO. 3:00CV2423 (AVC) <br> Plaintiff : <br> : <br> v. : <br> : <br> THE TOWN OF GREENWICH; : <br> HOUSING AUTHORITY OF THE : <br> TOWN OF GREENWICH; : <br> THE HOUSING AUTHORITY OF THE : <br> TOWN OF GREENWICH BOARD OF : <br> COMMISSIONERS; and : October 3, 2006 <br> BENJAMIN LITTLE, CEO, : <br> : <br> Defendants. : | |

**AFFIRMATION OF FRANCIS P. ALVAREZ, ESQ. IN SUPPORT OF
DEFENDANTS' FED. R. CIV. P. 59(e) MOTION FOR REMITTITUR OR, IN THE
ALTERNATIVE, FOR A NEW TRIAL ON COMPENSATORY ECONOMIC DAMAGES
PURSUANT TO FED. R. CIV. P. 59(a), AND OPPOSITION TO PLAINTIFF'S
SEPTEMBER 26, 2006 POST TRIAL MOTION FOR PRE-JUDGMENT INTEREST**

FRANCIS P. ALVAREZ, an attorney duly admitted to practice before this Court and the courts of the State of Connecticut, hereby affirms under penalty of perjury that the following statements are true:

1. I am a partner in the law firm of Jackson Lewis LLP, and counsel for the Defendants, the Housing Authority of the Town of Greenwich ("HATG"); the Board of Commissioners for HATG ("the Board"); and Mr. Benjamin Little ("Little") in the above-entitled matter.

2. I am familiar with the facts and circumstances contained herein as trial counsel of record in this matter.

3. On September 18, 2006, a jury verdict was returned in favor of Plaintiff.

4. The jury awarded Plaintiff $325,000.00 in compensatory damages, (with an additional award of $1,000.00 in punitive damages against individual Defendant Benjamin Little, only.)

5. Immediately thereafter, Defendants orally moved: (a) for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b); and (b) for remittitur of the $325,000.00 compensatory award pursuant to Fed. R. Civ. P. 59(e).

6. The Court reserved judgment on both of these motions and orally advised Defendants they subsequently could file written submissions in support of their motions at a later date.

7. On September 19, 2006, several entries were included on the District Court's dockets that appear to relate to the aforementioned motions. However, Defendants' oral motion for remittitur under Rule 59(e) was not reflected on the Court's electronic docket.

8. On October 2, 2006, Defendants filed a motion for clarification of the response dates regarding Defendants' post-verdict motions, including its Rule 59(e) motion for remittitur, and requested a briefing schedule.

9. The Court has not yet ruled on Defendants' October 2, 2006 motion for clarification and for a briefing schedule. Therefore, Defendants respectfully submit the instant motion.

10. Defendants have ordered a copy of the relevant portions of the trial transcript from the Court's reporter, Susan Lamoureux, in support of their Rule 59(e) motion and in opposition to Plaintiff's motion for pre-judgment interest, and will supplement their submission to the Court once they receive same.

11. Prior to instructing the jury, the Court denied Plaintiff's request to instruct the jury with respect to damages for any pain and suffering. Therefore, Plaintiff's compensatory damages were limited to back pay and benefits.

12. Plaintiff's evidence of economic damages included her tax returns for the years 1999 through 2005 (Plaintiff's trial exhibits 60, 61, 73, 74, 75, 76, and 77), and her final pay stub and calculation of compensatory time (Plaintiff's trial exhibits 58 and 59, respectively). See Exhibits A and B.

13. Based on the evidence produced by Plaintiff as to her economic damages, Plaintiff's final annual salary with HATG was, at most, $65,101.40 based on her final pay rate of $35.77 per hour for 35 hours per week. (Plaintiff's trial exhibit 58).

14. Based on Plaintiff's tax returns, her lost earnings for the years 2000 through 2005 (when she retired) amounted to $77,512.40, calculated as follows:

(a) $11,887.40 for the year 2000 ($65,101.40 less $53,214 in reported wages) (Plaintiff's trial exhibit 60); see Exhibit C;

(b) $26,556.40 for the year 2001 ($65,101.40 less $38,545 in reported wages) (Plaintiff's trial exhibit 61); see Exhibit D;

(c) $11,718.40 for the year 2002 ($65,101.40 less $53,383 in reported wages) (Plaintiff's trial exhibit 73); see Exhibit E;

(d) $11,432.40 for the year 2003 ($65,101.40 less $53,669 in reported wages) (Plaintiff's trial exhibit 74); see Exhibit F;

(e) $7,774.40 for the year 2004 ($65,101.40 less $57,327 in reported wages) (Plaintiff's trial exhibit 75); see Exhibit G; and

(f) $8,143.40 for the year 2005 ($65,101.40 less $56,958 in reported wages) (Plaintiff's trial exhibit 77). See Exhibit H.

