# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| URSULA MILDE, | : | |
| Plaintiff, | : | |
| v. | : | CIV.NO. 3:00CV2423(AVC) |
| | : | |
| THE HOUSING AUTHORITY OF THE | : | |
| TOWN OF GREENWICH; | | |
| THE HOUSING AUTHORITY OF THE | : | OCTOBER 19, 2006 |
| TOWN OF GREENWICH BOARD OF | | |
| COMISSIONERS; BENJAMIN LITTLE, | : | |
| CEO. | | |
| Defendants. | : | |

### AFFIDAVIT OF ATTORNEY MARK P. CAREY: IN SUPPORT OF PLAINITFF'S MOTION/ APPLICATION FOR FEES AND COSTS

**Mark P. Carey**, duly deposed, states and says:

1. I am over the age of twenty-one and understand the meaning of an oath. The following averments are true and accurate pursuant to my personal knowledge.

2. I submit this affidavit in support of Plaintiff's Motion for Attorney's Fees and Costs as the prevailing party after a verdict ($326,000) was rendered in this case on September 18, 2006. [Doc.#188]. A final judgment was rendered by the Court on September 19, 2006. [Doc.#193].

3. I am the principal of Carey & Associates P.C., located in Southport, Connecticut, founded in 1997. There are no other attorneys, paralegals or office personnel in my

office. I also operate, edit and develop all content to my law firm website www.capclaw.com.

4.  I received my J.D. from the University of Dayton School of Law in Dayton, Ohio in 1996. I received my undergraduate degree (Political Science) from Syracuse University, in Syracuse, New York in 1990.

5.  I am admitted to practice in the State of Connecticut (1997) and before the United States District Court for the District of Connecticut (1997). I am also admitted to practice in the Southern District of New York (1998), the Northern District of New York (2000) and the Second Circuit Court of Appeals (2005). I have argued two cases before the Second Circuit, including this one. The other appeal involved an ERISA disability pension case.

6.  Since admission to the bar, approximately ninety-eight percent (98%) of my work has been devoted to representation of employees and high level executives in employment related matters only. The primary subject of my litigation practice involves the substantive areas of employment discrimination under state and federal statutes and litigation under the Employee Retirement Income Security Act, "ERISA". My work also involves representation of high-level senior executives of Fortune 1000 companies, in matters of executive compensation. Many of my executive compensation clients reside in Fairfield County and Westchester County.

7.  I have been involved in thirty-four (34) plaintiff employment law actions filed before the District of Connecticut (attached hereto), and in two (2) plaintiff employment law actions the Southern District of New York (attached hereto). I am also involved in a Qui Tam case, <u>currently filed under seal</u>, before Judge Brieant in the Southern District of New York. I have also represented clients in state court on numerous occasions. I also advise a far larger number of individual clients on employment matters which do not enter into litigation.

8.  In 1997, I began my single person law practice in Greenwich, Connecticut. I have never worked for any law firm since beginning my practice. I am self-taught in negotiation, mediation, litigation and trial practice. I have single handedly operated my law practice from day one, which involves client services, case management, litigation, administrative tasks, marketing and finance/accounting. I can easily join a medium to large plaintiff's employment law firm, but I have decided against doing so. I favor the flexibility and financially less burdensome environment of a single attorney law practice.

9.  In addition to my litigation practice, I am also a member of the National Employment Lawyers Association "NELA". NELA is a national organization of attorneys whose practices involve representation of plaintiffs in employment related disputes. I am also a member of the Connecticut Employment Lawyers Association "CELA". I am also a member of small elite group of practicing NELA ERISA attorneys nationwide, for which membership is based upon experience. I am also a former member of the Association of Trial Lawyers of America ("ATLA").

10.     I have spoken on ERISA and ADA issues at a NELA conference in 2002, and provide employment law presentations to not-for-profit groups such as the National Multiple Sclerosis Society and the Connecticut Chronic Fatigue Association. I also provide employment law presentations to executive networking groups in Connecticut and New York. I continuously write articles for both of my websites, and recently produced an ERISA article for the Local CWA (Communication Workers of America) Chapter here in Connecticut.

11.     I am also the founder and Chief Executive Officer of www.ExecuCite.com, a privately held company that provides internet content on a wide range of employment and executive compensation issues. The original project development began in 2002. I operate, edit and develop content for the website, along with one part-time assistant.

12.     My legal services are charged to clients in one tenth of an hour increments. My legal services have been billed on a range anywhere from handling matters on a pro bono basis to my current rate of three hundred fifty dollars per hour ($350.00). I will generally handle two to three pro-bono cases a year, requiring no fee. Carey & Associates P.C. does not have a single billing rate because we represent a variety of working professionals and disabled pension claimants. For individuals that have a problem affording competent legal services, I believe in giving them a chance to protest employment discrimination and civil rights claims before the courts, at reduced and contingent rates. For executive compensation matters, my hourly rate is $400.00 per

hour, which is lower than the market average of $500.00 per hour by other executive compensation attorneys.

13. On July 4, 2000, I entered into an Hourly Retainer agreement with the Plaintiff Ms. Milde to represent her in this matter, at a substantially reduced rate of $200.00 per hour. This was a straight hourly retainer with no contingency percentage attached. The agreed upon rate of $200.00 was provided so that Ms. Milde could afford to litigate her now six year old case. Considering Ms. Milde's salary at the time of her termination on September 8, 2000 was $67,000, and later $53,000 upon obtaining new employment in 2001, the above actions are reasonable in light of the six years of continuous litigation.

14. On August 20, 2005, I entered into a Revised and Amended Hourly Retainer agreement with Ms. Milde, to represent her in this matter, at a rate of $300.00 per hour. This was a straight hourly retainer with no contingency percentage attached. My current hourly rate is $350.00 per hour.

15. Given my experience in the field of employment discrimination law, the skill with which this action was handled, and the success achieved, the requested rate of THREE HUNDRED FIFTY dollars per hour ($350.00) is fully warranted and in line with the prevailing market rates for attorneys with similar experience. (See Affidavits of Attorneys Garrison, Phelan and Eldergill)