UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, | : |
| | : CIV NO. 3:00CV2423 (AVC) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| THE TOWN OF GREENWICH; | : |
| HOUSING AUTHORITY OF THE | : |
| TOWN OF GREENWICH; | : |
| THE HOUSING AUTHORITY OF THE | : |
| TOWN OF GREENWICH BOARD OF | : |
| COMMISSIONERS; and | : November 16, 2006 |
| BENJAMIN LITTLE, CEO, | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION/PETITION FOR FEES AND COSTS**

PRELIMINARY STATEMENT

On October 19, 2006, Plaintiff filed an application for $453,075 in fees and $18,148.71 in costs. Defendants' respectfully submit that a more appropriate award would be **$192,652** in fees and **$8,301.88** in costs. Defendants' request the Court deny, in part, Plaintiff's motion for fees and costs, and award fees and costs consistent with the positions Defendants explain herein.

Plaintiff's application should be reduced by 275.9 hours for activities that: (a) were devoted solely to the prosecution and dismissal of claims against a separate and former co-defendant, the *Town of Greenwich*; (b) involved activities related to Plaintiff's unemployment appeal hearings; (c) involved unorthodox, unnecessary and unsuccessful litigation tactics - - such

as filing 255 requests to admit before taking depositions and filing for summary judgment; (d) included clerical tasks such as "typing;" and (e) were billed in excess of 24 hours in a single day.

Of the total 1,294.5 hours included in the petition, 981.7 were incurred *prior* to the Court's August 12, 2005, decision on summary judgment (dismissing all but Plaintiff's First Amendment claim) and necessarily involved activities unrelated to the prosecution of the First Amendment claim. Defendants submit that those pre-summary judgment 981.7 hours (less the 275.9 that should be excluded outright) should be reduced by 30% consistent with the legal precedent set forth herein.

The Court should not award Plaintiff fees based on the requested hourly rate of $350. The reasoning behind awarding current prevailing rates for the entire six year litigation period - - to compensate the attorney for having to wait for payment - - is not present here because Plaintiff has been paying Attorney Carey throughout this litigation. In fact, based on the entries contained in the petition at the stated billing rates of $200 and (later) $300 per hour, Attorney Carey has collected **$289,860** in fees from Mrs. Milde to date.

Finally, Plaintiff claims reimbursement for costs which were not relevant to the prosecution of her First Amendment claim, and/or are not taxable as costs under Local Civil Rule 54(c)(7). As discussed herein, fees and costs for these items should be excluded from the petition.

## STATEMENT OF FACTS

The relevant facts are set for in the accompanying Affirmation of Francis P. Alvarez, to which the Court is respectfully referred.

## ARGUMENT

### POINT I

### TIME AND EXPENSES SUBMITTED FOR UNRELATED ADMINISTRATIVE PROCEEDINGS, EXCESSIVE AND UNNECCESARY WORK, AND UNRELATED PARTIES SHOULD BE EXCLUDED FROM PLAINTIFF'S PETITION

"The party seeking an award of fees has the burden of submitting evidence supporting the hours worked and the rates claimed." St. George v. Mak, 5:92 CV 587, 2000 U.S. Dist. LEXIS 20365 (D. Conn. Feb. 16, 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983)). The District Court should exclude from the initial fee calculation hours and expenses that were not reasonably expended, excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434.

As discussed in the accompanying Affirmation, of the 981.7 hours incurred before the decision on summary judgment, the Court should outright **exclude 275.9 hours** of attorney time and **$9,846.83** in expenses identified in Plaintiff's petition, based on the following:

(a) **18.1** hours devoted solely to the prosecution and dismissal of claims against a separate and former co-defendant, the *Town of Greenwich.* See Shorter v. Hartford Financial Services Group, Inc., 03 CV 0149, 2005 U.S. Dist. LEXIS 19902 (D. Conn. May 31, 2005) at *36 (reducing hours spent on claims against a defendant voluntarily dismissed by the plaintiff even though the individual was still a critical witness in the case). See also Fabbricante v. City of New York, 01 CV 5575, 2006 U.S. Dist. LEXIS 62906 (E.D.N.Y. Sept. 5, 2006) at **23-24 (denying fees for time expended on defendants who were dismissed from the case prior to trial).

