UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE, | |
| Plaintiff | CIV NO. 3:00CV2423 (AVC) |
| v. | |
| THE TOWN OF GREENWICH; HOUSING AUTHORITY OF THE TOWN OF GREENWICH; THE HOUSING AUTHORITY OF THE TOWN OF GREENWICH BOARD OF COMMISSIONERS; and BENJAMIN LITTLE, CEO, | November 16, 2006 |
| Defendants. | |

**AFFIRMATION OF FRANCIS P. ALVAREZ, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION/PETITION FOR FEES AND COSTS**

FRANCIS P. ALVAREZ, an attorney duly admitted to practice before this Court and the courts of the State of Connecticut, hereby affirms under penalty of perjury that the following statements are true:

1. I am a partner in the law firm of Jackson Lewis LLP, and counsel for the Defendants, the Housing Authority of the Town of Greenwich ("HATG"); the Board of Commissioners for HATG ("the Board"); and Mr. Benjamin Little ("Little") in the above-entitled matter.

2. I am fully familiar with the facts set forth herein as counsel of record for Defendants, and submit this affirmation in opposition to Plaintiff's motion/petition for fees and costs.

3. In the fee application, Plaintiff claims she should be compensated for 1,294.5 hours of attorney time at $350 per hour, for a total fee application of $453,075. Plaintiff is further claiming expenses in the amount of $18,148.71.

4. Based on the facts set forth herein and the legal analysis set forth in Defendants' accompanying Memorandum of Law, Plaintiff's application for attorney fees and costs must be reduced.

5. On September 18, 2006, a jury verdict was returned in favor of Plaintiff on the one surviving claim in her Revised Sixth Amended Complaint - - violation of her right to free speech under the First Amendment.

6. Of the 1,294.5 hours included in the petition, 981.7 were incurred *prior* to the Court's August 12, 2005 decision on summary judgment (dismissing all but Plaintiff's First Amendment claim). Those 981.7 hours should be reduced to reflect the unsuccessful claims that were dismissed prior to trial.

7. Moreover, of the 981.7 hours incurred before the decision on summary judgment that should be reduced, the Court should outright **exclude 275.9 hours** of attorney time[1] identified in Plaintiff's petition, based on: (a) **18.1** hours devoted solely to the prosecution and dismissal of claims against a separate and former co-defendant, the *Town of Greenwich*; (b) **44.8** hours involved in activities related to Plaintiff's unemployment appeal hearings; (c) **67.2** hours related to Plaintiff's unsuccessful preparation and service of 255 separate requests to admit and her opposition to the successful motion for a protective order filed by Defendants in response; (d) **102.7** hours related to filing her own (unsuccessful) motion for summary judgment,

---

[1] At a rate of $350 per hour, these 275.9 hours represent $96,565 of Plaintiff's petition for $453,075 in fees - - for which counsel received $59,400 from his client (at her then-retainer rate of $200 per hour).

which includes a billing entry of *26.2 hours on one day* (May 13, 2004); (e) **10.1** hours of "typing applicable sections of [unemployment] appeal hearing transcripts into Summary Judgment Motion;"[2] and (f) **33** hours *billed in one day* in opposition to Defendants' motion for summary judgment (June 8, 2004).[3]

        8. Plaintiff's employment with Defendant HATG was terminated in September, 2000.

        9. Prior to her termination, Plaintiff filed age and gender discrimination complaints with the EEOC and the CCHRO.

        10. In connection with Plaintiff's claims for age and gender discrimination, her attorney in this action, Mark Carey, Esq., engaged in communication with and prepared various documents to the EEOC and CCHRO.

        11. As identified in Plaintiff's petition for fees, counsel for Plaintiff spent **21.1** hours on activities related to these administrative matters which should be excluded from the petition. See Exhibit A.

        12. After her termination but prior to the institution of this action, Plaintiff filed for unemployment insurance benefits.

---

[2] Notwithstanding these administrative time entries in May, 2002, the parties did not file their respective summary judgment motions until two years later, in May of 2004.

