UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **URSULA MILDE,** : | |
| Plaintiff, | |
| : | |
| v. | CIV.NO. 3:00CV2423(AVC) |
| : | |
| **THE HOUSING AUTHORITY OF THE** : | |
| **TOWN OF GREENWICH;** | |
| **THE HOUSING AUTHORITY OF THE** : | DECEMBER 4, 2006 |
| **TOWN OF GREENWICH BOARD OF** | |
| **COMISSIONERS; BENJAMIN LITTLE,** : | |
| **CEO.** | |
| Defendants. : | |

### PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION/PETITION FOR FEES AND COSTS

Plaintiff Ursula Milde ("Milde") hereby files this memorandum of law in response to Defendants Memorandum in Opposition to Plaintiff's Motion/Petition for fees and costs.

1. **ARGUMENT**

The Plaintiff's reply to Defendants argument can best be summed up by the following statement. The Defendants elected on day one of this case, on Ms. Milde's termination, that it would fight (defend) the case using every conceivable tactic possible in order to financially bleed the Plaintiff into submission. The tactic failed but the fees resulting from the Defendants excessively aggressive actions remain. Ironically, that the Defendants now seek a 30% overall reduction in fees, using a scattershot approach. In addition, the insolent Defendants and their counsel even make professional jabs at Plaintiff's counsel level of experience and reputation. The Defendants should remember

two important facts—they lost to Ms. Milde at trial and her counsel persuaded a jury to award $326,000.

    **1.**    **Time Spent for Work Against Former Defendant The Town of Greenwich**

The Defendants argument to exclude work related to the former Defendant The Town of Greenwich is unpersuasive. The Plaintiff did not know the relationship that existed between the Defendants and the Town of Greenwich. Immediately after September 8, 2000, the date of Plaintiff's termination, the undersigned began researching the relationship between the Defendants and the Town of Greenwich. As Plaintiff's billing records clearly indicate (Carey Affidavit at Exhibit F, p. 2), an examination of state and local records was performed. What was discovered was The Town of Greenwich Board of Selectman appointed the Board of Commissioners. Clearly a direct line existed between the parties and Plaintiff should not be faulted for including the Town of Greenwich in the initial complaint filed with this Court. Plaintiff was looking for a employer relationship for her claims as against the Town of Greenwich. She was also looking for a government actor on her freedom of speech claim. Prior to receiving any discovery from all the party defendants at the time, Plaintiff did not possess any information to believe the Town of Greenwich should be excluded. It was not until the Town of Greenwich did provide discovery and did respond to Plaintiff's request for admissions, that Plaintiff realized the Town of Greenwich should be voluntarily dismissed from the case. Plaintiff's attorneys fees related to involvement of the Town of Greenwich are reasonable and should be allowed.

    **2.**    **Time Spent for Work Involving Unemployment Appeal**

Plaintiff asserts that the time spent handling the unemployment appeal filed by the

Defendants is recoverable. Courts have held that "[a]ttorney's fees may be granted for investigative work that was used for and, in fact, gave rise to the pending 42 U.S.C. Section 1983 action" to the extent it "proved directly relevant to the successful prosecution of the later civil rights' action." Fabbricante v. The City of New York, 2006 U.S. Dist. LEXIS 62906 *35, citing Schlimgen v. City of Radid City, 83 F.Supp.2d 1061, 1071(D.S.D. 2000). The Supreme Court has held that "even if the prior [administrative] proceeding is not a 'proceeding to enforce' one of the [section] 1988 civil rights laws, the 'discrete portion of the work product from the administrative proceedings' that 'was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached …can be part of the attorney's fees awarded under [section] 1988." North Carolina Dept. of Transp v. Crest St. Community Council, Inc., 479 U.S. 6, 15 (1986)(quoting Webb v. Board of Ed. Of Dyer County, Tenn, 471 U.S. 234, 243 (1985)).