15. The contemporaneous notes taken by Counsel for Defendants reflect that during closing arguments, Counsel for Plaintiff stated to the jury that Plaintiff's economic damages were as follows:

(a)  $ 188,460.00 in back pay;

(b)  $ 47,431 in unpaid compensatory time (1326 hours);

(c)  $ 26,775.00 in unpaid pension contributions.

16. The sum of Plaintiff's actual lost wages ($77,512.40), and the amount of Plaintiff's lost compensatory time ($47,431.00) and pension benefits ($26,775.00) argued by Plaintiff, total $151,718.

17. Notwithstanding the evidence, even considering Counsel for Plaintiff's (Attorney Carey's) representations to the jury during his closing argument as to what Plaintiff's back pay damages were (purportedly $188,460.00), Ms. Milde's damages were, at most, $ 262,235.00 by Mr. Carey's calculation.

18. During his closing argument, Plaintiff's counsel also argued in favor of the jury awarding 4% interest on any compensatory economic damages over the approximate 6 years between Plaintiff's discharge and trial.

19. Applying simple interest of 4% for 6 years on the inflated amount of $262,235 would have equaled a total award of $325,171.40. As noted above, the jury awarded $325,000.00 in compensatory economic damages.

20. After the jury verdict was read on September 18, 2006, the undersigned counsel for Defendants orally moved for remittitur of the $325,000 compensatory award because

the amount of the award far exceeded the evidence of back pay and benefits Plaintiff presented at trial.

21.  Attached hereto as Exhibit I is a chart of the historical published annual interest rate for nominal, one year Treasury constant maturities ("Annual Rate Chart"), as published by the Federal Reserve on its website:

www.fedrealreserve.gov/releases/h15/data/Annual/H15_TCMNOM_Y1.txt.

22.  According to the Annual Rate Chart, the annual interest rate for 2000 was 6.11 %.  See Exhibit I.

23.  In 2001, the annual interest rate was 3.49 %.  See Exhibit I.

24.  In 2002, the annual interest rate was 2.00%.  See Exhibit I.

25.  In 2003, the annual interest rate was 1.24 %.  See Exhibit I.

26.  In 2004, the annual interest rate was 1.89 %.  See Exhibit I.

27.  In 2005, the annual interest rate was 3.62%.  See Exhibit I.

28.  Since the 2006 annual interest rate for nominal, one year Treasury constant maturities has not yet been published, one may use the monthly interest rates for nominal, one year Treasury constant maturities for the periods of January 2006 through September 2006 ("Monthly Rate Chart") to determine an average rate for this portion of 2006.

29.  Attached hereto as Exhibit J is the Monthly Rate Chart, as published by the Federal Reserve on their website:

www.fedrealreserve.gov/releases/h15/data/Monthly/H15_TCMNOM_Y1.txt.

30.  According to the Monthly Rate Chart, the interest rate for January 2006 was 4.45 %.

31.  In February 2006, the rate was 4.68 %.  See Exhibit J

32. In March 2006, the rate was 4.77 %.  See Exhibit J.

33. In April 2006, the rate was 4.90 %.  See Exhibit J.

34. In May 2006, the rate was 5.00 %.  See Exhibit J.

35. In June 2006, the rate was 5.16 %.  See Exhibit J.

36. In July 2006, the rate was 5.22 %.  See Exhibit J.

37. In August 2006, the rate was 5.08 %.  See Exhibit J.

38. In September 2006, the rate was 4.97 %.  See Exhibit J.

39. The average interest rate for January 2006 through September 2006 is 4.91 % ("2006 rate").

40. Using the 2006 rate, the average annual interest rate for nominal, one year Treasury constant maturities for the period of 2000 through 2006 is 3.32 %.

_____
Francis P. Alvarez (CT 10350)
alvarezf@jacksonlewis.com
Susanne Kantor (CT 19556)
kantors@jacksonlewis.com
JACKSON LEWIS LLP
One North Broadway
White Plains, NY 10601
Phone: (914) 514-6149
Fax: (914) 328-1882

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, : <br> : CIV NO. 3:00CV2423 (AVC) <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE TOWN OF GREENWICH; : <br> HOUSING AUTHORITY OF THE : <br> TOWN OF GREENWICH; : <br> THE HOUSING AUTHORITY OF THE : <br> TOWN OF GREENWICH BOARD OF : <br> COMMISSIONERS; and : <br> BENJAMIN LITTLE, CEO, : <br> : <br> Defendants. : <br> : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Affirmation of Francis P. Alvarez, Esq. was filed via ECF and served via First Class U.S. Mail, postage pre-paid, this 3rd day of October, 2006, on counsel for Plaintiff at the address listed below:

Mark P. Carey, Esq.
Carey & Associates P.C.
71 Old Post Rd.
Southport, CT 06490

_____
Francis P. Alvarez