(b) **44.8** hours related to Plaintiff's unemployment appeal hearings; and **$5,977.48** in expenses related to these and other unrelated matters.[1] See Miner v. Glens Falls, 89-CV-918, 1992 U.S. Dist. LEXIS 17370 (N.D.N.Y. Nov. 12, 1992), aff'd, 999 F. 2d 655 (2d Cir. 1993) at *54 (denying the plaintiff's request for attorney fees related to unemployment administrative hearings, stating that the proceedings: "were neither a procedural prerequisite nor of the type ordinarily necessary to advance plaintiff's civil rights litigation. Indeed, the focus of the administrative proceeding was whether plaintiff was eligible to receive unemployment insurance benefits, not whether plaintiff's civil rights were violated."). See also Webb v. County Bd. Of Educ., 471 U.S. 234, 240, 105 S. Ct. 1923, 1927 (1985) (holding that the District Court correctly excluded time spent pursuing optional administrative proceedings on the grounds that, unlike Title VII claims, section 1983 claims do not require a claimant to pursue administrative remedies before commencing a proceeding); Fabbricante, 2006 U.S. Dist. LEXIS 62906 at **29-30 (holding that attorney's fees are generally not available for work performed in administrative proceedings in § 1983 free speech actions unless plaintiff can specifically identify the discrete portion of the proceeding that was necessary to advance the federal claim); St. George, 2000 U.S. Dist. LEXIS 20365 at **14-15 (denying attorney fees incurred and expended with respect to Labor Board hearings, holding that nothing contained in 42 U.S.C. § 1983 requires a plaintiff to exhaust administrative remedies before bringing a § 1983 suit ).

(c) **67.2** hours related to Plaintiff's preparation and service of 255 separate requests to admit and her opposition to the successful motion for a protective order filed by Defendants in response; **102.7** hours related to filing her own (unsuccessful) motion for summary judgment, which includes a billing entry of *26.2 hours on one day* (May 13, 2004); and **33** hours

---

[1] See Alvarez Affirmation at ¶ 35.

*billed in one day* in opposition to Defendants' motion for summary judgment (on June 8, 2004).[2] See Shorter, 2005 U.S. Dist. LEXIS 19902 at *31 (stating that hours that are excessive, redundant or otherwise unnecessary should be excluded from the lodestar calculation); St. George, 2000 U.S. Dist. LEXIS 20365 at *18 (denying attorney fees for time spent unsuccessfully defending motions).

(d) **10.1** hours of "typing applicable sections of [unemployment] appeal hearing transcripts into Summary Judgment Motion;"[3] and **$3,869.35** in claimed expenses set forth on pages 57-62 of Attorney Carey's Time & Expense Records in postage and other non-taxable costs. See St. George, 2000 U.S. Dist. LEXIS 20365 at *16 and *19 (denying attorney fees for services which are essentially administrative and cumulative; and denying costs, such as postage, that are not taxable as costs under (former) D. Conn. L. Civ. R. 17 (c)(7)).

## POINT II

### THE HOURS OF ATTORNEY TIME EXPENDED PRIOR TO THE COURT'S DECISION ON SUMMARY JUDGMENT DISMISSING ALL BUT THE FREE SPEECH CLAIM MUST BE REDUCED BECAUSE PLAINTIFF TRIED AND PREVAILED ON ONLY ONE OF HER SEVERAL UNRELATED CLAIMS

As the prevailing party in the § 1983 case, Plaintiff seeks an award of attorney fees and costs. The District Court must determine what constitutes a "reasonable" fee. Hensley

---

[2] Plaintiff's petition states that Attorney Carey operates a "small one attorney law firm and performs both administrative functions and attorney functions for his firm." (See Pl. Mem. Supp. at page 11). Therefore, based on counsel's own representations, there are no other attorneys in his office that could have contributed to the two days wherein he billed *in excess of 24 hours in one day*. Moreover, due to counsel's choice to perform the administrative functions for his firm, it is unreasonable for counsel to seek compensation at a rate of **$350** per hour for time admittedly spent "typing" sections of unemployment appeal transcripts.

[3] Notwithstanding these administrative time entries in May, 2002, the parties did not file their respective summary judgment motions until two years later, in May of 2004.

5

v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). "The calculation of reasonable attorney's fees is a factual issue whose resolution is committed to the discretion of the district court." Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189 (1994). The first step in determining a reasonable fee award involves the determination of the "lodestar" figure, which is arrived at by multiplying the number of hours reasonably expended by plaintiff's counsel on the litigation by a reasonable hourly rate. Hensley, 461 U.S. at 437.