[3] Plaintiff's petition states that Attorney Carey operates a "small one attorney law firm and performs both administrative functions and attorney functions for his firm." (See Pl. Mem. Supp. at page 11). Therefore, based on counsel's own representations, there are no other attorneys in his office that could have contributed to the two days wherein he billed *in excess of 24 hours in one day.* Moreover, due to counsel's choice to perform the administrative functions for his firm, it is unreasonable for counsel to seek compensation at a rate of **$350** per hour for time admittedly spent "typing" sections of unemployment appeal transcripts.

3

13. In connection with Plaintiff's claim for unemployment insurance, Attorney Carey attended several hearings and ordered various transcriptions of those proceedings.

14. As identified in Plaintiff's petition for fees, counsel for Plaintiff spent **44.8** hours on activities related to this administrative matter, which should be excluded from the petition. See Exhibit B.

15. In addition, the expenses related to the unemployment and other administrative matters should be excluded from this application.

16. Plaintiff subsequently filed a complaint with this Court on December 20, 2000 asserting claims for: (a) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (b) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (c) retaliation under Title VII and ADEA; (d) free speech violations under the First Amendment; (e) negligent infliction of emotional distress; and (f) breach of the covenant good faith and fair dealing.

17. On March 19, 2001, Plaintiff filed an Amended Complaint adding the Town of Greenwich as a defendant.

18. On July 20, 2001, prior to taking any depositions, Plaintiff served an unprecedented *255 requests to admit*, necessitating the filing of a protective order by the Defendants.

19. The Court granted Defendants' motion for a protective order regarding the 255 separate requests to admit, finding the following:

> Having reviewed the submissions of counsel, the Court is of the opinion that the sheer number of requests here go far beyond the purpose behind this type of discovery tool, and reminds counsel that requests for admission cannot be a complete substitute for

formal and informal discovery. Requests for admission should focus on important factual matters and not factual minutiae and that a party cannot put the burden of discovery on the other party by obtaining all factual details by means of requests for admission.

(internal citations omitted). See Exhibit G.

20. As identified in Plaintiff's petition for fees, counsel for Plaintiff spent **67.2** hours on activities related to the drafting of the requests to admit and responding to Defendants' successful motion for a protective order. These hours should be excluded from the petition. See Exhibit C.

21. On January 25, 2002, Plaintiff's negligent infliction of emotional distress claim was dismissed, and Plaintiff was ordered to file a new pleading that complied with Fed. R. Civ. P. 8. On February 13, 2002, the Third Amended Complaint was filed alleging violations of Title VII, ADEA, § 1983, and CFEPA.

22. On April 12, 2002, Plaintiff filed a motion to file a Fourth Amended Complaint to delete certain allegations against Defendant Little.

23. On June 6, 2002, Plaintiff filed a motion to file a Fifth Amended Complaint to delete allegations against the Town of Greenwich. Thereafter, on June 10, 2002, a stipulation was entered to dismiss the Town of Greenwich as a defendant.

24. As identified in Plaintiff's petition for fees, counsel for Plaintiff spent **18.1** hours on activities related to solely to the Town of Greenwich as a defendant. These hours should be excluded from the petition. See Exhibit D.

25. On July 8, 2002, Plaintiff filed a motion to amend the complaint yet again to add a claim of religious discrimination, which was denied by the Court.

26. On January 17, 2003, Plaintiff filed the operative complaint in this action, the *Revised Sixth Amended Complaint*, alleging Defendants discriminated and retaliated against

5

her on the basis of age and gender in violation of Title VII ADEA, and CFEPA, and violated her rights to free speech under the First Amendment pursuant to 42 U.S.C. § 1983. The First Amendment claims in the Revised Sixth Amended Complaint filed on January 17, 2003 were basically the same as those contained in Plaintiff's first Amended Complaint filed on March 19, 2001. See Documents 3 and 92.

27. After several years of litigation, Defendants filed their motion for summary judgment on May 14, 2004.

28. Notwithstanding the unorthodox approach to motion practice, Plaintiff also filed a motion for summary judgment on all of her claims.