       The Defendants filed the appeal claiming Plaintiff acted with "willful insubordination." See Connecticut General Statutes Section 31-236(a)(1) and (2)(B)(which provides that an individual is ineligible for benefits if he was discharged or suspended for willful misconduct in the course of her employment). Defendants lost the appeal because Ms. Milde was able to establish her actions did not demonstrate willful insubordination. If Ms. Milde had been found willfully insubordinate, the Defendants would have capitalized on this administrative finding, forcing her to admit at every turn in the federal litigation that her actions were not proper. Such a result would have dramatically altered the outcome of this case. The willful insubordination claim is the exact claim that Defendants asserted at trial. During the unemployment hearing, Defendants appeared with counsel Attorney Alvarez, the same attorney who defended the

3

federal action. The undersigned was present and cross-examined Defendant Little on the very identical set of facts he asserted during the trial. In summary, he argued that Ms. Milde disobeyed his directives and that she was insubordinate. The entire duration of the unemployment hearing revolved around the Defendants assertion that Ms. Milde failed to follow Defendant Little's "Directives" and violated the performance improvement plan. Ms. Milde testified that she was discriminated against on account of her age, gender, and protected activity of freedom of speech. She testified that the Defendants allegations and same action defense were factually inaccurate. In addition, the testimony of Defendant Little and Ms. Milde was used in the federal court proceeding to further develop arguments for each side. Notably for Ms. Milde, she was able to introduce Defendant Little's testimony that his management style was "militaristic" in nature. Due to the length of the unemployment appeal proceeding, five days of hearings and 564 pages of transcript, and the subject matter testified to by both parties, the entire proceeding constituted the discrete portion for which fees are claimed. The Defendants must admit that 98% of testimony and evidence introduced during these five days of hearings involved allegations of Ms. Milde's alleged violations and poor performance. The remaining 2% covered administrative discussions between the parties and the referee and testimony regarding religious discrimination. On this note, Defendant Little was only asked whether he was a scientologist, which he admitted. Counsel for the Defendant prevented further testimony on this subject.

      The Defendants claimed at the unemployment appeal, in two motions for summary judgment and at trial that Ms. Milde was willfully insubordinate and they would have fired her in the absence of her age, gender, and protected activities. Finally,

Defendant Little admitted before the jury that he remembered the unemployment hearing proceedings, inclusive of his claims of insubordination, failure to follow directives and poor performance. Further, he admitted to the jury that Ms. Milde was not found to be willfully insubordinate.

Plaintiff must be allowed to recover for fees and costs related to the five days of unemployment hearings.

### 3.    "Typing" is a Method of Work, Not Administrative in Nature

Although the undersigned has read the Defendants challenge of using the word "typing" in the time sheets, the word is intentionally taken out of context.  Clearly, the time records reveal the undersigned work product and case development, specifically with his development of a discovery plan document. Such document was used to create the summary judgment brief filed with the court, among other documents used.  All such fees are reasonable and should be recovered.

### 4.    Attorney Carey Sworn Declaration as to Accuracy of Fees and Costs

This point addresses an overarching attacked on Attorney Carey's time and expense records.  Quite simply, he has sworn under penalties of perjury that they are truthful and accurate.  The Defendants take aim at the undersigned's veracity, which should first be completely rejected by this Court. Such accusations lack civility and are an embarrassment to the Court.  Specifically, the Defendants attacked a billing entry on May 13, 2004 involving Plaintiff's Motion for Summary Judgment.  The parties filed cross motions for summary judgment and Plaintiff had to file two separate briefs and exhibits for each argument for and against.  The undersigned recorded time that began on May 13, 2004 and continued beyond that date into the next day.  The time billing system

5

used records the data entry as May 13, 2004.  Again, the time entry was sworn to as accurate.  Similarly, the Defendants take aim at June 8, 2004 entry on the same basis.  On that date, the undersigned worked to complete the memorandum in opposition to Defendants motion for summary judgment. The undersigned had to complete the pleading for a deadline the following day, and worked throughout the night.  The time billing system recorded the time on June 8, 2004 and continued into June 9, 2004. The entry was accurate and the entry was sworn to by the undersigned.  The Defendants arguments are unpersuasive and should be rejected.

The Defendant also take issue with Attorney Carey's level of experience.  The undersigned has set forth appropriate arguments to address the proper fee rate and his experience.  The Defendants arguments are without merit and frankly unprofessional.  Apparently, Attorney Alvarez and Attorney Kantor will stop at nothing in order to kick around a losing case and a successful plaintiff and her attorney.

2.    **CONCLUSION**

Plaintiff respectfully requests that the Court grant the instant motion for fees and costs.

**PLAINTIFF,
URSULA MILDE**

By:/S/ Mark P. Carey
Mark P. Carey (CT17828)
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel.
(203) 255-0380 fax

Her Attorney

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was filed electronically with the court and by first class mail, fee prepaid, on this the 4th day of December, 2006 to:

Francis P. Alvarez
JACKSON LEWIS
One North Broadway
White Plains, NY 10601
Attorneys for Defendant

/S/ Mark P. Carey
Mark P. Carey