The Court may adjust the lodestar figure based on a number of factors, including the "important factor of the results obtained," as well as excessive or otherwise unnecessary hours. Hensley, 461 U.S. at 434. Courts may consider the following factors in making a fee determination: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience and ability of the attorneys; (10) the undesirability of the case; (11) the nature of the professional relationship with the client; and (12) awards in similar cases. See Shorter v. Hartford Financial Services Group, Inc., 03 CV 0149, 2005 U.S. Dist. LEXIS 19902 (D. Conn. May 31, 2005). See also Fabbricante v. City of New York, 01 CV 5575, 2006 U.S. Dist. LEXIS 62906 (E.D.N.Y. Sept. 5, 2006) at *10 (citing Hensley, 461 U.S. at 430 n.3).

The United States Supreme Court in Hensley held that:

> **Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.**

6

Hensely, 461 U.S. at 440. "A plaintiff who prevails on some but not all of his claims is not entitled to a fee award for unsuccessful claims that were based on different facts and different legal theories." Shorter, 2005 U.S. Dist. LEXIS 19902 at *33. "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." Kassim v. City of Schenectady, 415 F.3d 246, 254 (2d Cir. 2005) (citing Hensley, 461 U.S. at 435).

Milde's successful free speech claim - - based on her statements to the Greenwich Time after the Board meeting -- was based on different facts and legal theories from her age and gender discrimination claims. Accordingly, her fee application for the entire six years spent litigating her unsuccessful discrimination claims must be reduced. See DeLeon v. Little, 3:94 CV 902, 2000 U.S. Dist. LEXIS 18378 (D. Conn. March 2, 2000) at *15 (finding plaintiff's First Amendment claim unrelated to her harassment/discrimination claim because the free speech claim "rested on a core of facts concerning the events of one evening, whereas the unsuccessful claims rested on a slew of allegations concerning a course of conduct encompassing all the cruel and abusive treatment, harassment, and discrimination the plaintiff allegedly suffered throughout a period of thirty months."). Because the surviving claim tried in this case likewise "rested on a core of facts concerning the events of one evening," the amounts spent on the unsuccessful claims must be reduced. See id.

Plaintiff's counsel seeks to be compensated for all time spent in this litigation, even though Plaintiff has only prevailed on one cause of action.[4] Plaintiff's unrelated theories of gender and age discrimination were dismissed on summary judgment. Prior to the Court's decision on summary judgment, Plaintiff expended 981.7 hours of attorney time. Therefore, Defendants submit that a reduction of at least 30% of the remaining 705.8 pre-summary judgment decision hours (981.7 total pre-summary judgment hours less 275.9 hours that should be excluded outright) is reasonable and warranted in this case.[5] Based on the foregoing, Plaintiff's compensable pre-summary judgment attorney hours should be reduced to 494.06.

## POINT III

## PLAINTIFF'S REQUESTED HOURLY RATE OF $350 IS UNREASONABLE UNDER THE CIRCUMSTANCES

Plaintiff requests compensation for attorney's fees at an hourly rate of $350 for the entire six years of this litigation. This rate is unreasonable in this case. Courts have recently set hourly rates of less than $350 to compensate counsel with far greater experience in employment-related civil rights actions than Attorney Carey. See Fabbricante, 2006 U.S. Dist. LEXIS 62906 at *15 (finding services performed by an experienced employment attorney in the Eastern District of New York, who: (a) has been practicing in this field for over 32 years; (b) was

---

[4] Plaintiff did exclude time spent unsuccessfully pursuing leave to amend the Complaint to add a religious discrimination claim.

[5] See United States Football League v. National Football League, 887 F.2d 408, 414 (2d Cir. 1989), cert. denied, 493 U.S. 1071, 110 S. Ct. 1116 (1990) (affirming district court's decision to reduce fee request by **twenty percent** to compensate for plaintiff's success on only one of its numerous claims); Skold v. American Int'l Group, Inc., 96 Civ. 7137, 1999 U.S. Dist. LEXIS 9209, at *24, (S.D.N.Y. June 16, 1999), aff'd without op., 205 F.3d 1324 (2d Cir. 2000) (reducing fee request by **thirty percent** to reflect plaintiff's limited success at trial where plaintiff was only successful on three of nine causes of action); Kim v. Dial Serv. Int'l Inc., 96 Civ. 3327, 1997 U.S. Dist. LEXIS 12544, at *56-7 (S.D.N.Y. Aug. 7, 1997), aff'd without op., 159 F.3d 1347 (2d Cir. 1998) (reducing fee request by **thirty percent** where the plaintiff prevailed on only one claim of race discrimination).

an adjunct professor of law; (c) co-chaired labor and employment law committees; and (d) worked diligently on the case for seven years, should be compensated at a rate of **$325** per hour).