29. In a one sentence decision, the Court denied Plaintiff's motion for summary judgment in all respects on August 12, 2005. See Document 147.

30. As identified in Plaintiff's petition for fees, counsel for Plaintiff spent **102.7** hours on activities related to Plaintiff's own motion for summary judgment (unrelated to the separately billed activities in the petition regarding her opposition to Defendants' motion). Plaintiff's counsel also spent **10.1** hours in administrative and clerical activities related to "typing applicable sections of [unemployment] appeal hearing transcripts into Summary Judgment Motion" purportedly back in May, 2002, although the motion was filed in 2004. Plaintiff should not be compensated for these hours. See Exhibit E and F.

31. In its decision and order dated August 12, 2005, the Court granted Defendants' motion for summary judgment on all but Plaintiff's First Amendment claim. See Document 148.

6

32. Until this Court's decision on the parties' respective summary judgment motions, Plaintiff was paying Attorney Carey $200 per hour for the time expended on her various claims and proceedings.

33. The Plaintiff expended 981.7 hours in total up to the date of the Court's decision dismissing all but her First Amendment claim, for which Attorney Carey received payment of $196,340.

34. After the decision on summary judgment, Plaintiff began paying Attorney Carey $300 per hour for the time spent prosecuting her First Amendment claim, for which Attorney Carey has received payment of approximately $93,840.

35. Plaintiff's petition for costs also must be reduced by $5,977.48 because Plaintiff is claiming reimbursement for the cost of services unrelated to her First Amendment claim, such as: (a) **$3,011.46** in expenses for unemployment appeal hearing transcripts; (b) **$1,452.20** for the deposition transcript of Tom Crawford - - an individual who ceased working for HATG long before Plaintiff made her statements to the Greenwich Time (which formed the basis of Plaintiff's free speech claim); and (c) **$317.50** for the subpoena and **$1,196.32** for the deposition transcript of non-party witness Vlymen, whose deposition testimony was irrelevant to the prosecution of Plaintiff's First Amendment claim and who was not on any trial witness list. (See Affidavit of Ursula Milde attached as Exhibit B to Plaintiff's Motion/Petition for Fees and Costs).

36. Moreover, much of the costs claimed by Plaintiff in her petition are not taxable as costs pursuant to Local Civil Rule 54(c)(7), such as: (a) postage and express delivery costs; (b) copies of pleadings retained by counsel or served on opposing counsel; and (c) travel expenses - - (which makes up the vast majority of the $3,869.35 in claimed expenses set forth on

7

pages 57-62 of Attorney Carey's Time & Expense Records (Exhibit F Plaintiff's Motion/Petition for Fees and Costs).

37. For the reasons set forth herein and in Defendants' Memorandum of Law,[4] Plaintiff's petition for fees and costs must be reduced.

*[signature]*

Francis P. Alvarez (CT 10350)
alvarezf@jacksonlewis.com
Susanne Kantor (CT 19556)
kantors@jacksonlewis.com
JACKSON LEWIS LLP
One North Broadway
White Plains, NY 10601
Phone: (914) 514-6149
Fax:  (914) 328-1882

---

[4] A copy of the unreported decisions cited in Defendants' Memorandum are annexed hereto as Exhibit G.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| URSULA MILDE,<br><br>            Plaintiff,<br><br>v.<br><br>THE TOWN OF GREENWICH;<br>HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH;<br>THE HOUSING AUTHORITY OF THE<br>TOWN OF GREENWICH BOARD OF<br>COMMISSIONERS; and<br>BENJAMIN LITTLE, CEO,<br><br>            Defendants. | CIV NO. 3:00CV2423 (AVC) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Affirmation of Francis P. Alvarez, Esq. was filed via ECF and served via First Class U.S. Mail, postage pre-paid, this 16th day of November, 2006, on counsel for Plaintiff at the address listed below:

          Mark P. Carey, Esq.
          Carey & Associates P.C.
          71 Old Post Rd.
          Southport, CT 06490

                                              Susanne Kantor

9