As set forth in the Affidavit of Attorney Mark P. Carey, counsel was admitted to practice in 1997; therefore, he was only practicing for three years prior to instituting this action. According to his affidavit, counsel began his single person law practice in 1997; has "single handedly operated [his] law practice from day one;" and is "self-taught in negotiation, mediation, litigation and trial practice." See Carey Affidavit at ¶ 8. Counsel pursued the unorthodox litigation strategy of serving 255 requests to admit before any depositions had even been conducted. This earned him the following "reminder" from the Court in its ruling granting Defendants' motion for a protective order:

> Having reviewed the submissions of counsel, the Court is of the opinion that the sheer number of requests here go far beyond the purpose behind this type of discovery tool, and reminds counsel that requests for admission cannot be a complete substitute for formal and informal discovery. Requests for admission should focus on important factual matters and not factual minutiae and that a party cannot put the burden of discovery on the other party by obtaining all factual details by means of requests for admission.

(internal citations omitted).

Given counsel's relative lack of experience when he commenced this litigation, and his admission that he is entirely "self-taught," Defendants submit that a rate of $350 is not supportable in this instance. The experience of counsel submitting affidavits in support of Plaintiff's motion is much different than Plaintiff's counsel. Attorney Garrison has been a practicing attorney since 1968 (Petition Exhibit C); Attorney Phelan has been a practicing attorney since 1987 (Petition Exhibit D); and Attorney Eldergill has been a practicing attorney since 1981 (Petition Exhibit D).

Moreover, the reasoning behind setting current rates rather than historic rates when calculating attorney's fees - - to compensate the attorney for services performed many years before a jury award is made[6] - - is not present here. Until this Court's decision on the parties' respective summary judgment motions, Mrs. Milde was paying Attorney Carey $200 per hour - - from July 2000 until August 2005 - - for the time expended on her various claims and proceedings. The Plaintiff expended 981.7 hours in total up to the date of the Court's decision dismissing all but her First Amendment claim, for which Attorney Carey received payment from Mrs. Milde of $196,340. After the decision on summary judgment, Plaintiff began paying Attorney Carey $300 per hour for the time spent prosecuting her First Amendment claim, for which Attorney Carey received payment of approximately $93,840. Therefore, there is no justification for setting the hourly rate at the current "experienced" rating requested by Plaintiff.

In addition, although the actual billing arrangement between an attorney and his client does not necessarily establish a ceiling on the rates that can be awarded, it is a significant factor to be considered by the Court in setting a reasonable rate. Shorter, 2005 U.S. Dist. LEXIS 19902 at *39  Setting a rate of less than $350 is particularly appropriate here since throughout the course of this litigation, counsel for Defendants billed Defendants at an hourly rate of $200. Based on the foregoing, the requested rate of $350 is unreasonable and should be rejected by the Court. Under the circumstances, the Court should award the rates at $200 (pre-summary judgment) and $300 per hour (post-summary judgment).

---

[6] Fabbricante v. City of New York, 01 CV 5575, 2006 U.S. Dist. LEXIS 62906 (E.D.N.Y. Sept. 5, 2006).

## CONCLUSION

For the reasons set forth above, Defendants' respectfully request the Court deny, in part, Plaintiff's motion for fees, and award fees consistent with the positions Defendants explain herein. Specifically, the Court should award Plaintiff $98,812 in fees for 494.06 hours expended before the Court's decision on summary judgment (at a rate of $200); $93,840 for 312.8 post-summary judgment hours (at a rate of $300); and should reduce Plaintiff's expenses to $8,301.88 ($18,48.71 total expenses less $9,846.83 in unrelated and non-compensable costs).

                                             */s/ Susanne Kantor*

Francis P. Alvarez (CT 10350)
alvarezf@jacksonlewis.com
Susanne Kantor (CT 19556)
kantors@jacksonlewis.com
JACKSON LEWIS LLP
One North Broadway
White Plains, NY 10601
Phone: (914) 514-6149
Fax:  (914) 328-1882

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, : <br> : CIV NO. 3:00CV2423 (AVC) <br> Plaintiff,  : <br> : <br> v. : <br> : <br> THE TOWN OF GREENWICH; : <br> HOUSING AUTHORITY OF THE : <br> TOWN OF GREENWICH; : <br> THE HOUSING AUTHORITY OF THE : <br> TOWN OF GREENWICH BOARD OF : <br> COMMISSIONERS; and : <br> BENJAMIN LITTLE, CEO, : <br> : <br> Defendants. : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Law was filed via ECF and served via First Class U.S. Mail, postage pre-paid, this 16th day of November, 2006, on counsel for Plaintiff at the address listed below:

Mark P. Carey, Esq.
Carey & Associates P.C.
71 Old Post Rd.
Southport, CT 06490

_____
Susanne Kantor

12